*Electronically Filed*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL ACTION NO. _____**

| | |
|---|---|
| **SABRINA ADKINS** ) <br> ) <br> **PLAINTIFF** ) <br> ) <br> V. ) <br> ) <br> **BEN FIELDS, Individually** ) <br> **And in his Official capacity as** ) <br> **a Deputy Sheriff with the** ) <br> **Letcher County Sheriff's Department** ) <br> ) <br> **UNKNOWN SUPERVISORS** ) <br> **OF BEN FIELDS** ) <br> ) <br> **AND** ) <br> ) <br> **MICKEY STINES, LETCHER COUNTY** ) <br> **SHERIFF** ) <br> ) <br> **DEFENDANTS** ) | **COMPLAINT** |

Comes the Plaintiff, Sabrina Adkins ("Plaintiff" or "Sabrina"), by and through counsel, and for her Complaint against the Defendants, states as follows:

### INTRODUCTION

This is a civil action for damages for violation of the Constitutional rights of Plaintiff by the Defendants, acting under color of state law. In addition, the Plaintiff alleges that the Defendant Ben Fields ("Defendant Fields") is liable under state law.

Plaintiff asserts that the Defendant Fields, in his individual and official capacities, violated Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the

1

United States Constitution, as well as Sections 1, 2 and 10 of the Kentucky Constitution, by subjecting Plaintiff to arbitrary action, unreasonable search and seizure, and deprivation of liberty. The Plaintiff also alleges that Defendant Fields is liable under state law for damages for false imprisonment, assault and battery, malicious prosecution, intentional infliction of emotional distress, negligence, and gross negligence. Defendant Fields' unknown supervisors and Defendant Letcher County Sheriff is alleged to be liable to Plaintiff for deliberate indifference in failing to adequately train and supervise Defendant Fields.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331, actionable by virtue of 42 U.S.C. §1983. In addition, the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

2. Venue is appropriate in this Court pursuant to 28 U.S.C §1391.

## PARTIES

3. The Plaintiff a resident of Pike County, Kentucky.

4. Defendant Fields was at all times relevant to this Complaint acting as a Letcher County Deputy Sheriff. Defendant Fields is sued in his official capacity on the declaratory relief and damages claims, and in his individual capacity as to all claims set forth herein. Upon information and belief Defendant Fields is a resident of Letcher County, Kentucky.

5. At all times relevant hereto, Defendant Fields was acting under color of state law in performing the acts or omissions complained of in this Complaint.

6. Defendant Mickey Stines is the duly elected Letcher County Sheriff, elected pursuant to the Kentucky Constitution, Section 99, and regulated by KRS Chapter 70.

## FACTUAL ALLEGATIONS

All preceding Paragraphs are incorporated herein by reference thereto, as if fully set out herein.

7. Plaintiff was arrested in Letcher County, Kentucky in April, 2021.

8. From April, 2021 though June 2, 2021, Plaintiff was incarcerated at the Letcher County Jail.

9. In early June, 2021 Plaintiff was released from the Letcher County Jail and placed on home incarceration.

10. Defendant Fields, a deputy sheriff with the Letcher County Sheriff's Department, was assigned to be Plaintiff's home incarceration officer.

11. After she was released, Plaintiff had a difficult time finding housing accommodations in Letcher County.

12. Defendant Fields was aware of Plaintiff's housing issues, as well as Plaintiff's domestic issues.

13. Defendant Fields visited Plaintiff in the evening the night she was released from the Letcher County Jail to bring her cigarettes, and to console her.

14. At this time Plaintiff notified Defendant Fields that she did not have the money to pay for her ankle bracelet, but she was terrified to return to the Letcher County Jail.

15. Defendant Fields made flirtatious comments about Plaintiff's looks and body, and told her that he was confident that they could "work something out."

16. Plaintiff understood these communications to mean that she would receive favorable treatment from Defendant Fields if she provided him with sexual favors.

17. Thereafter, Plaintiff and Defendant Fields communicated on a regular basis by text messages.

18. In late June, 2021 Defendant Fields asked Sabrina to meet her at the Letcher County Courthouse in the evening after dark.

