UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE
CIVIL ACTION NO. 7:22-CV-00007-REW-EBA

SABRINA ADKINS                                                                             PLAINTIFF

-vs-        **ANSWER OF BEN FIELDS IN HIS OFFICIAL CAPACITY
AS DEPUTY SHERIFF WITH THE LETCHER COUNTY
SHERIFF'S DEPARTMENT AND MICKEY STINES,
LETCHER COUNTY SHERIFF**

BEN FIELDS, Individually
And in his Official capacity
as a Deputy Sheriff with the
Letcher County Sheriff's Department,
UNKNOWN SUPERVISORS OF
BEN FIELDS and MICKEY STINES,
LETCHER COUNTY SHERIFF                                     DEFENDANTS

_____

      Come now the Defendants <u>Ben Fields in his official capacity as Deputy Sheriff with the Letcher County Sheriff's Department and Mickey Stines, Letcher County Sheriff</u> and for their answer to the complaint states as follows:

      1.     The complaint should be dismissed on the grounds that it fails to state a claim against the Defendants, and each of them, for which the Court can properly grant relief.

      2.     That the Complaint should be barred based upon the applicable statute of limitations.

      3.     The answering Defendants deny the allegations contained in Numerical Paragraphs 4, 5, 10, 23, 24, 35, 36, 37, 38, 41, 42, 43, 44, 45, 46, 51, 52, 56, 57, 58, 59, 60, 61, 62, 63, 64, 68, 69, 70, 71, 72, 73, 74, 76, 77, 78 and 79 of the complaint.

      4.     The answering Defendants state that the allegations contained in numerical paragraph 47 are statements of law to which no affirmative response is required. To the extent

that a response is required, the answering Defendant states that the citations of law contained therein, to the extent accurate, speak for themselves.

5. These answering Defendants admit the allegations contained in Numerical Paragraphs 6, 7, 8, 9, 29 and 31 of the complaint.

6. These answering Defendants admit so much of Numerical Paragraph 4 of the complaint as states that Swafford has pled guilty to a crime. The answering Defendant denies the reaming allegations contained in Numerical Paragraph 4 of the complaint.

7. The answering Defendants lack sufficient knowledge at this time to form a belief as to the truthfulness of the allegations contained at numerical paragraphs 1, 2, 3, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 25, 26, 27, 28, 30, 32, 33, 34, 39, 53, 54, 55, 65, 66, 67 and 75 of the complaint and therefore deny said allegations.

8. The answering Defendants admit that part of numerical paragraph 40 which states that sexual abuse would not be rationally related to any legitimate government purpose and denies the remainder of the allegation contained therein.

9. The answering Defendants state that the Letcher County Sheriff's Office does not provide home incarceration services.

10. The answering Defendants deny each and every statement, allegation and demand contained in the complaint not heretofore expressly admitted.

11. The answering Defendant states that the claims of the Plaintiff inasmuch as they attempt to assert liability on the basis of respondeat superior or vicarious liability are barred as a matter of both federal and state law.

12. The answering Defendant states that the state law claims of the Plaintiff against the answering Defendants are barred by operation of the doctrine of qualified immunity, official

immunity, governmental immunity, prosecutorial immunity and sovereign immunity upon which the Defendants rely as a complete and affirmative defense to this action.

13. The answering Defendants state that the claims of the Plaintiff against the Defendant Mickey Stines are barred by the doctrine of absolute immunity, official immunity, and good faith immunity and all other immunities and privileges available to him as an elected official, sheriff, and police officer.

14. The answering Defendants state that the Defendant, Mickey Stines, at all times acted in good faith and exercised reasonable care and skill in effectuating his duties as required by law.

15. The answering Defendants assert and relies upon each and every common law defense available to them.

16. The answering Defendants assert each and every privilege, defense and immunity available to them under the laws of the United States of America and the Commonwealth of Kentucky.

17. The answering Defendants assert that the claims of the Plaintiff are barred either in whole or in part by reason of the contributory actions of the Plaintiff.

18. That the Plaintiff is barred from recovery herein, either in whole or in part, by reason of the failure of the Plaintiff to mitigate damages.

19. That the Plaintiff is barred from recovery herein, either in whole or in part, by operation of the doctrine of provocation and / or assumption of risk.

20. The Defendants assert that liability and damages for state law claims asserted in this action must be allocated by percentages of fault as required by KRS 411.118 and these

Defendants demand an allocation of fault between all parties, including settling non-parties, and others as required by applicable Kentucky statutes and common law.

21. The Plaintiff has failed to join necessary and indispensable parties to this action and by reason thereof this case should be dismissed, or the Plaintiff otherwise required to join the party or parties.

22. The answering Defendants state that the injuries and damages complained of are the result, either in whole or in part, of an intervening and superseding cause over which these Defendants had no control and for which they bear no responsibility as a matter of law.

23. The Defendants state that the facts and circumstances of this case do not arise to the level of warranting a punitive damage instruction against any or all of the answering Defendant.

24. The answering Defendants state that the Plaintiffs' claim for punitive damages is barred by operation of the constitutions of the Commonwealth of Kentucky and the United States of America as amended. The Plaintiffs' claim for punitive damages is not supported by the facts and circumstances surrounding the incident complained of by the Plaintiff and should therefore be dismissed.

25. The answering Defendants adopt defenses raised by co-Defendants in their respective answers.

26. The answering Defendants reserve the right to amend their answer so as to assert additional defenses which maybe come available as this case proceeds through the discovery process.

WHEREFORE, having fully answered, the answering Defendants demand that the complaint be dismissed and that the Plaintiff take nothing thereby, for their costs herein expended, for trial by jury, and for any and all other relief to which the Defendants appear entitled.

           PORTER, BANKS, BALDWIN & SHAW, PLLC
           327 Main Street, P.O. Drawer 1767
           Paintsville, Kentucky  41240-1767
           Telephone:   (606) 789-3747
           Facsimile:    (606) 789-9862

By:   */s/ Jonathan C. Shaw*
      Jonathan C. Shaw
      jshaw@psbb-law.com
      Counsel for Defendant

CERTIFICATE OF SERVICE:

I hereby certify that on March 16, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I further certify that I mailed a true and correct copy of the foregoing to:

Ned Pillersdorf, Esq.
Pillersdorf, DeRossett & Lane
124 West Court Street
Prestonsburg, Kentucky 41653

Bethany Baxter
Childers & Baxter, PLLC
201 West Short Street Suite 300
Lexington, Kentucky 40507

Jason E. Williams, Esq.
Williams and Towe Law Group
303 S. Main Street
London, KY 40743

By:   */s/ Jonathan C. Shaw*
      Jonathan C. Shaw