**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**
**CASE NO: 7:22-CV-00007-REW**

*THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED*

**SABRINA ADKINS, and**
**JENNIFER HILL**                                                                **PLAINTIFFS**

**V.**

**BEN FIELDS, Individually**
**AND in his official capacity as**
**A Deputy Sheriff with the**
**Letcher County Sheriff's Department**
**UNKNOWN SUPERVISORS**
**OF BEN FIELDS**
**AND**
**MICKEY STINES, LETCHER COUNTY**
**SHERIFF**                                                                       **DEFENDANTS**

---

### DEFENDANT BEN FIELDS' MOTION FOR STAY OF PROCEEDINGS
_____

Comes the Defendant, Ben Fields, individually, and by and through counsel, and moves the Court for an Order staying the proceedings in this case until any criminal proceedings that may be filed against the Defendant are concluded. As grounds therefore, Defendant states as follows:

### I.     INTRODUCTION / BACKGROUND

On January 31, 2022, Plaintiff Sabrina Adkins filed this civil complaint against Defendant Ben Fields, individually, and in his official capacity as a deputy sheriff with the Letcher County Sheriff's Department, unknown superiors of Ben Fields, and Mickey Stines Letcher County Sheriff. (D.E. #1)

After being assigned the defense of Defendant Fields, individually, Defendant sought and received an extension of time to answer from Plaintiff's counsel, and this Court issued an ordering granting an extension through April 6, 2022, to respond to the original complaint. (D.E. #21) On the same day that

1

Defendant Fields sought the extension, the Plaintiff filed the First Amended Complaint which added a party Plaintiff, Jennifer Hill. (D.E. #17) Summons was issued to Mr. Fields on the First Amended Complaint on March 29, 2022, and the Clerk has noted on the docket that his Answer is due on April 18, 2022.

The Complaint and the First Amended Complaint adding Jennifer Hill as a party Plaintiff make various allegations against Defendant Fields relating to his former employment as a deputy sheriff with the Letcher County Sheriff's Department, and as a "home incarceration officer". (id.) In summary, Plaintiff alleges Defendant Fields used his position as a home incarceration officer to gain sexual favors from the Plaintiffs in exchange for favorable treatment. (id. at pg. 3-11) The First Amended Complaint contains six (6) counts alleging various torts ranging from violations of the Plaintiff's constitutional rights to negligence, gross negligence, assault and battery, and infliction of emotional distress. (id. at pg. 15-21)

Undersigned counsel can represent that he has a good faith belief that there is an open criminal investigation involving the allegations contained within the Complaint and the First Amended Complaint. While no charges against Mr. Fields have yet been filed it is reasonable to believe that the matter remains under investigation, and accordingly a stay is appropriate.

## II.     ARGUMENT

A court has the broad discretion to stay a civil proceeding when there is a pending or impending parallel criminal action. *FTC v. M.A. Nationwide, Inc.* 767 F.3d 611, 627 (6th Cir. 2014) (citing *Chao v Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (citing *Landis v North Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).

> The Fifth Amendment provides that "[n]o person shall be …compelled in any criminal case to be a witness against himself." U.S. Const. amend V. The law is clear that the Fifth Amendment privilege can be asserted in any proceeding, civil or criminal, in which the witness reasonably believes that the information sought, or discoverable as a result of his testimony, could be used in a

subsequent state or federal criminal proceeding. See <u>Kastigar v U.S</u>., 406 U.S 441, 444-45 (1972).

<u>Davis v. City of Detroit</u>, No. CV 15-10547, 2016 WL 6137251, at *2 (E.D. Mich. Sept. 29, 2016), report and recommendation adopted, No. 15-10547, 2016 WL 6092767 (E.D. Mich. Oct. 19, 2016).  It is well established in the Sixth Circuit that "fifth amendment self-incrimination rights continue in force until sentencing." <u>Bank One of Cleveland, N.A. v. Abbe</u>, 916 F.2d 1067, 1076 (6th Cir. 1990). "Where the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony."  <u>Mitchell v. United States</u>, 526 U.S. 314, 326 (1999).

The failure to stay a civil proceeding when there is a pending parallel criminal action targeting one of the parties to a civil action could undermine the party's Fifth Amendment privilege against self-incrimination. In re <u>Par Pharm., Inc. Sec. Litig.</u>, 133 F.R.D. 12, 13 (S.D.N.Y. 1990); see also <u>E.M.A. Nationwide</u>, 767 3d at 627 (identifying "the extent to which the defendant's [F]ifth [A]mendment rights are implicated" as a factor to consider when deciding whether to grant a stay). Several factors are relevant to a court's decision whether to enter a stay, including:

> "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the [criminal] case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to [the] plaintiffs caused by the delay; 4) the private interests of the burden on the defendants; 5) the interests of the courts; and 6) the public interest."

<u>E.M.A. Nationwide</u>, 767 F. 3d at 627 (quoting <u>Fleming</u>, 498 F. Supp. 2d at 1037) (additional quotation marks and citation omitted in <u>E.M.A. Nationwide</u>).

With regards to the first factor, the issues in the potential criminal case are believed to overlap significantly with those presented in this civil case.  In both the potential criminal case and this civil action, the allegations of misconduct are similar.

3

As to the second factor, although Mr. Fields has not yet been indicted, upon knowledge and belief there is an open investigation that could result in charges. This Court has previously approved stays in civil cases, both where charges are pending, and where charges have not yet been filed. *(See Kayla Dobbs v Michael Wallace and Gary Baldock*, 6:20-cv-250 (DE #20) (Stay granted where charges were pending), also see, Timothy Curnutt v Whitley County et al, 6:21-cv-110 (D.E. # 62) (Stay granted where charges are not yet filed).

As to the remaining factors, an initial ninety (90) day delay in the proceedings is unlikely to prejudice the Plaintiffs given the early stages of this litigation. The public interest and that of the Courts, is best served where the Constitutional rights of all parties are protected.

### III.    CONCLUSION

For the forgoing reasons Defendant Fields respectfully requests a stay of these civil proceedings for a period of ninety (90) days, in order for it to be determined whether criminal proceedings against Fields will be filed and to reduce the possibility that an incriminating statement might be made, in the interim.

Further the Defendant prays that his Answer to the Complaint and the First Amended Complaint shall not be due until ten (10) days following the lifting of any stay granted.

Alternatively, Defendant prays that should the Court overrule this Motion for Stay that he be given ten (10) days after entry of the Order denying, to file responsive pleadings to the Complaint, and the First Amended Complaint.

Respectfully submitted,

Jason E. Williams, Esq.
Williams and Towe Law Group
303 S. Main Street
London, KY 40743
Telephone (606) 877-5291
jason@wftlaw.com
brandy@wftlaw.com

By: /s/Jason E. Williams
JASON E. WILLIAMS, Esq.
*Counsel for Defendant, Ben Fields, individually.*

**CERTIFICATE OF SERVICE:**

I hereby certify that on April 6, 2022, that a true and correct copy of the foregoing was served by mailing same, first-class postage prepaid, to:

**COPIES TO:**

Bethany Baxter
Childers & Baxter, PLLC
201 West Short Street Suite 300
Lexington, Kentucky 40507
bethany@jchilderslaw.com

Ned Pillersdorf
124 West. Court Street
Prestonsburg, Kentucky 41653

Jonathan C. Shaw, Esq.
Porter, Banks, Baldwin, Shaw, PLLC
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240
*Counsel for Defendant Austin Philpot*
jshaw@psbb-law.com

/s/ Jason E. Williams_____
Jason E. Williams, Esq.
*Counsel for Defendant*