*Electronically Filed*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL ACTION NO. 7:22-cv-00007-REW-EBA

| | |
|---|---|
| SABRINA ADKINS ) | |
| ) | |
| AND ) | |
| ) | |
| JENNIFER HILL ) | |
| ) | |
|     PLAINTIFFS ) | |
| ) | |
| V. ) | |
| ) | |
| BEN FIELDS, Individually ) | |
| And in his Official capacity as ) | **PLAINTIFFS' RESPONSE** |
| a Deputy Sheriff with the ) | **TO MOTION TO STAY** |
| Letcher County Sheriff's Department ) | |
| ) | |
| UNKNOWN SUPERVISORS ) | |
| OF BEN FIELDS ) | |
| ) | |
| AND ) | |
| ) | |
| MICKEY STINES, LETCHER COUNTY ) | |
| SHERIFF ) | |
| ) | |
|     DEFENDANTS ) | |

Come the Plaintiffs, Sabrina Adkins and Jennifer Hill, by counsel, and for their response to the motion of Ben Fields to stay these proceedings, state as follows:

The motion should be denied, or alternatively should be limited in scope. First of all, the Defendant has not been indicted, as Defendant admits in his motion. (Motion, D.E. 27, p. 2).

1

The Sixth Circuit has created a high bar for a defendant seeking a stay in a civil action due to pending or impending criminal proceedings, noting that, "[a] stay of civil proceedings due to a pending criminal investigation is an extraordinary remedy," *Fed. Trade Comm'n v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (internal citations omitted). In this same case the Sixth Circuit stated:

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations. . . .Therefore, courts generally do not stay proceedings in the absence of an indictment.

*Id.*, at 628 (citing *Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mechanical,* 886 F.Supp. 1134, 1139 (S.D.N.Y.1995)). The burden is on the Defendant to show that there "is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.*, at 627-628. Defendant Fields has not met the high burden necessary for a stay of the civil proceedings.

As the Defendant notes, the Courts look at six factors in weighing whether to grant a motion to stay civil proceedings based on parallel criminal proceedings: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest. *E.M.A. Nationwide, Inc.*, at 627. Here, the first two factors weigh against the Defendant because there is no pending criminal case. The third factor weighs in favor of the Plaintiffs' interest in

2

proceeding expeditiously. The final three factors weigh neither in favor of the Plaintiffs nor the Defendant. Clearly, the Defendant has not met his burden.

If the Court is inclined to grant the Defendant's motion, Plaintiffs suggest the order should be limited to staying discovery solely from Defendant Fields. Plaintiffs should be free to seek discovery from the other Defendant, Mickey Stines, Letcher County Sheriff, and other non-parties. The Fifth Amendment right belongs to Fields alone. While he has the right to exercise it if and when he is indicted, in any event he cannot prevent Plaintiffs from seeking discovery from others.

Plaintiffs respectfully request that the Court deny Defendant Fields' motion, or alternatively limit the stay as set forth immediately above.

              Respectfully submitted,

              /s/  Joe F. Childers
              JOE F. CHILDERS
              BETHANY N. BAXTER
              CHILDERS & BAXTER, PLLC
              The Lexington Building
              201 West Short Street
              Suite 300
              Lexington, Kentucky 40507
              Telephone: (859) 253-9824
              Facsimile: (859) 259-1909
              joe@jchilderslaw.com
              bethany@jchilderslaw.com

              NED PILLERSDORF
              PILLERSDORF LAW OFFICES
              124 West Court Street
              Prestonsburg, Kentucky 41653
              Telephone: (606) 886-6090

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2022, a copy of the foregoing was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order upon all parties in the electronic filing system in this case.

/s/ Joe F. Childers
COUNSEL FOR PLAINTIFFS