UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:22-CV-00007-REW-EBA

SABRINA ADKINS, *et al.*,                                                                                    PLAINTIFFS,

V.                                                              **ORDER**

BEN FIELDS,
*individually*, *et al.*,                                                                                    DEFENDANTS.

*** *** *** ***

This matter is before the Court on a motion by Ben Fields, in his individual capacity, to stay litigation pending the resolution of prospective criminal proceedings which relate to the facts underlying the Complaint and Amended Complaint. [R. 27]. Plaintiffs responded in opposition. [R. 30]. The remaining Defendants responded in support of Fields' motion. [R. 31].

The district court has broad discretion to stay proceedings. *FTC v. E.M.A. Nationwide, Inc.*, 676 F.3d 611, 626–27. When a stay is requested due to parallel criminal proceedings, "[c]ourts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Sparkman v. Thompson*, No. 08-01-KKC, 2009 U.S. Dist. LEXIS 57540, at *4 (E.D. Ky. July 6, 2009) (citing *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995)).

A court-issued stay "due to a pending criminal investigation is an extraordinary remedy."

*Id.* at 627 (quoting *United States v. Ogbazion*, No. 3:12-cv-95, 2012 U.S. Dist. LEXIS 136016, 2012 WL 4364306, at *1 (S.D. Ohio Sept. 24, 2012)). While there is no requirement—under the Constitution or controlling precedent in this Circuit—that a civil action must be stayed "in the face of pending or impending criminal indictment," courts will consider several factors when deciding whether a stay of proceedings is appropriate. *Id.* (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). These factors include:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* (citing *Chao*, 498 F. Supp. 2d at 1037). Importantly, the burden to demonstrate that a stay is warranted under these factors falls on the party seeking the stay. *Id.*

Here, there are no pending criminal proceedings against Fields. In his motion to stay, Fields references a possibility that charges could be filed, and that such charges would relate to the facts underlying the instant civil action. [R. 27]. These circumstances address the first and second factors above and, as to the remaining factors, Fields generally states that a ninety-day stay of proceedings is "unlikely to prejudice the Plaintiffs given the early stages of this litigation." [R. 27 at pg. 4].

Although Fields' has stated his interest in preserving his Fifth Amendment privilege against self-incrimination, the Court finds that he has not met his burden to prove that he is entitled to stay of proceedings. However, Fields may invoke his Fifth Amendment privilege, so long as he does so in response to specific questions, under oath, and without making a blanket assertion of privilege. *See Sparkman*, 2009 U.S. Dist. LEXIS 57540 at *7–*8. Having fully considered the matter, and the Court being otherwise sufficiently advised,

    **IT IS ORDERED** that Ben Fields' motion to stay proceedings [R. 27] is **DENIED**.

Page **2** of **3**

Signed April 14, 2022.

