UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CASE NO: 7:22-CV-00007-REW

*THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED*

**SABRINA ADKINS**

**And**

**JENNIFER HILL**　　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS**

**V.**

**BEN FIELDS, Individually**
**DEFENDANTS**

---

### ANSWER TO THE FIRST AMENDED COMPLAINT
(Ben Fields, Individually)

---

Comes the Defendant, Ben Fields, individually capacity, and by and through counsel, and for his Answer to the First Amended Complaint filed by Sabrina Adkins, and Jennifer Hill and hereby states as follows:

### I.　　First Defense

The First Amended Complaint fails to state a claim upon which relief can be granted and therefore should be dismissed.

### II.　　Second Defense

The First Amended Complaint fails to state a claim for violation of the plaintiffs' rights secured by the United States Constitution under the Fourth Amendment and/or under 42 U.S.C § 1983 and therefore should be dismissed.

1

### III. Third Defense

The First Amended Complaint fails to state a claim for violation to Plaintiffs' rights secured by the United States Constitution under the 14th Amendment and/or under 42 U.S.C. § 1983, and therefore should be dismissed.

### IV. Fourth Defense

The First Amended Complaint fails to state a claim for in difference, failure to supervise, and/or train pursuant to 42 U.S.C. § 1983, and therefore should be dismissed.

### V. Fifth Defense

The First Amended Complaint fails to state a claim for negligence, gross negligence, assault, and/or assault and battery against Defendant Fields and should therefore be dismissed.

Pursuant to *Banks v Fritsch*, Ky. App. 39 SW 3d 474, (2001) at 481, in assault and battery or negligence cases separate tort of outrage will not lie.

### VI. Sixth Defense

The Frist Amended Complaint fails to claim of gross negligence infliction of emotional distress and/or intentional infliction of emotion distress and should therefore be dismissed.

Pursuant to *Banks v Fritsch*, Ky. App. 39 SW 3d 474, (2001) at 481, in assault and battery or negligence cases a separate tort of outrage will not lie.

### VII. Seventh Defense

A Plaintiff is barred from alleging both negligence and intentional conduct as the two remedies are mutually exclusive. *See*, Ten Broeck Dupont, Inc. v Brooks, 283 SW 3d, 705, 733 (Ky. 2009).

### VIII. <u>Eighth Defense</u>

Plaintiffs' Count V and VI for grossly negligent infliction of emotional distress and intentional infliction of emotional distress, must be dismissed.

### IX. <u>Ninth Defense</u>

The Defendant asserts as an affirmative defense the doctrine of self-defense, defense of others, legal authority, legal justification, and privilege.

### X. <u>Tenth Defense</u>

Plaintiff's damages if any there are, were caused by the Plaintiffs' own negligence and/or intentional acts, thereby baring any recovery against this Defendant. In the alternative, Plaintiffs' injuries, if any there were, are the result of the actions ofsome third person or persons other than the Defendant therefore baring any recovery against this Defendant.

### XI. <u>Eleventh Defense</u>

1. The answering Defendant denies each and every statement, allegation and demand contained in the complaint not expressly admitted, or addressed.

2. The answering Defendant states that the claims of the Plaintiff inasmuch as they attempt to assert liability on the basis of respondeat superior or vicarious liability are barred as a matter of both federal and state law.

3. The answering Defendant states that the claims of the Plaintiff against the answering Defendant is barred by operation of the doctrine of qualified immunity, official immunity, governmental immunity, prosecutorial immunity and sovereign immunity upon which the Defendants rely as a complete and affirmative defense to this action.

4. The answering Defendants asserts and relies upon each and every common law defense available to him.

5. The answering Defendant asserts each and every privilege, defense and immunity available to them under the laws of the United States of America and the Commonwealth of Kentucky.

6. The answering Defendant asserts that the claims of the Plaintiff are barred either in whole or in part by reason of the contributory actions of the Plaintiff.

7. That the Plaintiffs are barred from recovery herein, either in whole or in part, by reason of the failure of the Plaintiffs to mitigate damages.

8. That the Plaintiffs are barred from recovery herein, either in whole or in part, by operation of the doctrine of provocation and / or assumption of risk.

9. The Defendant asserts that liability and damages for state law claims asserted in this action must be allocated by percentages of fault, if proven, as required by KRS 411.118 and these Defendants demand an allocation of fault between all parties, including settling non-parties, and others as required by applicable Kentucky statutes and common law.

10. The Plaintiff has failed to join necessary and indispensable parties to this action and by reason thereof this case should be dismissed, or the Plaintiff otherwise required to join the party or parties.

11. The answering Defendant states that the injuries and damages complained of are the result, either in whole or in part, of an intervening and superseding cause over which is Defendant had no control and for which they bear no responsibility as a matter of law.

