AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Kentucky

| | |
|---|---|
| Sabrina Adkins et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 7:22-CV-00007-REW-EBA |
| Ben Fields et al. ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: EASTERN KENTUCKY CORRECTIONS SERVICES INC.
C/O PATTY STOCKHAM REGISTERED AGENT

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Childers & Baxter, PLLC<br>201 West Short Street, Suite 300, Lexington, KY 40507 | Date and Time:<br>08/11/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/11/2022

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*   OR   [signature] *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sabrina Adkins and Jenifer Hill , who issues or requests this subpoena, are: Bethany Baxter; bethany@childerslaw.com; 859-253-9824; 201 West Short St. suite 300, Lexington KY 40507

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A TO SUBPOENA

Definitions and Directions:

a. **"You"** and **"Your"** means the individual or entity upon whom this subpoena is served.

b. **"Document"** is defined to include any and all documents in Your possession, custody, or control, or the possession, custody, or control of any of Defendant's agents, heirs, assigns, and/or representatives, regardless of where located, as well as those "documents" Defendant knows exists, but are not now in Defendant's possession, custody, or control. In the event that a document has been lost or destroyed, identify that last person known to be in possession of the document and describe its contents.

c. To the extent that these requests identify a corporation or entity, such requests includes any and all principals, agents, and representatives of the same.

d. Please produce responsive documents by emailing same to bethany@jchilderslaw.com, or by mailing responsive documents to Bethany Baxter, Childers & Baxter PLLC, 201 West Short Street, Suite 300, Lexington, Kentucky 40507.

## YOU ARE COMMANDED TO PRODUCE THE FOLLOWING DOCUMENTS AND ELECTRONICALLY STORED INFORMATION:

1. A copy of any and all documents evidencing a contract or agreement related to providing home incarceration services for persons granted pre-trial home incarceration by the Letcher Circuit or District Court between you and:
    a. The Letcher County Fiscal Court
    b. The Letcher County Sheriff's Department
    c. The Letcher County Jail
    d. The Kentucky Administrative Office of the Courts
    e. The Letcher Circuit Court
    f. The Letcher District Court
    g. Judge James W. Craft II
    h. Judge Kevin Mullins
    i. Mickey Stines
    j. Ben Fields

    Between March, 1, 2017 to March 1, 2022.

2. A copy of any and all documents evidencing payments made by you to any of the individuals or entities identified in the presiding request between January 1, 2021 and March 1, 2022.

EXHIBIT A TO SUBPOENA

3. A list of all females for whom you provided home incarceration services between January 1, 2021 and March 1, 2022 who were granted pre-trial home incarceration by the Letcher Circuit or District Court.

4. Documents evidencing your monitoring, oversight, and/or supervision of Sabrina Adkins and Jennifer Hill between January 1, 2021 and February 1, 2022. This request includes but is not limited to evidence of weekly payments by Sabrina Adkins and Jennifer Hill to you.

5. Copies of all communications sent to or received by you from:
   a. Mickey Stines
   b. Ben Fields
   c. Judge Kevin Mullins
   d. Judge James W. Craft
   e. Sabrina Adkins
   f. Jennifer Hill

   Between December 1, 2021 and March 1, 2022.

6. Copies of the personnel files, including but not limited to job applications, certifications, disciplinary action, and termination notices, for Mickey Stines and Ben Fields.

7. Copies of any pay stubs, tax forms, or other documents evidencing employment and/or payment for home incarceration services provided by Ben Fields and Mickey Stines between March 1, 2017 and March 1, 2022.

8. Copies of all documents evidencing training, supervision, or discipline provided to Ben Fields and/or Mickey Stines regarding ankle monitoring and home incarceration between March 1, 2017 and March 1, 2022.

9. Copies of business cards, letter head, or any other document evidencing that Ben Fields and/or Mickey Stines was your representative, agent, or employee.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 7:22-CV-00007-REW-EBA

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[ Print ]  [ Save As... ]  [ Add Attachment ]                    [ Reset ]

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).