UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE
CIVIL ACTION NO. 7:22-CV-00007-REW-EBA

SABRINA ADKINS and
JENNIFER HILL                                                                                           PLAINTIFFS

-vs-         **MEMORANDUM ADDRESSING THE ISSUE OF MISJOINDER**

BEN FIELDS, Individually                                                                         DEFENDANT

_____

Come now the Defendant, Ben Fields in his individual capacity, by and through counsel, per the Court's scheduling order (R. 37) and for their memorandum addressing the issue of misjoinder states:

Under FRCP 21 "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party".  FRC20 states in relevant part:

Persons ... may be joined in one action as defendants if:

(a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(b) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  A federal court may consider many different factors when determining whether civil rights claims arise from the same transaction or occurrence, including, "the time period during which the alleged acts occurred; whether the acts ... are related; whether more than one act ... is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." _Proctor v. Applegate_, 661 F. Supp. 2d 743, 661 (2009). "The manner in which a trial court handles misjoinder lies within that court's sound

discretion." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988). As the Western District Court has explained:

> Rule 21 gives the court discretion to make three types of orders. The court may add parties, drop (dismiss) parties, and may sever '[a]ny claim against a party.' " 4-21 Moore's Federal Practice-Civil § 21.02 (internal quotation omitted). 'Severance under Rule 21 results in separate actions." *Id.* at § 21.06. "As with any case in federal court, [the severed action] may be transferred under appropriate circumstances.... Indeed, the fact that a claim might be subject to transfer to a more appropriate venue is a valid reason to order severance." *Id.*

*Jones v. Pancake*, No. CIV.A. 3:06CV-P188-H, 2007 WL 4104568, at *3 (W.D. Ky. Nov. 14, 2007). In exercising that discretion, courts often consider this non-exhaustive list of factors:

(1) whether the claims arise out of the same transaction or occurrence;

(2) whether the claims present some common questions of law or fact;

(3) whether settlement of the claims or judicial economy would be facilitated;

(4) whether prejudice would be avoided if severance were granted; and

(5) whether different witnesses and documentary proof are required for separate claims.

*See Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018).

Plaintiff counsel recently filed a Motion to Withdraw as Counsel for Plaintiff Jennifer Hill. During the August 23, 2022, telephone conference with the Court to discuss Plaintiff's motion to withdraw Plaintiff counsel was given additional time to advise the Court whether they intend to continue their representation of Plaintiff Hill or not. At this stage in the proceedings, it is not entirely clear whether Plaintiff Hill's claims will proceed. To date, Plaintiff Hill has not yet answered discovery requests which would allow the defense to evaluate her claims more fully.

As it currently stands, it appears that the claims do not arise out of the same transaction or occurrence; that although somewhat similar the claims may be asserted there may not be common questions of law and fact; and different witnesses and documentary proof will be required to prove each claim.  It is respectfully submitted that based upon the information presently known that the balance would weigh against joinder of the Plaintiffs in this matter.

    Respectfully submitted,

    Jason E. Williams, Esq.
    Williams and Towe Law Group
    303 S. Main Street
    London, KY 40743
    Telephone (606) 877-5291
    jason@wftlaw.com
    brandy@wftlaw.com


    By:     /s/Jason E. Williams
    JASON E. WILLIAMS, Esq.
    *Counsel for Defendant, Ben Fields, individually.*

**CERTIFICATE OF SERVICE:**

I hereby certify that on August 31, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I further certify that I mailed a true and correct copy of the foregoing to:

**COPIES TO:**

Bethany Baxter
Childers & Baxter, PLLC
201 West Short Street Suite 300
Lexington, Kentucky 40507
bethany@jchilderslaw.com

Jonathan C. Shaw, Esq.
Porter, Banks, Baldwin, Shaw, PLLC
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240
*Counsel for Defendant Austin Philpot*
jshaw@psbb-law.com

Ned Pillersdorf
Pillersdorf Law Offices
124 West Court Street
Prestonsburg, Kentucky 41653

        /s/ Jason E. Williams____
        Jason E. Williams, Esq.
        *Counsel for Defendant*