UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CASE NO: 7:22-CV-00007-REW

***THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED***

SABRINA ADKINS

And

Jennifer Hill                                                                                           PLAINTIFFS

V.

BEN FIELDS, Individually
And in his official Capacity as
A Deputy Sheriff with the
Letcher County Sheriff's Department

And

Mickey Stines, Letcher County Sheriff                                          DEFENDANTS

---

## DEFENDANTS' MOTION TO STAY PROCEEDINGS
_____

Comes the Defendants', Ben Fields, individually, and in his official capacity as a deputy sheriff with the Letcher County Sheriff's Department, and Mickey Stines, Letcher County Sheriff, by counsel, and jointly move the Court for an Order staying the proceedings in this civil case until a recently filed criminal case in State Court against the defendant, Ben Fields, is concluded. As grounds therefore, these Defendants' state as follows:

### I.   BACKGROUND

On January 31, 2022, Plaintiff, Sabrina Adkins, by Counsel, filed a civil Complaint against these Defendants, which remains pending (Doc # 1). Subsequently a First Amended Complaint was filed adding Jennifer Hill as a party Plaintiff (Doc #17). More recently a Second Amended Complaint was filed adding Eastern Kentucky Correctional Services, Inc., as a Defendant (Doc #57).

1

As the Court may recall, at an earlier stage in the proceedings, the Defendant Fields moved to Stay the civil proceedings based upon an open criminal investigation. The Court determined that a Stay was not appropriate at that time.

Circumstances have now changed, as a multi-count Indictment against Mr. Fields has now been filed in Letcher Circuit Court, and Mr. Fields is set to be arraigned on October 6, 2022. (See Case No. 22-CR-00216) Indictment attached at Ex. 1.

## II. APPLICABLE FACTS

In the criminal indictment, Defendant Fields has been charged with Rape, 3rd Degree, Sodomy, 3rd Degree, Tampering with Prisoner Monitoring Device, and Perjury, 2nd Degree. Although the Indictment does not name the Plaintiffs in this case by name, allegations raised in the Indictment are substantially similar to the allegations contained in the Civil Complaints herein, which allege that Defendant Fields through his actions as a Letcher County deputy violated the Plaintiff's Constitutional Rights under 42 USC § 1983, and Plaintiffs fourth amendment rights pursuant to the US Constitution.

More particularly the Second Amended Complaint (recently filed) in relation to Plaintiff Sabrina Adkins alleges that, "Sabrina was coerced and compelled to comply with Defendants Fields given Defendant Fields position of power, and because she could not afford to pay for the ankle monitor, and did not want to return to the Letcher County Jail." (*See*, Second Amended Complaint Doc. 55-1 para. 1-28). Adkins alleges this conduct occurred while Defendant Fields was assigned to be her in home incarceration officer. *Id.* para 4. Similarly, Jennifer Hill alleges that Defendant Fields was assigned to be her home incarceration officer. *Id.* para. 31. And that she was subjected to unwanted sexual conduct. *Id.* para. 29-85.

Given the pending indictment, a stay of the civil proceedings is appropriate until the Defendants criminal trial is completed.

## III. ARGUMENT

A court has the broad discretion to stay a civil proceeding when there is a pending or impending parallel criminal action. FTC v E.M.A. Nationwide, Inc. 767 F.3d 611, 627 (6th Cir. 2014) (citing Chao v Fleming, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (citing Landis v North Am. Co., 299 U.S. 248,254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). The failure to stay a civil proceeding when there is a pending parallel criminal action targeting one of the parties to a civil action could undermine the party's Fifth Amendment privilege against self-incrimination. In re Par Pharm., Inc. Sec. Litig., 133 F.R.D. 12, 13 (S.D.N.Y. 1990); see also E.M.A. Nationwide, 767 F.3d at 627 (identifying "the extent to which the defendant's [F]ifth [A]mendment rights are implicated" as a factor to consider when deciding whether to grant a stay). Several factors are relevant to a court's decision whether to enter a stay, including:

> "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the [criminal] case, including whether the defendants have been indicted; 3)the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to [the] plaintiffs caused by the delay; 4) the private interests of the burden on the defendants; 5) the interests of the courts; and 6) the public interest."

