UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:22-CV-00007-REW-EBA

SABRINA ADKINS, *et al.*,                                                                    PLAINTIFFS,

V.                                                   **ORDER**

BEN FIELDS, *et al.*,                                                                         DEFENDANTS.

*** *** *** ***

This matter is before the Court on Defendants' Joint Motion to Stay Proceedings pending conclusion of a criminal action against Defendant Ben Fields. [R. 62]. The Defendants further move for an Extension of Time to file a responsive pleading if the Court declines to stay proceedings. [R. 62]. The Plaintiffs do not oppose staying proceedings. [R. 64].

Earlier in this action, Fields first moved to stay proceedings while he was under investigation for crimes related to the facts underlying the Amended Complaint. [R. 27]. The Court denied Fields' motion. [R. 32]. At that time, the Court noted that, when a stay is requested due to parallel criminal proceedings, "[c]ourts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Sparkman v. Thompson*, No. 08-01-KKC, 2009 U.S. Dist. LEXIS 57540, at *4 (E.D. Ky. July 6, 2009) (citing *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995)). Further, there is no authority binding on this Court which mandates that a civil action must be stayed due to a pending or impending criminal

indictment. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014).

To determine whether to stay civil litigation pending the conclusion of a criminal proceeding, the Court examines the following factors, originally set forth by the district court in the Western District of Michigan:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). Additionally, the Court must consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.* (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)) (internal citation omitted).

Here, the Court finds that *Chao* factors weigh in favor of staying all proceedings in this action pending the conclusion of Fields' criminal proceedings. As to the first and second factors, the Court initially notes that Fields has now been indicted, rather than merely being investigated, as was the case when he filed his first Motion to Stay. Moreover, the allegations set forth in Plaintiffs' Second Amended Complaint substantially overlap. Fields has been charged with two counts of Third-Degree Rape (KRS § 510.060), two counts of Third-Degree Sodomy (KRS § 510.090), three counts of Tampering with a Prisoner Monitoring Device (KRS § 519.070), and one count of Second-Degree Perjury (KRS 523.030). [R. 61-2]. Comparing the facts alleged in the indictment with the facts alleged in the Amended Complaint, even though the indictment does not name the Plaintiffs, the Court finds that there is substantial overlap between the criminal and civil actions. Third, the Court does not find that Plaintiffs will be prejudiced by a stay of civil proceedings; in fact, the Plaintiffs affirmatively state that they believe "discovery would be thwarted and difficult to manage" without Fields' participation during the pendency of his criminal

Page **2** of **3**

proceeding. [R. 64 at pg. 1]. Fourth, a stay will serve Fields' private interests. By staying discovery, Fields will not be faced with the ultimatum to participate in discovery and risk incriminating himself, or to invoke his Fifth Amendment right against self-incrimination and bring discovery to a grinding halt. Fifth, staying litigation will promote the Court's interest in ensuring the "economical use of judicial time and resources." *FTC*, 767 F.3d at 627 (quoting *Int'l Bhd. of Elec. Workers v. AT&T Network Sys.*, 879 F.2d 864, at *8 (6th Cir. Jul. 17, 1989) (internal citations omitted)). Sixth, however, the public's interest does not appear to be served by staying proceedings when, generally, "[t]he public interest is furthered where individuals' injuries are remedied in a timely manner." *Id.* at 629.

For the reasons stated above, the Court finds that a stay of all proceedings pending the conclusion of Fields' criminal proceeding is warranted. Accordingly, the Court shall also stay the Defendants' obligation to respond to the Second Amended Complaint, [R. 57]. Having fully considered the matter, and the Court being otherwise sufficiently advised,

IT IS ORDERED that:

1. Defendants' Joint Motion to Stay Proceedings [R. 61] is GRANTED;

2. Defendants Joint Motion for Extension of Time [R. 62] is DENIED as moot; and

3. The parties are DIRECTED to file a Joint Status Report every sixty (60) days from entry of this Order, apprising the Court of the status of Fields' criminal proceeding.

Signed November 3, 2022.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge