UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE
CIVIL ACTION NO. 7:22-CV-00007-REW-EBA

SABRINA ADKINS and
JENNIFER HILL                                                                                          PLAINTIFFS

-vs-   **ANSWER OF BEN FIELDS IN HIS OFFICIAL CAPACITY AS DEPUTY SHERIFF WITH THE LETCHER COUNTY SHERIFF'S DEPARTMENT AND MICKEY STINES, LETCHER COUNTY SHERIFF TO SECOND AMENDED COMPLAINT**

BEN FIELDS, Individually
And in his Official capacity
as a Deputy Sheriff with the
Letcher County Sheriff's Department,
UNKNOWN SUPERVISORS OF
BEN FIELDS and MICKEY STINES,
LETCHER COUNTY SHERIFF                                                                   DEFENDANTS

_____

Come now the Defendants <u>Ben Fields in his official capacity as Deputy Sheriff with the Letcher County Sheriff's Department and Mickey Stines, Letcher County Sheriff</u> and for their answer to the second amended complaint states as follows:

1.   The second amended complaint should be dismissed on the grounds that it fails to state a claim against the Defendants, and each of them, for which the Court can properly grant relief.

2.   That the second amended complaint should be barred based upon the applicable statute of limitations.

3.   Under the heading "PARTIES" the answering Defendants lack sufficient knowledge to form a belief and deny numerical paragraphs 1, 2 and 5; deny numerical paragraphs 3 and 4; and admits numerical paragraph 6 to the extent the allegations contained therein do not contradict Kentucky law.

1

4. The answering Defendants deny the allegations contained in Numerical Paragraphs 4, 18, 28, 85, 97, 98, 117 through 123, 125 through 130, 132 through 148, 152 through 158, 160, 161, 162 and 163 of the second amended complaint.

5. The answering Defendants state that the allegations contained in numerical paragraph 124 are statements of law to which no affirmative response is required. To the extent that a response is required, the answering Defendant states that the citations of law contained therein, to the extent accurate, speak for themselves and admit.

6. These answering Defendants admit the allegations contained in Numerical Paragraphs 1, 2, 3, 23, 25, 29 and 30 of the second amended complaint.

7. The answering Defendants lack sufficient knowledge at this time to form a belief as to the truthfulness of the allegations contained at numerical paragraphs 5 through 17, 19, 20, 21, 22, 24, 26, 27, 31 through 84, 87 through 92, 93, 94, 95, 96, 99 through 116, 149, 150, 151, 159 and 164 through 169 of the second amended complaint and therefore deny said allegations.

8. The answering Defendants admit that part of numerical paragraph 124 which states that sexual abuse would not be rationally related to any legitimate government purpose and denies the remainder of the allegation contained therein.

9. The answering Defendants state that the Letcher County Sheriff's Office does not provide home incarceration services.

10. The answering Defendants deny each and every statement, allegation and demand contained in the second amended complaint not heretofore expressly admitted.

11. The answering Defendant states that the claims of the Plaintiffs inasmuch as they attempt to assert liability on the basis of respondeat superior or vicarious liability are barred as a matter of both federal and state law.

12. The answering Defendant states that the state law claims of the Plaintiffs against the answering Defendants are barred by operation of the doctrine of qualified immunity, official immunity, governmental immunity, prosecutorial immunity and sovereign immunity upon which the Defendants rely as a complete and affirmative defense to this action.

13. The answering Defendants state that the claims of the Plaintiffs against the Defendant Mickey Stines are barred by the doctrine of absolute immunity, official immunity, and good faith immunity and all other immunities and privileges available to him as an elected official, sheriff, and police officer.

14. The answering Defendants state that the Defendant, Mickey Stines, at all times acted in good faith and exercised reasonable care and skill in effectuating his duties as required by law.

15. The answering Defendants assert and relies upon each and every common law defense available to them.

16. The answering Defendants assert each and every privilege, defense and immunity available to them under the laws of the United States of America and the Commonwealth of Kentucky.

17. The answering Defendants assert that the claims of the Plaintiffs are barred either in whole or in part by reason of the contributory actions of the Plaintiffs.

18. That the Plaintiffs is barred from recovery herein, either in whole or in part, by reason of the failure of the Plaintiffs to mitigate damages.

19. That the Plaintiffs is barred from recovery herein, either in whole or in part, by operation of the doctrine of provocation and / or assumption of risk.

20. The Defendants assert that liability and damages for state law claims asserted in this action must be allocated by percentages of fault as required by KRS 411.118 and these Defendants demand an allocation of fault between all parties, including settling non-parties, and others as required by applicable Kentucky statutes and common law.

21. The Plaintiffs has failed to join necessary and indispensable parties to this action and by reason thereof this case should be dismissed, or the Plaintiffs otherwise required to join the party or parties.

22. The answering Defendants state that the injuries and damages complained of are the result, either in whole or in part, of an intervening and superseding cause over which these Defendants had no control and for which they bear no responsibility as a matter of law.

23. The Defendants state that the facts and circumstances of this case do not arise to the level of warranting a punitive damage instruction against any or all of the answering Defendant.

24. The answering Defendants state that the Plaintiffs' claim for punitive damages is barred by operation of the constitutions of the Commonwealth of Kentucky and the United States of America as amended. The Plaintiffs' claim for punitive damages is not supported by the facts and circumstances surrounding the incident complained of by the Plaintiffs and should therefore be dismissed.

25. The answering Defendants adopt defenses raised by co-Defendants in their respective answers.

26. The answering Defendants reserve the right to amend their answer so as to assert additional defenses which maybe come available as this case proceeds through the discovery process.

WHEREFORE, having fully answered, the answering Defendants demand that the second complaint be dismissed and that the Plaintiffs take nothing thereby, for their costs herein expended, for trial by jury, and for any and all other relief to which the Defendants appear entitled.

>
> PORTER, BANKS, BALDWIN & SHAW, PLLC
> 327 Main Street, P.O. Drawer 1767
> Paintsville, Kentucky  41240-1767
> Telephone:    (606) 789-3747
> Facsimile:    (606) 789-9862
>
> By:    */s/ Jonathan C. Shaw*_____
> Jonathan C. Shaw
> jshaw@psbb-law.com
> Counsel for Defendants Ben Fields in his official capacity as Deputy Sheriff with the Letcher County Sheriff's Department and Mickey Stines, Letcher County Sheriff

CERTIFICATE OF SERVICE:

I hereby certify that on November 20, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I further certify that I mailed a true and correct copy of the foregoing to:

Ned B. Pillersdorf, Esq.
Pillersdorf, DeRossett & Lane
124 West Court Street
Prestonsburg, Kentucky 41653
pillersn@gmail.com

Joe F. Childers, Esq.
Bethany N. Baxter, Esq.
Childers & Baxter, PLLC
201 West Short Street Suite 300
Lexington, Kentucky 40507
joe@jchilderslaw.com
bethany@jchilderslaw.com

Jason E. Williams, Esq.
Williams and Towe Law Group
303 S. Main Street
London, KY 40743
jason@wftlaw.com

Donald L. Jones, Esq.
327 Main Street, Suite 201
P.O. Box 276
Paintsville, Kentucky 41240
don@djoneslawoffice.com

        By: */s/ Jonathan C. Shaw*_____
           Jonathan C. Shaw