UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE
CIVIL ACTION NO. 7:22-CV-00007-REW-EBA

SABRINA ADKINS and
JENNIFER HILL                                                                                        PLAINTIFFS

-vs- **ANSWER TO SECOND AMENDED COMPLAINT BY EASTERN KENTUCKY CORRECTIONAL SERVICES, INC (EASTERN KENTUCKY CORRECTIONS SERVICES, INC.)**

BEN FIELDS, Individually
And in his Official capacity
as a Deputy Sheriff with the
Letcher County Sheriff's Department,
UNKNOWN SUPERVISORS OF
BEN FIELDS, MICKEY STINES,
LETCHER COUNTY SHERIFF and
EASTERN KENTUCKY CORRECTIONAL SERVICES                              DEFENDANTS

_____

Comes now the Defendant, Eastern Kentucky Corrections Services, Inc., inadvertently named as Eastern Kentucky Correctional Services, Inc., and for its answer to the second amended complaint states as follows:

1. The second amended complaint should be dismissed on the grounds that it fails to state a claim against this Defendant for which the Court can properly grant relief.

2. That the second amended complaint should be barred based upon the applicable statute of limitations.

3. Under the heading "PARTIES" the answering Defendant lacks sufficient knowledge to form a belief and denies numerical paragraphs 1 and 2; denies numerical paragraphs 3 and 4; and admits numerical paragraphs 5 and 6 of the second amended complaint.

4.     This answering Defendant denies the allegations contained in numerical paragraphs 28, 85, 86, 87, 88, 89, 90, 92, 122, 128-130, 136, 138-149 and 151-169 of the second amended complaint.

5.     This answering Defendant admits the allegations contained in Numerical Paragraphs 1, 2, 3, 4, 29, 30, 31 and 90 of the second amended complaint.

6.     The answering Defendant lacks sufficient knowledge at this time to form a belief as to the truthfulness of the allegations contained at numerical paragraphs 5 through 27, 32 through 84, 93-121, 123-127, 131-135, 137, 150 of the of the second amended complaint and therefore denies said allegations.

7.     The answering Defendant admits that part of numerical paragraph 86 of the second amended complaint which states that Defendant Fields recommended Defendant Fields to EKCS and denies the remainder of the allegation contained therein.

8.     This answering Defendant denies each and every statement, allegation and demand contained in the of the second amended complaint complaint not heretofore expressly admitted.

9.     This answering Defendant states that the claims of the Plaintiffs inasmuch as they attempt to assert liability on the basis of respondeat superior or vicarious liability are barred as a matter of both federal and state law.

10.    This answering Defendant states that the state law claims of the Plaintiffs against the answering Defendant are barred by operation of the doctrine of qualified immunity, official immunity, governmental immunity, prosecutorial immunity good faith immunity and sovereign immunity upon which this Defendant relies as a complete and affirmative defense to this action.

11.     That this Defendant relies upon the contracts by and between the parties here to a complete and total bar to this action.

12.     The answering Defendant asserts and relies upon each and every common law defense available to it.

13.     The answering Defendant asserts each and every privilege, defense and immunity available to it under the laws of the United States of America and the Commonwealth of Kentucky.

14.     The answering Defendant asserts that the claims of the Plaintiffs are barred either in whole or in part by reason of the contributory actions of the Plaintiffs.

15.     That the Plaintiffs are barred from recovery herein, either in whole or in part, by reason of the failure of the Plaintiffs to mitigate damages.

16.     That the Plaintiffs are barred from recovery herein, either in whole or in part, by operation of the doctrine of provocation and / or assumption of risk.

17.     This Defendant asserts that liability and damages for state law claims asserted in this action must be allocated by percentages of fault as required by KRS 411.118 and this Defendant demands an allocation of fault between all parties, including settling non-parties, and others as required by applicable Kentucky statutes and common law.

18.     The Plaintiffs have failed to join necessary and indispensable parties to this action and by reason thereof this case should be dismissed, or the Plaintiffs otherwise required to join the party or parties.

19.     This answering Defendant states that the injuries and damages complained of are the result, either in whole or in part, of an intervening and superseding cause over which this Defendant had no control and for which it bears no responsibility as a matter of law.

20. This Defendant states that the facts and circumstances of this case do not arise to the level of warranting a punitive damage instruction against any or all of the answering Defendant.

21. This answering Defendant states that the Plaintiffs' claim for punitive damages is barred by operation of the constitutions of the Commonwealth of Kentucky and the United States of America as amended. The Plaintiffs' claim for punitive damages is not supported by the facts and circumstances surrounding the incident complained of by the Plaintiffs and should therefore be dismissed.

22. This answering Defendant adopts defenses raised by co-Defendants in their respective answers.

23. This answering Defendant reserves the right to amend its answer so as to assert additional defenses which may become available as this case proceeds through the discovery process.

24. WHEREFORE, having fully answered of the second amended complaint, the answering Defendant demands that the second amended complaint be dismissed and that the Plaintiffs take nothing thereby, for their costs herein expended, for trial by jury, and for any and all other relief to which the Defendant appears entitled.

RESPECTFULLY SUBMITTED,

__/s/ Donald L. Jones_____
**DONALD L. JONES**
LAW OFFICE OF DONALD L. JONES
327 MAIN STREET, SUITE 201
P.O. BOX 276
PAINTSVILLE, KENTUCKY 41240
TELEPHONE: (606) 789-8003
FACSIMILE: (606) 788-9048
don@djoneslawoffice.com

CERTIFICATE OF SERVICE:

I certify that the foregoing has been filed with the Clerk of the Court by using the CM/ECF system and I further certify that I mailed, e-mailed, and/or electronically filed to the following on this the 21st day of November, 2022:

**Hon. Bethany N. Baxter**
**Hon. Joe F. Childers**
**Childers & Baxter, PLLC**
The Lexington Building
201 West Short Street, Suite 300
Lexington, KY 40507
joe@jchilderslaw.com
bethany@jchilderslaw.com

**Hon. Ned Pillersdorf**
**Hon. Tanner Hesterburg**
**Pillersdorf Law Offices**
124 West Court Street
Prestonsburg, KY 41653
pillersn@gmail.com
jthest01@yahoo.com

**Hon. Jason E. Williams**
**Williams and Towe Law Group**
303 S. Main Street
London, KY 40743
jason@wftlaw.com
brandy@wftlaw.com

**Hon. Jonathan C. Shaw**
P.O. Drawer 1767
Paintsville, KY 41240
jshaw@psbb-law.com

                                     */s/ Donald L. Jones*
                                     **DONALD L. JONES**