*Electronically Filed*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## PIKEVILLE DIVISION
## CIVIL ACTION NO. 7:22-cv-00007-REW-EBA

| | |
|---|---|
| **SABRINA ADKINS** | ) |
| | ) |
| **AND** | ) |
| | ) |
| **ESTATE OF JENNIFER HILL** | ) |
| | ) |
|     **PLAINTIFFS** | ) |
| | ) |
| V. | ) |
| | ) |
| **BEN FIELDS, Individually** | ) |
| **And in his Official capacity as** | ) |
| **a Deputy Sheriff with the** | ) |
| **Letcher County Sheriff's Department,** | ) |
| | ) |
| **EASTERN KENTUCKY CORRECTIONS** | ) |
| **SERVICES INC.** | ) |
| | ) |
| **AND** | ) |
| | ) |
| **MICKEY STINES, LETCHER COUNTY** | ) |
| **SHERIFF** | ) |
| | ) |
| | ) |
|     **DEFENDANTS** | ) |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO ATTORNEY GENERAL RUSSELL COLEMAN'S MOTION TO QUASH SUBPOENA

Come the Plaintiffs, by and through counsel, and respectfully submit their Response in Opposition to Attorney General Russell Coleman's Motion to Quash Subpoena.

1

## INTRODUCTION

The Kentucky Attorney General has not been sued or made a party to this action. Plaintiffs are not seeking a judgment against the Attorney General. Plaintiffs are merely seeking to obtain records that were produced to Defendant Fields by the Attorney General's office in a related criminal case. The criminal case is now final. Production of such records is not barred by the federal or state doctrines of sovereign immunity. The Attorney General cannot cite any controlling case law in support of his motion, and would have this Court ignore state authority which makes clear that production of such documents is permissible and is not barred by sovereign immunity.

Plaintiffs respectfully request that that the Court deny the Attorney General's motion to quash and require that these records be produced forthwith so the parties can proceed with necessary depositions and discovery in this case.

## RELEVANT FACTUAL BACKGROUND

The Plaintiffs, along with Defendants to this action, seek the same documents from the Attorney General as were produced to Defendant Fields in the related criminal case prosecuted by the Attorney General's Office of Special Prosecutions pursuant to Ky. R. Crim. P. 7.24.[1]

Plaintiffs obtained heavily redacted records from the Attorney General's office earlier this year and have shared these documents with the parties to this action. The redactioin of these records[2] makes it difficult for Plaintiffs to ascertain the full breadth of information contained in these records which relate directly to Plaintiffs' claims in the case *sub judice*. Plaintiffs worked

---

[1] In the Attorney General's motion at Footnote 4, he notes that the Plaintiffs' request is construed to mean that they seek the lightly redacted documents, as such documents were produced to Ben Fields in this criminal case. This construction is correct.

[2] While the Attorney General maintains that only photos and identifying information has been redacted [see Motion at FN 3], there are whole sections spanning numerous pages that are redacted, which leads the parties to believe that the information redacted is more expansive than indicated.

2

diligently to obtain these documents through discovery from Defendant Fields, but have been told the Defendant Fields' criminal attorney, who purportedly has had health issues recently, was unable to locate these documents. As such, and after much discussion with all counsel in this action, the parties agreed that the best course was to obtain these records through subpoena to the Attorney General's office.

The documents sought are not privileged or otherwise protected documents, and consistent with the Kentucky Court of Appeals' recent decision in *Commonwealth v. Elmore, et al.*, 2023-CA-0845 should be produced.[3]

### I. Sovereign Immunity Does Not Shield The AG From Production Of The Requested Documents Under Kentucky Law

Kentucky courts have made clear that the Attorney General is not immune from producing documents pursuant to a third-party subpoena in this instance. "[S]overeign immunity is limited to instances where the Commonwealth or a division thereof is being named in an action. 'The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth.' Ky. Const. § 231." *Commonwealth v. Riley*, No. 2021-CA-1115-MR, 2022 WL 12129821, at *3 (Ky. App., Oct. 21, 2022), review granted (Mar. 15, 2023), copy attached hereto as EXHIBIT B. "We hold that immunity does not protect the Commonwealth from being ordered to produce discovery as a matter of course." *Id*. at *4. More recently, the Kentucky Court of Appeals held that, "sovereign immunity does not apply to third-party subpoenas. Sovereign immunity protects the Commonwealth and its agencies from lawsuits and protects the government coffers, but it does not protect the Commonwealth from all acts of

---

[3] A copy of this June 28, 2024, Opinion, which has been designated to be published, is attached hereto as EXHIBIT A.

the judiciary." *Commonwealth v. Elmore*, No. 2023-CA-0845-MR, 2024 WL 3210220, at *3 (Ky. App., June 28, 2024).

