RENDERED: JUNE 28, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2023-CA-0845-MR

COMMONWEALTH OF KENTUCKY        APPELLANT

v.  APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE SARAH E. CLAY, JUDGE
ACTION NO. 22-CI-006096

JENNIFER ELMORE, AS
ADMINISTRATRIX OF THE ESTATE
OF THOMAS ELMORE; JENNIFER
ELMORE, AS PARENT AND NEXT
FRIEND OF AUDREY ELMORE, A
MINOR; ASHLEY D. CATLETT;
AVIS BUDGET CAR RENTAL, LLC;
AVIS RENT A CAR SYSTEM, LLC;
BUDGET RENT A CAR SYSTEM,
INC.; BUDGET TRUCK RENTAL,
LLC; JMJ RENTALS, LLC; JUSTIN
MCCLURE; MRJ RENTALS, LLC; P3
CAR RENTAL, LLC; AND PV
HOLDING CORP.                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND L. JONES, JUDGES.

THOMPSON, CHIEF JUDGE: The Commonwealth of Kentucky appeals from an order of the Jefferson Circuit Court which denied a motion from the Office of the Commonwealth's Attorney (CAO) for the 30th Judicial Circuit to quash a subpoena *duces tecum*. The Commonwealth argues that sovereign immunity precludes the trial court from ordering the CAO to turn over documents. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

In August of 2022, Ashley Catlett caused a car accident which led to the death of Thomas Elmore. That accident gave rise to both criminal and civil cases against her. The Commonwealth produced certain discovery materials to Ms. Catlett in the criminal case.

In the civil case, Jennifer Elmore, representing Mr. Elmore's estate and his daughter, brought several tort claims against Ms. Catlett and rental-car companies that she worked for. Ms. Elmore served Catlett a complaint and a documents request. In response to both the complaint and documents request, Ms. Catlett broadly invoked the Fifth and Fourteenth Amendments, including the privilege against self-incrimination.

Due to Ms. Catlett invoking her right against self-incrimination, Ms. Elmore sent the CAO a subpoena seeking the materials the CAO turned over to Ms. Catlett during discovery in the criminal case. The CAO then moved to quash

the subpoena. The CAO made multiple arguments in its motion, but the primary argument was that the court could not order it to turn over documents as such an order would violate the sovereign immunity of the CAO and the Commonwealth of Kentucky. The circuit court denied the motion to quash relying on the non-final case from this Court *Commonwealth v. Riley*, No. 2021-CA-1115-MR, 2022 WL 12129821 (Ky. App. Oct. 21, 2022). This appeal followed.

## ANALYSIS

Before we begin with our analysis of this case on the merits, we must first discuss the *Riley* case. The main issue in *Riley* is identical to the case before us. Can a trial court in a civil case order a Commonwealth Attorney, who is not a party to the civil suit, to turn over discovery materials from a criminal trial? The *Riley* Court held the trial court could do so and concluded sovereign immunity does not immunize the Commonwealth Attorney from non-party discovery requests. *Id.* at *3-4.

As previously mentioned, *Riley* is not yet final. On March 15, 2023, the Kentucky Supreme Court granted discretionary review. After the parties to the case tendered their briefs, on February 27, 2024, one of the parties to the civil case informed the Court that the requested criminal discovery materials had been turned over by the criminal defendant herself. On March 1, 2024, the Court ordered the parties to show cause as to why the appeal should not be deemed moot because the

-3-

requested discovery had been turned over. The parties filed their responses on March 21, 2024. At the time of writing this Opinion, there has been no further movement on that case.

In the case at hand, the Commonwealth requested that the trial court hold the case in abeyance pending the outcome of *Riley*. The trial court denied the motion. At the outset of this appeal, the Commonwealth made a motion to hold the appeal in abeyance pending the outcome of *Riley*. This Court also denied the motion. The first issue raised in the Commonwealth's brief in this appeal is that the appeal should be held in abeyance. We again deny the request. Seeing as *Riley* could be dismissed as moot, we feel it is necessary to rule on the merits of this case.

The primary issue in this case is whether the CAO is entitled to sovereign immunity and can decline to turn over documents requested via a non-party subpoena. Whether an entity is entitled to sovereign immunity is a question of law, to be reviewed *de novo*. *Louisville Arena Auth., Inc. v. RAM Eng'g & Constr., Inc.*, 415 S.W.3d 671, 677 (Ky. App. 2013).

