Case: 7:22-cv-00007-REW-EBA   Doc #: 111-2   Filed: 07/19/24   Page: 1 of 6 - Page ID#: 594

Commonwealth v. Riley, Not Reported in S.W. Rptr. (2022)
2022 WL 12129821

2022 WL 12129821
Only the Westlaw citation is currently available.

Unpublished opinion. See KY ST RAP Rule 41 before citing.

TO BE PUBLISHED
Court of Appeals of Kentucky.

COMMONWEALTH of Kentucky, Appellant

v.

Wayne RILEY, Administrator for the Estate of Archimedia Deleara Riley; Alexandria Bolton; Alliance Realty LLC; Alltrade Service Solutions, LLC; Berkshire Hathaway Homeservices Parks and Weisberg Realtors; C3 Holdings, LLC; Carla Harris, Administratrix for the Estate of Kameron Donte Harris; Danesha Peden; Michael Cooper, Administrator for the Estate of Savannah Mikayla Cooper; and Wayne Riley, Father and Next Friend of Skye Riley, a Minor, Appellees

NO. 2021-CA-1115-MR
|
October 21, 2022; 10:00 A.M.
|
Discretionary Review Granted by Supreme Court March 15, 2023

**Synopsis**
**Background:** Estates and survivors of apartment residents who died in fire in apartment building brought action against building owner. The Jefferson Circuit Court, No. 18-CI-002568, Eric J. Haner, J., granted owner's motion to compel non-party Commonwealth to turn over discovery from criminal prosecution of an individual for charges related to fire. Commonwealth appealed.

**Holdings:** The Court of Appeals, Caldwell, J., held that:

sovereign immunity does not protect the Commonwealth, as non-party to litigation, from being ordered to produce discovery as a matter of course, but

trial court abused its discretion in ordering Commonwealth to turn over discovery without first determining whether the tender would violate constitutional rights of the criminal defendant.

Vacated and remanded.

APPEAL FROM JEFFERSON CIRCUIT COURT, HONORABLE ERIC J. HANER, JUDGE, ACTION NO. 18-CI-002568

**Attorneys and Law Firms**

BRIEFS FOR APPELLANT: Daniel Cameron, Attorney General of Kentucky, Matthew F. Kuhn, Solicitor General, Brett R. Nolan, Principal Deputy Solicitor General, Daniel J. Grabowski, Assistant Solicitor General, Frankfort, Kentucky.

Case: 7:22-cv-00007-REW-EBA   Doc #: 111-2   Filed: 07/19/24   Page: 2 of 6 - Page ID#: 595

Commonwealth v. Riley, Not Reported in S.W. Rptr. (2022)
2022 WL 12129821

ORAL ARGUMENT FOR APPELLANT: Daniel J. Grabowski, Frankfort, Kentucky.

BRIEF FOR APPELLEE ALLTRADE SERVICES SOLUTIONS, LLC: Joseph M. Effinger, Ryan D. Nafziger, Robert L. Whitmer, Louisville, Kentucky.

ORAL ARGUMENT FOR APPELLEE: Ryan D. Nafziger, Louisville, Kentucky.

BEFORE: CLAYTON, CHIEF JUDGE; CALDWELL AND K. THOMPSON, JUDGES.

OPINION

CALDWELL, JUDGE:

*1 The Commonwealth appeals from an order directing it to turn over discovery, which it had previously produced in a criminal matter, to a civil litigant suing the criminally accused. The Commonwealth argues that the court had no authority to issue the order because it enjoys sovereign immunity and cannot be so compelled. The Commonwealth also argues, in the alternative, the court abused its discretion by issuing an order on a non-party, requiring it to produce documents which might compromise either its prosecution of the accused or the accused's rights. We vacate the trial court's order and remand this matter for a determination as to whether the accused's motion to stay the original order, requiring her to turn over the Commonwealth's initial discovery materials, should be granted.

**FACTS**

In December of 2017, a fire consumed an apartment building in south Louisville, killing several residents and injuring another. In May of 2018, the estates and survivors of those who perished in the fire filed suit against various entities, among them, Alltrade Service Solutions LLC (hereinafter, "Alltrade") which "owned, operated and managed" the apartment building.[1] That matter was assigned to Division One.

1   According to the amended complaints filed by Appellees in the trial court.

Danesha Peden was charged with various criminal offenses relating to the apartment fire.[2] The criminal matter was assigned to Division Six.

2   Jefferson Circuit Court, No. 17-CR-003708.

Alltrade filed a motion seeking discovery from Peden of all materials turned over to her by the prosecution in the criminal case. A motion to compel Peden to turn over the materials was filed in January of 2020. Division One granted the order and ordered the guardian *ad litem* assigned to Peden to obtain the materials from her criminal defense attorney.