19. Defendant Fields took Plaintiff into District Judge Mullins' chambers, telling Plaintiff that he wanted to meet her there because there were no cameras.

20. At this time Defendant Fields took off Plaintiff's ankle monitor and told her that she would not have to pay the associated fees any longer, but could remain out on home incarceration.

21. Between late June and December, 2021 Defendant Fields met Plaintiff at the Letcher County Courthouse in the evening or early morning hours approximately six (6) times.

22. During these meetings Defendant Fields' behavior escalated from flirtatious comments to forcible kissing, to oral sex, to intercourse with Plaintiff, all of which occurred at the Letcher County Courthouse after hours, in Judge Mullins' Chambers (hereinafter the "sexual abuse").

23. Plaintiff was coerced and compelled to comply with Defendant Fields' advances given Defendant Fields' position of power, and because she could not afford to pay for the ankle monitor and did not want to return to the Letcher County Jail.

24. Plaintiff did not consent to the sexual abuse.

25. These meeting would typically occur the night before Plaintiff had a court appearance, and Defendant Fields would put Plaintiff's ankle monitor back on and otherwise fix it so that she would appear compliant with her home incarceration the following day.

26. Upon information and belief, in late December, 2021 certain persons at the Letcher County Courthouse were notified that Defendant Fields was having inappropriate

communications and/or relations with Plaintiff and were provided text messages evidencing the inappropriate communications and relations.

27. Upon information and belief Defendant Fields became aware of the information contained in the preceding paragraph.

28. In late December. 2021 Defendant Fields stopped communicating with Plaintiff by text message or otherwise.

29. Upon information and belief, in early January, 2022 Defendant Fields filed a complaint against Plaintiff claiming that she was not complying with the terms of her home incarceration.

30. Upon information and belief this complaint was filed maliciously by Defendant Fields, in an effort to punish Plaintiff and in an attempt to save his own job and reputation.

31. Plaintiff was arrested on January 26, 2022, in Pike County, Kentucky.

32. Plaintiff is terrified that she will be transferred to the Letcher County Jail where upon information and belief Defendant Fields' wife is employed as an officer, and where upon information and belief Defendant Fields was previously employed.

33. Plaintiff has serious concerns for her safety and welfare if she were to be transferred to the Letcher County Jail.

34. Upon information and belief there are other women who Defendant Fields has similarly abused.

35. Upon information and belief, the Letcher County Sheriff, and unknown supervisors of Defendant Fields, failed to adequately train and supervise Defendant Fields.

36. Upon information and belief, the Letcher County Sheriff knew or should have known that Defendant Fields was sexually abusing females, including Plaintiff, in his charge.

37. Upon information and belief, the Letcher County Sheriff did not reasonably respond to reports or suspicions of sexual abuse perpetrated by Defendant Fields.

38. The Defendants' conduct described above has caused severe injury to Plaintiff, for which she is entitled to recover actual damages in an amount to be determined at trial.

## COUNT I

### (Defendant Fields Violated Plaintiffs' Rights Secured By United States Constitution, Amendments IV)

All preceding Paragraphs are incorporated herein by reference thereto, as if fully set out herein.

39. Defendant Fields knowingly and recklessly engaged in the above-described sexual abuse of Plaintiff, and such physical contact was objectively unreasonable.

40. Defendant Fields' sexual abuse of Plaintiff was not rationally related to any legitimate governmental purpose, and was otherwise excessive.

41. Plaintiff did not consent to the physical contact with Defendant Fields.

42. Plaintiff was coerced by Defendant Fields, and to the extent she complied with Defendant Fields' physical contact did so only because she was intimidated by Defendant Fields who provided Plaintiff with privileges in exchange for sexual favors.

43. The above-described actions of Defendant Fields constitute a violation of Plaintiff's right to be free from unreasonable search and seizure, secured by United States Constitution Amendments IV, which is actionable pursuant to 42 U.S.C. § 1983.