12. The Defendant states that the facts and circumstances of this case do not arise to the level of warranting a punitive damage instruction against any or all of the answering Defendant.

13. The answering Defendant states that the Plaintiffs' claims for punitive damages are barred by operation of the constitutions of the Commonwealth of Kentucky and the United States of America as amended.  The Plaintiffs' claim for punitive damages are not supported by the facts and circumstances surrounding the incident complained of by the Plaintiff and should therefore be dismissed.

14. The answering Defendant may adopt defenses raised by co-Defendants in their respective answers.

15. The answering Defendant reserves the right to amend their answer so as to assert additional defenses which maybe come available as this case proceeds through the discovery process, including the right to assert the Fifth Amendment.

16. Plaintiff's claims may be barred by the doctrine of consent, or the applicable statute of limitations.

17. This Defendant denies the Court has jurisdiction or venue over this action as Plaintiff has failed to state a claim pursuant to any federal law but more specifically any violation of 42 U.S.C. § 1983.

18. With regard to the allegations contained in paragraphs 1, and 2 of that section of the First Amended Complaint marked "Parties" this Defendant is without knowledge or belief as to the truth or falsity to the allegations contained therein, and therefore, denies same.

19. With Regard to the allegations contained in paragraphs 3, and 4 of that section of the First Amended Complaint Entitled "Parties" this Defendant denies that part of the paragraph that states he was a Letcher County Deputy Sheriff in connection with his home incarceration office duties, with regard to the remainder of the allegations in paragraph 3, and 4 this Defendant is without knowledge or belief as to the truth or falsity to the allegations contained therein, and therefore, denies same.

20. With regard to the allegations contained in paragraphs 5 of that section of the First Amended Complaint titled "Parties" this Defendant admits the allegation contained therein.

21. With regard to the allegations contained in those paragraphs as asserted in of the First Amended Complaint beginning under the heading "Factual Allegations relating to Sabrina", this Defendant is without knowledge or

belief as to the truth or falsity to the allegations contained in paragraphs 2, 5, 8, 14, 15, 19, 20, 21, 23, 25, 26, 27, therein, and therefore, denies same.

22. With regard to the allegations contained that portion of the First Amended Complaint entitled "Factual Allegations relating to Sabrina", this Defendant denies allegations contained in paragraphs 1, 3, 7, 9, 10, 12, 13, 17, 22, 24, 28. This Defendant denies all allegations of liability and damages contained within the Complaint.

23. With regard to the allegations contained in that section of the First Amended Complaint beginning with the heading "Factual Allegations relating to Sabrina", this Defendant admits the allegations contained in paragraph 6.

24. With regard to the allegations contained in that section of the First Amended Complaint beginning with the heading "Factual Allegations relating to Sabrina", in paragraph 4, this Defendant admits so much of the paragraph that states that he was a Deputy Sheriff with the Letcher County Sheriff's Department, and he was assigned to be Sabrina's in home incarceration officer. However, states his assignment was not through the Letcher County Sheriff's Department.

25. With regard to the allegations contained in that section of the First Amended Complaint beginning with the heading "Factual Allegation relating to Sabrina", contained in paragraph 11 and 16, this Defendant asserts his Fifth Amendment right to refrain from answering.

26. With regard to the allegations contained in that section of the First Amended Complaint beginning with the heading "Factual Allegation relating to Sabrina", contained in paragraph 18, this Defendant denies so much of the paragraph that asserts sexual abuse occurred. As to the remainder of paragraph 18, this Defendant asserts his Fifth Amendment right to refrain from answering.

27. With regard to the allegations contained in that section of the First Amended Complaint beginning with the heading "Factual Allegations relating to Sabrina", contained in paragraph 11, this Defendant asserts his fifth amendment right to refrain from answering.

28. With regard to the allegations contained in those paragraphs as asserted in the First Amended Complaint beginning under the heading "Factual Background relating to Jennifer", this Defendant is without knowledge or belief as to the truth or falsity to the allegations contained in paragraphs, 29, 35, 40, 41, 42, 44, 50, 55, 57, 63, 71, 72, 76, 77, 78, 82, 83, 84, and therefore denies same.

29. With regard to the allegations contained in that section of the First Amended Complaint beginning with the Heading "Factual Background related to Jennifer", in the sections following thereafter this Defendant denies allegations contained in paragraphs, 32, 33, 34, 36, 37, 38, 39, 43, 45, 46, 47, 48, 49, 51, 52, 53, 54, 56, 58, 59, 60, 61, 62, 64, 65, 66, 68, 69, 73, 74, 75, 80, 81, 85.

30.  With regard to the allegations contained in that section of the First Amended Complaint beginning with the heading "Factual Background related to Jennifer", this Defendant admits the allegations contained in paragraph, 30, 31, 79.