E.M.A. Nationwide, 767 F. 3d at 627 (quoting Fleming, 498 F. Supp. 2d at 1037) (additional quotation marks and citation omitted in E.M.A. Nationwide).

"In general, courts recognize that the case for a stay is strongest [*4] where the defendant has already been indicted." Fleming, 498 F. Supp. 2d at 1037 (citing cases). As the Sixth Circuit provided in E.M.A. Nationwide:

> "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations."

3

767 F.3d at 628 (quoting Trustees of Plumbers & Pipefitters Nat'l Pension Fund v Transworld Mech. 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

Estate of Romain v City of Grosse Pointe Farms 2016 US DIST. LEXIS 16757 @ p. 3.

Taking in the factors to be considered, it is clear that the issues in the criminal case overlap with those presented in the civil case.

For example, the conduct alleged in the eight (8) counts of the Indictment is alleged to have occurred between July 2021, and January 2022. (*See*, counts one (1) through eight (8) of the Indictment, a copy of which is attached at Ex. 1). Notably, the Second Amended Complaint alleges conduct by Fields relating to Sabrina Adkins that occurred between June of 2021, and January of 2022. *Id.* pg. 3-6. The Second Amended Complaint also alleges conduct involving Plaintiff Jennifer Hill occurred between August of 2021 and February 4, 2022. Upon knowledge and belief, it is more likely than not, that two of the persons referenced in the Indictment are the Plaintiffs of the civil action filed herein. Clearly then the issues in the Criminal case overlap with those presented in the current pending Civil case.

The status of the Criminal case as referenced above has now resulted in an Indictment which is pending in the Letcher Circuit Court, see Case No. 22-CR-00216. Little prejudice could occur to the Plaintiff by a Stay issued by the Court here. For example, if Mr. Fields were to enter into a guilty plea, or be subjected to a criminal conviction, such events could arguably assist the Plaintiffs going forward.

Now that a Criminal case has been filed, there is more at stake for Defendant Fields than a monetary judgment, and that is his liberty. His interest in being afforded his constitutional rights to defend himself, and to not be burdened with a civil case pending during the criminal proceedings, is not only in his best interest, but the interest of the public in general. In fact, Mr. Fields has now been

4

served discovery, which if answered, might be used against him in the criminal proceedings.

Defendant prays that a Stay of these proceedings be issued, and that all currently pending deadlines under the civil rules be suspended until such time that the criminal action is concluded.

Given the above facts and law, this defendant asserts that a stay of proceedings is appropriate and thus moves the Court to issue an Order Staying the Civil Case Until Such Time as the Criminal Trial against the Defendant is Completed. At which time, the parties may request that a stay be lifted.

Respectfully submitted,

Jason E. Williams, Esq.
Williams and Towe Law Group
303 S. Main Street
London, KY 40743
Telephone (606) 877-5291
jason@wftlaw.com
brandy@wftlaw.com


By:   /s/Jason E. Williams
      JASON E. WILLIAMS, Esq.
      *Counsel for Defendant, Ben Fields, individually.*

      Jonathan C. Shaw, Esq.
      Porter, Banks, Baldwin, Shaw, PLLC
      327 Main Street, P.O. Drawer 1767
      Paintsville, Kentucky 41240
      jshaw@psbb-law.com


By: /s/ Jonathan C. Shaw
    Jonathan C. Shaw, Esq.
    *Counsel for Defendants Ben Fields, officially, and Mickey Stines*

## CERTIFICATE OF SERVICE:

I hereby certify that on October 5, 2022, that a true and correct copy of the foregoing was served by mailing same, first-class postage prepaid, to:

**COPIES TO:**

Bethany Baxter
Childers & Baxter, PLLC
201 West Short Street Suite 300
Lexington, Kentucky 40507
bethany@jchilderslaw.com


Ned Pillersdorf
Pillersdorf Law Offices
124 West Court Street
Prestonsburg, Kentucky 41653

/s/ Jason E. Williams
Jason E. Williams, Esq.
*Counsel for Defendant, Ben Fields Individually*

/s/ Jonathan C. Shaw
Jonathan C. Shaw, Esq.
*Counsel for Defendants, Ben Fields, officially, and Mickey Stines*