*Commonwealth v. Elmore, et al*. is dispositive. Like the case at hand, Elmore was involved in a car accident which gave rise to both a criminal and civil case. Exhibit A, p. *2. Elmore then subpoenaed materials from the Commonwealth Attorney's Office (hereinafter "CAO") which were turned over to the defendant in the criminal case. *Id*. The CAO then filed a motion to quash the subpoena, arguing primarily sovereign immunity. The Kentucky Court of Appeals ultimately held that, "while the CAO can object to discovery requests based on the type of discovery sought, it cannot use sovereign immunity as a shield to protect it from all discovery requests." *Id*. at p. *9. The *Elmore* decision recognized that there is "no consensus" on whether sovereign immunity applies in this context,

> We have found cases which hold that non-party subpoenas to government agencies do violate sovereign immunity, see *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022), and *United States Environmental Protection Agency v. General Elec. Co*., 197 F.3d 592 (2d Cir. 1999), opinion amended on reh'g, 212 F.3d 689 (2d Cir. 2000); but we have also found cases which hold that sovereign immunity does not apply, see *Charleston Waterkeeper v. Frontier Logistics, L.P.*, (D.S.C. 2020), and *Barnes v. Black*, 544 F.3d 807 (7th Cir. 2008).

*Id*. at p. *6.

*Elmore* and *Riley* are consistent with earlier Kentucky state court cases holding that prosecutors are subject to third party discovery requests. See e.g. *Parish v. Petter*, 608 S.W.3d 638 (Ky. App. 2020) (holding that a person could seek public documents through discovery requests to a non-party public agency and was not limited to seeking them via the Open Records Act); *O'Connell v. Cowan*, 332 S.W.3d 34 (Ky. 2010) (holding that prosecutors are subject to third-party discovery requests).

4

As noted by the Attorney General, Plaintiffs have alleged a number of state law claims. It is clear under Kentucky law that in such instance sovereign immunity is no bar. For this reason and on this basis alone the Attorney General's motion should be denied.

### II. The Eleventh Amendment and Federal Doctrine of Sovereign Immunity Does Not Shield the Attorney General From Production of the Requested Documents

The Attorney General also invokes sovereign immunity under the federal doctrine. The Eleventh Amendment and doctrine of sovereign immunity do not immunize the Attorney General's office from producing documents pursuant to subpoena in this instance. The Attorney General is not a party-defendant to this action, and Plaintiffs do not seek a "judgment" against the Attorney General. Plaintiffs seek only to obtain the documents produced to Defendant Fields in the related criminal case.

*Dugan v. Rank*, 372 U.S. 609 (1963) and *EPA v. Gen. Elec. Co.*, 197 F.3d 592 (2nd Cir. 1999), cited by the AG in support of his motion, both concern federal sovereign immunity of *federal* agencies and parties in federal court. "Federal sovereign immunity in federal court is based on different principles from state sovereign immunity in the same venue, and courts' application of the doctrine depends on those differing principles." *Charleston Waterkeeper v. Frontier Logistics, L.P.*, (D.S.C. 2020) (quoting Jennifer Lynch, The Eleventh Amendment and Federal Discovery: A New Threat to Civil Rights Litigation, 62 FLA. L. REV. 203, 246 (2010)). The AG cites to these factually distinct cases from other circuits and districts, which have no bearing on this Court and the issue at hand.

Notably, in *Williams v. Sandel*, Magistrate Judge Wehrman considered whether non-party attorneys and staff with the Kentucky Commonwealth Attorney's office could be made to produce files and sit for depositions in a case alleging claims under 42 U.S.C. Section 1983. No.

5

CV 08-04-DLB, 2010 WL 11538240 (E.D. Ky., Feb. 12, 2010). These state prosecutors sought to quash the subpoenas. *Id.* at *3. Citing *Williams v. Sandel* along with other Kentucky case law, the Kentucky Court of Appeals in Elmore concluded that "[w]hile the CAO can object to discovery requests based on the type of discovery sought, it cannot use sovereign immunity as a shield to protect it from all discovery requests." *Elmore*, supra at *4. The situation *sub judice* is no different. The motion to quash should be denied.

The Attorney General cites the Fifth Circuit and Second Circuit cases in his Motion to Quash. See Motion, Page ID# 557-8. The Attorney General asks this court to liken his state office to the Federal Government. *Id*. This is inappropriate where, as here, the Sixth Circuit is silent and Kentucky courts have spoken and held that sovereign immunity does not shield state prosecutors from being compelled to produce documents requested by Plaintiffs in cases strikingly similar to the case *sub judice*.

### III. Plaintiffs Abandon their Request for the Letcher County Grand Jury Proceedings

In light of the Attorney General's motion to quash, Plaintiffs abandon their request for the Letcher County Grand Jury Proceedings.

### CONCLUSION

The parties to this action, including Defendant Ben Fields, are in agreement that these records are relevant to the civil claims alleged and should be produced by the Attorney General. Plaintiffs respectfully request that the Attorney General's motion to quash be denied consistent herewith.

Respectfully Submitted,

/s/ Bethany N. Baxter_____
BETHANY N. BAXTER
JOE F. CHILDERS
CHILDERS & BAXTER PLLC
THE LEXINGTON BUILDING
201 WEST SHORT STREET, SUITE 300
LEXINGTON, KENTUCKY 40507
PHONE: 859-253-9824
FAX: 859-347-2310
*COUNSEL FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2024, a copy of the foregoing was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order upon all parties in the electronic filing system in this case.

/s/ Bethany N. Baxter_____
COUNSEL FOR PLAINTIFFS