> Sovereign immunity is founded on the notion that the resources of the state, its income and property, cannot be compelled as recompense for state action that harms a plaintiff through the ordinary suit-at-law process. It is often stated that the state is immune from suit unless there has been an express waiver allowing suit.

*Commonwealth v. Ky. Ret. Sys.*, 396 S.W.3d 833, 836 (Ky. 2013). Sovereign immunity also protects its possessor from the burdens of defending a suit and not just from liability. *Meinhart v. Louisville Metro Government*, 627 S.W.3d 824, 836 (Ky. 2021). This includes the burdens of discovery. *Id.*

> Sovereign immunity is a concept that applies to the state, but not necessarily to an agency, that may be waived by the state. As this Court has repeatedly held, . . . whether an agency of the state is entitled to the immunity of the state is determined by whether the agency performs an integral state function.

*Ky. Ret. Sys.*, 396 S.W.3d at 837 (citations omitted). Here, it is clear that the CAO performs an integral state function and is entitled to sovereign immunity. Neither party disagrees with this fact. The issue is whether sovereign immunity not only applies when the sovereign is a potential party to a lawsuit, but also when it is subject to discovery as a non-party.

The Commonwealth argues that subjecting the CAO to discovery would violate sovereign immunity. The Commonwealth relies on the case of *Dugan v. Rank*, 372 U.S. 609, 83 S. Ct. 999, 10 L. Ed. 2d 15 (1963), and other similar cases, to support its argument. In *Dugan*, the United States Supreme Court held:

> The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, . . . or if the effect of the judgment would

>be to restrain the Government from acting, or to compel it to act.

*Dugan*, 372 U.S. at 620, 83 S. Ct. at 1006 (internal quotation marks and citations omitted). The Commonwealth argues that a subpoena compels the CAO to act by forcing it to turn over documents; therefore, sovereign immunity applies.

This is an issue of first impression in Kentucky and there is no case law directly on point. In addition, neither party has provided any case law from other states which would help shed light on this subject. Our research has also found none. The parties have, however, brought to our attention a number of federal cases which discuss this issue. Our research has also found multiple federal cases. Unfortunately, there is no consensus. We have found cases which hold that non-party subpoenas to government agencies do violate sovereign immunity, *see Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022), and *United States Environmental Protection Agency v. General Elec. Co.*, 197 F.3d 592 (2d Cir. 1999), *opinion amended on reh'g*, 212 F.3d 689 (2d Cir. 2000); but we have also found cases which hold that sovereign immunity does not apply, *see Charleston Waterkeeper v. Frontier Logistics, L.P.*, 488 F. Supp. 3d 240 (D.S.C. 2020), and *Barnes v. Black*, 544 F.3d 807 (7th Cir. 2008).

While we will keep in mind the federal case law found during our research, it is not binding upon this Court. *United States, ex rel. United States Attorneys ex rel. Eastern, Western Districts of Kentucky v. Kentucky Bar Ass'n*,

-6-

439 S.W.3d 136, 147 (Ky. 2014). We believe the best course of action in determining this issue is to examine Kentucky law and see what we can glean.

We will first discuss *Commonwealth v. Kentucky Retirement Systems*, *supra*. In that case, our Supreme Court determined that sovereign immunity did not apply when the Commonwealth was named as a party in a declaratory judgment action. *Ky. Ret. Sys.*, 396 S.W.3d at 840-41. The Court held as such because in a declaratory action there is no claim for damages and no threat to the government's resources. *Id.* at 838. The Commonwealth argues *Kentucky Retirement Systems* is irrelevant because a declaratory action does not require the Commonwealth to take any action, but a request for discovery does require some action. We, on the other hand, do believe this case is relevant because it shows that sovereign immunity is not a complete shield and does not always apply.

In *Parish v. Petter*, 608 S.W.3d 638 (Ky. App. 2020), a panel of this Court held that a person could seek public documents through discovery requests to a non-party public agency and was not limited to seeking them via the Open Records Act. The Court held "that a party to litigation may seek public records from a nonparty public agency through discovery requests, including a notice to take deposition and subpoena. If the nonparty public agency objects, then the trial court must determine whether the records are discoverable or not in that case." *Id.* at 642. While the issue of sovereign immunity was not raised in *Parish*, we still

-7-

believe the holding of the Court is relevant. The Court held that a government agency could object to the discovery request; however, it is not an objection to bar discovery altogether. We believe the objection would be to determine what information is discoverable and what is not.