The public defender assigned to represent Peden in the criminal matter appeared before Division One and moved for a stay of the order requiring his client to turn over materials, arguing irreparable injury could result from the dissemination of the information in an ongoing capital criminal matter. Rather than ruling specifically on Peden's motion, Division One entered an order requiring the Commonwealth's Attorney's office to turn over the materials it had turned over to Peden in the criminal case.

The Jefferson County Commonwealth's Attorney informed Division One that the question of the discoverability of such materials was before this Court in another matter and the issuance of an opinion was forthcoming.[3] Division One took no immediate action.

Case: 7:22-cv-00007-REW-EBA   Doc #: 111-2   Filed: 07/19/24   Page: 3 of 6 - Page ID#: 596

Commonwealth v. Riley, Not Reported in S.W. Rptr. (2022)
2022 WL 12129821

3      *Commonwealth v. Edwards*, No. 2020-CA-0984-OA.

In April of 2021, Division Six entered an order prohibiting the parties from sharing the discovery materials from the criminal case.

When the action before this Court was decided on procedural concerns and the merits of the discoverability question were not reached, Alltrade again filed a motion in Division One to compel the Commonwealth to turn over the discovery. The trial court ordered the Commonwealth to provide the court "a complete electronic copy of the discovery materials previously produced" in the criminal matter for an *in camera* inspection, and the court would provide counsel copies of all relevant documents after its inspection. It is from this order that the Commonwealth appeals.

**STANDARD OF REVIEW**

 **\*2**  Whether an entity is entitled to sovereign immunity is a question of law, to be reviewed *de novo. Louisville Arena Auth., Inc. v. RAM Eng'g & Const., Inc.*, 415 S.W.3d 671, 677 (Ky. App. 2013). Determinations concerning discovery are reviewed for an abuse of discretion. *B. Dahlenburg Bonar, P.S.C. v. Waite, Schneider, Bayless & Chesley Co., L.P.A.*, 373 S.W.3d 419, 424 (Ky. 2012).

**ANALYSIS**

The Commonwealth argues that sovereign immunity prevents the trial court from ordering it to act. If the Commonwealth is correct, there is no need for us to consider whether the trial court's order is otherwise proper, so we will first determine if sovereign immunity prevents the trial court from ordering the Commonwealth to turn over the documents produced in the criminal case.

We note at the outset of our analysis that the Commonwealth did not argue to the trial court that sovereign immunity prevented the court from ordering it to produce the discovery materials. But as the Commonwealth points out, preservation is not required. *See Wells v. Commonwealth Department of Highways*, 384 S.W.2d 308 (Ky. 1964) (holding because sovereign immunity can only be waived by the General Assembly, it can be raised as a defense for the first time on appeal).

   **1.** *Sovereign Immunity*
Sovereign immunity, broadly, prohibits suits against the Commonwealth. Our Supreme Court explained the concept in *Yanero v. Davis*:

> [S]overeign immunity is a concept that arose from the common law of England and was embraced by our courts at an early stage in our nation's history. [*Reyes v. Hardin Memorial Hospital*, 55 S.W.3d 337, 338 (Ky. 2001)]. It is an inherent attribute of a sovereign state that precludes the maintaining of any suit against the state unless the state has given its consent or otherwise waived its immunity. Restatement (Second) of the Law of Torts § 895B(1) (A.L.I. 1979); 72 Am.Jur.2d, States, Territories, and Dependencies, § 99 (1974). This principle was recognized as applicable to the Commonwealth of Kentucky as early as 1828. *Divine v. Harvie*, 23 Ky. (7 T.B.Mon.) 439, 441 (1828).

65 S.W.3d 510, 517-18 (Ky. 2001).

It matters not whether the entity involved here is named as the "Commonwealth of Kentucky" or the "Commonwealth's Attorney"; either proper party would enjoy sovereign immunity, were it to apply in this action. "The absolute immunity from suit afforded to the state also extends to public officials sued in their representative (official) capacities, when the state is the real party against which relief in such cases is sought." *Id.* at 518.

Case: 7:22-cv-00007-REW-EBA   Doc #: 111-2   Filed: 07/19/24   Page: 4 of 6 - Page ID#: 597

**Commonwealth v. Riley, Not Reported in S.W. Rptr. (2022)**
2022 WL 12129821

Whether a prosecutor or a prosecutorial agency enjoys sovereign, or "absolute" immunity or only "qualified" immunity turns on which role the agency and its personnel are embodying at the time the acts complained of occurred.[4] When the prosecutorial agency is acting as investigator, prior to litigation, only qualified immunity is enjoyed, while when performing an advocacy role, absolute immunity is enjoyed.