44. Plaintiff is entitled to recover compensatory damages against the Defendant Fields in an amount sufficient to fully compensate her for the damages she suffered as a result of this Constitutional violation.

45. Defendant Fields willfully, wantonly, recklessly, and maliciously engaged in the

6

unconstitutional conduct described above.

46. Plaintiff is entitled to recover punitive damages against Defendant Fields in an amount sufficient to punish said Defendant Fields, as well as deter him and others similarly situated from committing such violations in the future.

## COUNT II

### (Defendant Fields Violated Plaintiffs' Rights Secured By United States Constitution, Amendments XIV)

All preceding Paragraphs are incorporated herein by reference thereto, as if fully set out herein.

47. Plaintiff had a fundamental right to personal security and bodily integrity extending specifically to the right to be free from sexual abuse.

48. Defendant Fields sexually abused Plaintiff in violation of this fundamental right.

49. Defendant Fields' conduct was so oppressive that it shocks the conscious.

50. Defendant Fields' conduct was intended to injure Plaintiff in a way unjustifiable by any government interest.

51. The above-described actions of Defendant Fields constitute a violation of Plaintiff's substantive due process rights, secured by United States Constitution Amendments IV, which is actionable pursuant to 42 U.S.C. § 1983.

52. Plaintiff is entitled to recover compensatory damages against the Defendant Fields in an amount sufficient to fully compensate her for the damages she suffered as a result of this Constitutional violation.

53. The Defendant Fields willfully, wantonly, recklessly, and maliciously engaged in the unconstitutional conduct described above.

54. Plaintiff is entitled to recover punitive damages against Defendant Fields in an

amount sufficient to punish said Defendant Fields, as well as deter him and others similarly situated from committing such violations in the future.

## COUNT III

### (Deliberate Indifference/ Failure to Supervise and Train Actionable Pursuant To 42 U.S.C. § 1983 against Letcher County Sheriff and Unknown Supervisors of Defendant Fields)

All preceding Paragraphs are incorporated herein by reference thereto, as if fully set out herein.

55. Defendant Fields was inadequately trained in the areas of proper supervision and interaction with female criminal defendants on home incarceration.

56. The Defendants Letcher County Sheriff and unknown supervisors of Defendant Fields (together the "Letcher County Sheriff's Department") knew or should have known that Defendant Fields was abusing his power and taking advantage of females on home incarceration under his control and supervision.

57. The inadequate training of home incarceration officers employed by the Letcher County Sheriff's Department is likely to result in the ongoing violation of constitutional rights.

58. The Letcher County Sheriff's Department policymakers have been deliberately indifferent to this need for adequate training.

59. The Letcher County Sheriff's Department's Failure to adequately train, supervise, or discipline their employees proximately caused the violation of Plaintiff's constitutional rights.

60. The Letcher County Sheriff's Department substantially caused a constitutional tort to Plaintiff through its customs, policy statements, ordinances, regulations, and decisions

officially adopted and promulgated by that body's officers.

61. The acts and omissions of the Letcher County Sheriff's Department, in failing to adequately train and supervise Defendant Fields, as set forth in this Complaint, amount to deliberate indifference to the Constitutional rights of Plaintiff and a complete disregard for the known and obvious consequences of such indifference; all of which resulted in the Constitutional violations and tortious conduct described in this Complaint, and are therefore actionable pursuant to 42 U.S.C. § 1983.

62. Plaintiff is entitled to recover compensatory damages against Defendant Letcher County Sheriff's Department in an amount sufficient to fully compensate Plaintiff for the damages she suffered as a result of the conduct set forth herein.

63. Defendant Letcher County Sheriff's Department acted willfully, wantonly, recklessly, and maliciously engaged in the conduct set forth herein.

64. Plaintiff is entitled to recover punitive damages against Defendant Letcher County Sheriff's Department in an amount sufficient to punish said Defendant for the conduct set forth herein, as well as deter said Defendant and others similarly situated from engaging in such conduct in the future.

## COUNT IV

**(Negligence, Gross Negligence, Assault and Battery against Defendant Fields)**

All preceding Paragraphs are incorporated herein by reference thereto, as if fully set out herein.