31. With regard to the allegations contained in that section of the First Amended Complaint entitled "Factual Background related to Jennifer", this Defendant responds in relation to paragraph 67, this Defendant denies that sexual abuse occurred, and therefore denies the remainder of the allegations contained in paragraph 67.

32. With regard to the allegations contained in that section of the First Amended Complaint entitled "Factual Background related to Jennifer", this Defendant responds in relation to paragraph 70,  and admits so much of the paragraph that states that Jennifer violated a condition of her bond and was arrested, but states that the violation occurred through her having cut her ankle bracelet off, and for failing to report in. The Defendant denies the remainder of the allegations contained in paragraph 70.

33. With regard to the allegations contained in that section of the First Amended Complaint entitled "Additional Factual Background related to Letcher County Sheriff's Department", this Defendant is without knowledge or belief as to the truth or falsity of the allegations contained in paragraphs, 86, 87, 88, 89, 90,

7

91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 113, 114, and therefore denies same.

34. With regard to the allegations contained in that section of the First Amended Complaint entitled "Additional Factual Background related to Letcher County Sheriff's Department", this Defendant denies allegations contained in paragraphs 111, 112, 115.

35. With regard to the allegations contained in that section of the First Amended Complaint entitled Count I, this Defendant denies the allegations contained in paragraphs, 116, 117, 119, 120, 121, 122, 123.

36. With regard to the allegations contained in that section of the First Amended Complaint entitled Count I, contained in paragraph 118, this Defendant asserts his Fifth Amendment right to refrain from answering.

37. With regard to the allegations contained in that section of the First Amended Complaint entitled Count II, this Defendant denies the allegations contained in paragraphs, 125, 126, 127, 128, 129, 130, 131.

38. With regard to the allegations contained in that section of the First Amended Complaint entitled Count II, contained in paragraph 124, this Defendant admits so much of the paragraph that states that Plaintiff had a fundamental right to personal security and bodily integrity, but denies that portion of paragraph 124, that alleges sexual abuse.

39. With regard to the allegations contained in that section of the First Amended Complaint entitled Count III, this Defendant denies the allegations contained in paragraphs, 132, 133, 135, 136, 137, 138, 139, 140, 141.

40. With regard to the allegations contained in that section of the First Amended Complaint entitled Count III, this Defendant is without knowledge or belief as to the truth or falsity to the allegations contained in paragraphs, 134 and 142, and therefore denies same.

41. With regard to the allegations contained in that section of the First Amended Complaint entitled Count IV, this Defendant denies the allegations contained in paragraphs,143, 145, 146, 147, 148, 149.

42. With regard to the allegations contained in that section of the First Amended Complaint entitled Count IV, this Defendant is without knowledge or belief as to the truth or falsity to the allegations contained in paragraph 144, and therefore denies same.

43. With regard to the allegations contained in that section of the First Amended Complaint entitled Count V, this Defendant denies the allegations contained in paragraphs, 151, and 152.

44. With regard to the allegations contained in that section of the First Amended Complaint entitled Count V, this Defendant denies so much of paragraph 150, that relates any emotional suffering to Defendant. Defendant is without knowledge or belief as to the truth or falsity to the remainder of the allegations contained in paragraph 150, and therefore denies same.

45. With regard to the allegations contained in that section of the First Amended Complaint entitled Count VI, this Defendant denies the allegations contained in paragraphs 153, 154, 155, 156, 157.

This Defendant denies allegations contained within the First Amended Complaint not specifically above admitted including this Prayer for Relief and prays that the Complaint, and the First Amended Complaint be dismissed, for his costs herein expended, to a trial by jury, for his attorney's fees and to all other relief to which he may appeared entitled.

Respectfully submitted,

Jason E. Williams, Esq.
Williams and Towe Law Group
303 S. Main Street
London, KY 40743
Telephone (606) 877-5291

jason@wftlaw.com
brandy@wftlaw.com

By: /s/Jason E. Williams
JASON E. WILLIAMS, Esq.
*Counsel for Defendant, Ben Fields, individually.*

## CERTIFICATE OF SERVICE:

I hereby certify that on April 19, 2022, that a true and correct copy of the foregoing was served by mailing same, first-class postage prepaid, to:

**COPIES TO:**

Bethany Baxter
Childers & Baxter, PLLC
201 West Short Street Suite 300
Lexington, Kentucky 40507
bethany@jchilderslaw.com


Ned Pillersdorf
124 West. Court Street
Prestonsburg, Kentucky 41653


Jonathan C. Shaw, Esq.
Porter, Banks, Baldwin, Shaw, PLLC
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240
*Counsel for Defendant Austin Philpot*
jshaw@psbb-law.com


/s/ Jason E. Williams_____
Jason E. Williams, Esq.
*Counsel for Defendants*