The Commonwealth in this case has stated that subjecting it to third-party discovery requests would be time consuming because it would require employees to sift through the requested evidence and remove any information that is not subject to discovery. While this might be an issue, we do not believe it would be so onerous as to bring the CAO to a halt. In this case, the evidence requested via the subpoena was evidence that had already been compiled and turned over to a defendant. Attorneys at the CAO routinely go through evidence to determine admissibility and this would be no different.

In addition, our research has found two other cases where a Kentucky court has held that prosecutors are subject to third-party discovery requests. *See O'Connell v. Cowan*, 332 S.W.3d 34 (Ky. 2010), and *Williams v. Sandel*, No. CV 08-04-DLB, 2010 WL 11538240 (E.D. Ky. Feb. 12, 2010). We note that, like *Parish*, these two cases did not consider a sovereign immunity argument.

After reviewing the above cases, the cases cited by the parties, and the arguments of the parties, we believe that sovereign immunity does not apply to third-party subpoenas. Sovereign immunity protects the Commonwealth and its

agencies from lawsuits and protects the government coffers, but it does not protect the Commonwealth from all acts of the judiciary. Kentucky courts have held that the Commonwealth must be a party to a declaratory action when necessary, *Kentucky Retirement Systems*, *supra*, and has held that government agencies can be subpoenaed by third-parties in civil suits, *Parish*, *supra*; *O'Connell*, *supra*; and *Williams*, *supra*. We do not believe that subjecting the CAO to third-party subpoenas would so greatly affect the resources of the office as to require sovereign immunity protection.

Our ruling does not prevent the Commonwealth, CAO, or other state agencies from objecting to discovery requests on a case-by-case basis. For example, a discovery request seeking the CAO's work product would generally be inappropriate and the CAO would be able to object. *O'Connell*, 332 S.W.3d at 42-44. Also, an objection could be made if the discovery request is too broad and unduly burdensome. *Key v. CitiMortgage, Inc.*, 686 S.W.3d 630, 635 (Ky. App. 2023); Kentucky Rules of Civil Procedure (CR) 26.03. While the CAO can object to discovery requests based on the type of discovery sought, it cannot use sovereign immunity as a shield to protect it from all discovery requests. The trial court did not err in denying the motion to quash the subpoena.

The Commonwealth also argues on appeal that the trial court erred in requiring a non-party to turn over materials that a party to the lawsuit already

possessed. The Commonwealth argues that because Ms. Catlett has access to the materials requested in the subpoena, the CAO should not have been burdened with the responsibility of turning them over. In other words, Ms. Catlett should be the only person responsible for these requested materials.

Determinations concerning discovery are reviewed for an abuse of discretion. *B. Dahlenburg Bonar, P.S.C. v. Waite, Schneider, Bayless & Chesley Co., L.P.A.*, 373 S.W.3d 419, 424 (Ky. 2012). We find no abuse of discretion here. First, Ms. Elmore requested the information she needed via the Open Records Act. That attempt was rebuffed due to the ongoing criminal case. Then, she sent a discovery request to Ms. Catlett, but Ms. Catlett refused that request due to issues of self-incrimination. Ms. Elmore did not push the issue by filing a motion to compel, instead she sent a subpoena to the CAO. Ms. Elmore indicated the need for a speedy return on the discovery materials due to statute of limitations issues. Ms. Elmore believed that without the discoverable material, she might not be able to discover all the parties she needed to join to the lawsuit. Due to Ms. Catlett's invocation of her right against self-incrimination and the need to receive discoverable material in a timely manner, it was reasonable to attempt to gain the information from the CAO. There was no abuse in discretion in the trial court's decision to deny the CAO's motion to quash the subpoena.

## **CONCLUSION**

Based on the foregoing, we affirm the judgment of the trial court.

ALL CONCUR.

| | |
|---|---|
| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEES JENNIFER ELMORE, AS ADMINISTRATRIX OF THE ESTATE OF THOMAS ELMORE; AND PARENT AND NEXT FRIEND OF AUDREY ELMORE, A MINOR: |
| Matthew F. Kuhn<br>Solicitor General | |
| Daniel J. Grabowski<br>Assistant Solicitor General<br>Frankfort, Kentucky | Nicholas Craddock<br>Louisville, Kentucky |