> These allegations occurred beyond the investigation phase of the case. Rather, the alleged failure to disclose evidence occurred at a point in time when the prosecutors were acting as advocates. Thus, we hold that the prosecutors are entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74, 113 S. Ct. 2606, 2616, 125 L. Ed. 2d 209, 226 (1993).

**\*3** Our holding reflects the policy decision made by this Court in *McCollum v. Garrett*, Ky., 880 S.W.2d 530 (1994), in which we drew a distinction between a prosecutor's role as investigator and his or her role as an advocate for the Commonwealth:

> During the time in which [the prosecutor] essentially acted as an investigator, the protection available to him was qualified immunity. Upon the commencement of prosecution and the assumption of his role of prosecutor, [the prosecutor's] immunity became absolute.

*Id.* at 535.
*Jefferson Cnty. Com. Attorney's Off. v. Kaplan*, 65 S.W.3d 916, 920 (Ky. 2001), *as modified on denial of reh'g* (Feb. 21, 2002).

[4] Official immunity can be absolute, as when an officer or employee of the state is sued in his/her representative capacity, in which event his/her actions are included under the umbrella of sovereign immunity as discussed in Part I of this opinion, *supra.* Similarly, when an officer or employee of a governmental agency is sued in his/her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled, as discussed in Part II of this opinion, *supra.* But when sued in their individual capacities, public officers and employees enjoy only qualified official immunity, which affords protection from damages liability for good faith judgment calls made in a legally uncertain environment. 63C Am.Jur.2d, *Public Officers and Employees*, § 309 (1997). Qualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions, *i.e.*, those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment, *id.* § 322; (2) in good faith; and (3) within the scope of the employee's authority. *Id.* § 309; Restatement (Second) Torts, *supra*, § 895D cmt. g. [1979]. An act is not necessarily "discretionary" just because the officer performing it has some discretion with respect to the means or method to be employed. *Franklin County v. Malone*, [957 S.W.2d 195, 201 (Ky. 1997)] (quoting *Upchurch v. Clinton County*, Ky., 330 S.W.2d 428, 430 (1959)). Qualified official immunity is an affirmative defense that must be specifically pled. *Gomez v. Toledo*, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980). *Yanero*, 65 S.W.3d at 521-22.

The Commonwealth argues that it is not just the imposition of a lawsuit against the sovereign, which is prohibited by sovereign immunity except when waived by the General Assembly, but *any* judicial process cannot be instituted or carried out against the Commonwealth without its consent. The Commonwealth argues that the discovery order here purports to compel it to act, which implicates its immunity.

We disagree with the Commonwealth. We believe that sovereign immunity is limited to instances where the Commonwealth or a division thereof is being named in an action. "The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth." Ky. Const. § 231. The Commonwealth can cite to no example in the jurisprudence of this jurisdiction where any other understanding is evinced. Rather, caselaw supports just the opposite conclusion.

**\*4** We begin with this caveat:

> [s]overeign immunity is founded on the notion that the resources of the state, its income and property, cannot be compelled as recompense for state action that harms a plaintiff through the ordinary suit-at-law process.

[*Commonwealth v. Kentucky Retirement Systems*, 396 S.W.3d 833, 836 (Ky. 2013)]. We follow it with this caveat:

> a declaratory judgment action is not a claim for damages, but rather it is a request that the plaintiff's rights under the law be declared. There is no harm to state resources from a declaratory judgment. When the state is a real party in interest, the state is merely taking a position on what a plaintiff's rights are in the underlying controversy.

*Cnty. Emps. Ret. Sys. v. Frontier Hous., Inc.*, 536 S.W.3d 712, 714 (Ky. App. 2017).

The Commonwealth's argument conveniently ignores caselaw involving discovery violations by the sovereign or its agencies; if entities of state government could not, because of immunity, be ordered to tender discovery, there would be no caselaw involving allegations of discovery violations by agencies. But such exist.

> We hold that a party to litigation may seek public records from a nonparty public agency through discovery requests, including a notice to take deposition and subpoena. If the nonparty public agency objects, then the trial court must determine whether the records are discoverable or not in that case.

*Parish v. Petter*, 608 S.W.3d 638, 642 (Ky. App. 2020).[5]

[5] *See also Grant v. Commonwealth*, 244 S.W.3d 39 (Ky. 2008) (holding Commonwealth's failure to provide discovery required reversal of conviction); *Roberts v. Commonwealth*, 896 S.W.2d 4, 6-7 (Ky. 1995). ("[I]t is imperative that the Commonwealth provide full and timely discovery pursuant to [Kentucky Rules of Criminal Procedure] RCr 7.24 and 7.26. Failure to do so will result in severe sanctions.").