65. The above-described actions of Defendant Fields were negligent, grossly negligent, and constitute assault and battery.

66. Defendant Fields had a duty to reasonably supervise Plaintiff while she was on

9

home incarceration.

67. Defendant Fields violated the duty he had to the Plaintiff.

68. Defendant Fields's violation of the duty of care he owed to Plaintiff proximately caused the Plaintiff damages.

69. Plaintiff is entitled to recover compensatory damages against Defendant Fields in an amount sufficient to fully compensate her for the damages she suffered as a result of the tortious conduct of Defendant Fields.

70. Defendant Fields willfully, wantonly, recklessly, and maliciously engaged in the tortious conduct.

71. Plaintiff is entitled to recover punitive damages against the Defendant Fields in an amount sufficient to punish him for the tortious conduct, as well as deter him and others similarly situated from engaging in such conduct in the future.

## COUNT V

### (Grossly Negligent Infliction Of Emotional Distress)

All preceding Paragraphs are incorporated herein by reference thereto, as if fully set out herein.

72. As a direct and proximate result of the above-described grossly negligent conduct of Defendant Fields, Plaintiff suffered and continues to suffer severe emotional distress.

73. Plaintiff is entitled to recover compensatory damages from Defendant Fields in an amount sufficient to fully compensate her for the damages she suffered as a result of the tortious conduct.

74. Because the conduct of the Defendant Fields was grossly negligent, Plaintiff is entitled to recover punitive damages against Defendant Fields in an amount

sufficient to punish him for the tortious conduct, as well as deter him and others similarly situated from engaging in such conduct in the future.

## COUNT VI

### (Intentional Infliction Of Emotional Distress)

All preceding Paragraphs are incorporated herein by reference thereto, as if fully set.

75. The above-described actions of Defendant Fields were intentional and are outrageous and offend generally accepted community standards of decency and morality.

76. As a direct and proximate result of the above-described actions of Defendant Fields, Plaintiff suffered and continues to suffer severe emotional distress.

77. Plaintiff is entitled to recover compensatory damages against Defendant Fields in an amount sufficient to fully compensate her for the damages she suffered as a result of the tortious and wrongful conduct.

78. Defendant Fields willfully, wantonly, recklessly and maliciously engaged in the tortious conduct above described.

79. Plaintiff is entitled to recover punitive damages against Defendant Fields in an amount sufficient to punish him for his malicious and intentional tortious conduct, as well as deter Defendant Fields and others similarly situated from engaging in such conduct in the future.

**WHEREFORE**, the Plaintiff respectfully demands the following relief:

A. An award of compensatory damages against the Defendants in an amount sufficient to compensate Plaintiff for damages she suffered as a result of the Federal Constitutional violations described herein;

B. An award of compensatory damages against Defendants, in an amount

sufficient to compensate Plaintiff for damages she suffered as a result of the above-described bases for liability arising under state law;

      C.      An award of punitive damages against Defendants, in an amount sufficient to punish the Defendants and deter them, as well as others similarly situated, from engaging in unlawful and unconstitutional conduct in the future;

      D.      An award of Plaintiff's costs incurred in prosecuting this action, including reasonable attorneys' fees and any expert fees pursuant to 42 U.S.C. § 1988;

      E.      An award of any and all other relief to which Plaintiff may appear entitled, and

      F.      The Plaintiff respectfully demands a trial by jury on all Counts so triable.

Respectfully submitted,

/s/  Bethany N. Baxter
JOE F. CHILDERS
BETHANY N. BAXTER

CHILDERS & BAXTER, PLLC
The Lexington Building
201 West Short Street
Suite 300
Lexington, Kentucky 40507
Telephone: (859) 253-9824
Facsimile: (859) 259-1909
joe@jchilderslaw.com
bethany@jchilderslaw.com

NED PILLERSDORF
PILLERSDORF LAW OFFICES
124 West Court Street
Prestonsburg, Kentucky 41653
Telephone: (606) 886-6090

COUNSEL FOR SABRINA ADKINS