We hold that immunity does not protect the Commonwealth from being ordered to produce discovery as a matter of course. Therefore, we turn to the question of whether it was proper for Division One to order the Commonwealth as a non-party to the lawsuit to tender discovery from the criminal case.

### 2. *Discovery Order was an abuse of discretion*

The Commonwealth insists that it was an abuse of discretion for Division One to order the Commonwealth, as a non-party, to turn over discovery when a party to the action, Peden, possessed the materials sought. We find that the court did abuse its discretion in entering the order; not because it is improper for the Commonwealth to turn over the discovery, but because the court did not first determine whether the tender would violate a party's constitutional rights.

Peden's criminal defense counsel refused to turn over the materials, citing the possibility of implicating her rights vis-à-vis the criminal prosecution in which the death penalty was a possibility. Not knowing that Division One had ordered the discovery from the criminal case be turned over, Division Six entered an order sealing the discovery in the criminal case. When Division Six learned that Division One had previously entered an order for the discovery to be turned over, it abated its order sealing the discovery. Division One then sidestepped the question of whether Peden's rights would be implicated by requiring the criminal case discovery to be turned over and ordered the Commonwealth to provide it. That was an abuse of discretion.

**\*5** In *O'Connell v. Cowan*, 332 S.W.3d 34 (Ky. 2010), a criminal defense attorney was charged with intimidating a witness in a criminal matter in which he represented the defendant. In the criminal proceeding against him, the attorney sought the prosecutor's file in an attempt to determine the basis for the charge against him, which he claimed was false. The prosecutor willingly turned over all discovery materials in the original criminal case file, but resisted being deposed, citing privilege. The trial court ordered the prosecutor to submit, citing Kentucky Rule of Civil Procedure ("CR") 26.02(3)(a),[6] finding the attorney was in substantial need of the information and was unable to obtain the substantial equivalent of the information by other means. The prosecutor filed a petition for a writ of prohibition in this Court, which denied the relief. The prosecutor appealed as a matter of right to the Kentucky Supreme Court, which reversed this Court, and remanded the matter to the trial court to determine whether there was the requisite "compelling need" to vitiate the work product privilege and require the tender. Notably, the Court did not hold that the Commonwealth was not subject to the order.

Case: 7:22-cv-00007-REW-EBA   Doc #: 111-2   Filed: 07/19/24   Page: 6 of 6 - Page ID#: 599

Commonwealth v. Riley, Not Reported in S.W. Rptr. (2022)
2022 WL 12129821

| | |
|---|---|
| 6 | Subject to the provisions of paragraph (4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under paragraph (1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.<br>CR 26.02(3)(a). |

Though the materials sought here are of a different character than those sought in the *O'Connell* case, it is illustrative that the Supreme Court ruled not that the materials were not discoverable at all, but remanded for a determination of whether there was sufficient reason to possibly implicate the attorney work product privilege. In the present case, the privilege is not in any way implicated because Alltrade did not seek the entire prosecution file, but only those preliminary materials turned over to the defense via RCr 7.24. But the question of whether Peden's rights would be implicated was not resolved by the court.

The Commonwealth does not have standing to assert the constitutional rights of an individual. "Ordinarily, a litigant may only assert his own constitutional rights or immunities." *Associated Indus. of Kentucky v. Commonwealth*, 912 S.W.2d 947, 951 (Ky. 1995). However, we find that the court's order forced the Commonwealth to again raise the issue of Peden's rights since the court failed to address that question when it did not address Peden's motion to stay the order.

We find that Division One abused its discretion, however, in not ruling on Peden's motion to stay the order promulgated by it ordering *her* to turn over the discovery provided her, a party to the action before it. Alltrade may well be correct that there was nothing in the materials which implicated Peden's rights, but that finding was never made by Division One. Therefore, we remand this matter for a determination as to whether Peden is entitled to a stay of that order.

We agree with the Commonwealth that if Peden's objection is well taken, then any order requiring the discovery materials to be turned over violates Peden's rights. We hold Division One abused its discretion in not addressing whether Peden's constitutional rights would be violated by requiring the discovery materials from the criminal prosecution be turned over to the civil plaintiff before the resolution of the criminal case.

**CONCLUSION**

 **\*6**  We find that the trial court abused its discretion in entering the order requiring the Commonwealth to tender the discovery without first addressing the motion for a stay of the order compelling the same from Peden, a party to the action. We vacate and remand for a determination as to whether Peden's motion for a stay ought to be entered.

ALL CONCUR.

**All Citations**

Not Reported in S.W. Rptr., 2022 WL 12129821

End of Document                                            © 2024 Thomson Reuters. No claim to original U.S. Government Works.