UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

*Electronically filed*

| | |
|---|---|
| SABRINA ADKINS, *et al.* | |
| *Plaintiffs* | |
| v. | No. 7:22-cv-00007-REW-EBA |
| BEN FIELDS, individually and in his official capacity as a Deputy Sheriff with the Letcher County Sheriff's Department, *et al.* | |
| *Defendants* | |

**ATTORNEY GENERAL'S REPLY TO PLAINTIFFS' RESPONSE TO HIS MOTION TO QUASH SUBPOENA**

Russell Coleman, Attorney General of the Commonwealth of Kentucky, files this reply to the Plaintiffs' response (Doc. 111) to the Attorney General's motion to quash the Plaintiffs' subpoena (Doc. 108).

**ARGUMENT**

**I.   The Plaintiffs agree they cannot obtain the transcript or audio recording of the grand jury proceedings.**

In his motion to quash, the Attorney General had argued that the secrecy of grand jury proceedings precluded the Plaintiffs' subpoena, which sought production of the transcript or audio recordings of the grand jury proceedings in Defendant Fields's criminal case. (*See* Doc. 108, AG Mot. to Quash, at 8–11, PageID# 560–63.)

1

In their response, the Plaintiffs stated that they have "abandon[ed] their request for the Letcher County Grand Jury Proceedings." (Doc. 111, Plfs. Resp., at 6, PageID# 581.) Thus, at a minimum, the Court should grant the Attorney General's motion to quash to the extent the Plaintiffs' subpoena would require production of the transcript or recording of the Letcher County grand jury proceedings. (*See* Doc. 108-1, Plfs. Subpoena, at 4, PageID# 568.)

## II. Sovereign immunity under Kentucky law precludes the Plaintiffs' subpoena.

In response to the Attorney General's motion to quash, the Plaintiffs first respond to the Attorney General's argument that state sovereign immunity law precludes the Plaintiffs' subpoena by arguing that this Court should follow two non-final decisions of the Kentucky Court of Appeals, *Commonwealth v. Elmore*, No. 2023-CA-0845-MR, 2024 WL 3210220 (Ky. App. June 28, 2024), *disc rev. pending*, No. 2024-SC-0347 (Ky.), and *Commonwealth v. Riley*, No. 2021-CA-1115-MR, 2022 WL 12129821 (Ky. App. Oct. 21, 2022), *disc. rev. granted*, No. 2022-SC-0505 (Ky.). (*See* Doc. 111, Plfs. Resp., at 3–5, PageID# 578–80.[1]) But neither *Elmore* nor *Riley* is binding on this Court, and neither case is persuasive evidence of Kentucky law on the subject.

This Court must decide for itself how the Supreme Court of Kentucky will rule on the sovereign immunity issue raised in *Elmore* and *Riley*. In the Sixth Circuit, a federal court construing state law should not disregard the decisions of intermediate

---

[1] The Attorney General had acknowledged the existence of these cases in his motion but had argued that "those cases are distinguishable." (Doc. 180, AG Mot. to Quash, at 8 n.7, PageID# 560.)

2

appellate state courts, but it may reach a contrary decision if it is convinced that the highest court of the state would decide otherwise. *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999); *see also Horizon Lawn Maint., Inc. v. Columbus-Kenworth, Inc.*, 188 F. Supp. 3d 631, 635 (E.D. Mich. 2016) ("[W]hile intermediate state appellate court decisions provide significant guidance concerning the content of state law, they are not binding on federal courts."). "If the state supreme court has not yet addressed the issue presented, we must predict how the court would rule by looking to all the available data." *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001) (citation omitted); *see In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir. 2005). So, while decisions of the Kentucky Court of Appeals may warrant consideration, this Court must decide the state-law immunity issue for itself. The Kentucky Court of Appeals' decisions simply are not "dispositive," as the Plaintiffs argue. (*See* Doc. 111, Plfs. Resp., at 4, PageID# 579.)

Further, the Kentucky Court of Appeals' decisions in *Elmore* and *Riley* are not precedential authority at all. "A federal court must accord the same precedential value to a state-court decision as it would be accorded by that state's courts. . . . If a state court would not be bound by a particular state-court decision, then neither is this court." *Appalachian Railcar Servs., Inc. v. Boatright Enterprises, Inc.*, 602 F. Supp. 2d 829, 846–47 (W.D. Mich. 2008) (citations omitted). The Supreme Court of Kentucky has cautioned that it is "improper" to cite or rely on the non-final decisions of the Kentucky appellate courts, "for clearly there can be no precedential value to a holding that is still being considered." *State Farm Ins. Co. v. Edwards*, 339 S.W.3d

3

456, 459 n.2 (Ky. 2011); *see also* Ky. R. App. P. 40(H) ("Non-final opinions, orders, or opinions and orders may not be cited as binding precedent in any court of this state. . . ."). A motion for discretionary review in the Supreme Court of Kentucky is still pending in *Elmore*, so the Court of Appeals' decision in that case is still not final. *See* Ky. R. App. P. 40(G)(2) ("The filing of a timely motion for discretionary review . . . suspends finality of the opinion for which review is sought."). And the Supreme Court of Kentucky has already granted discretionary review in *Riley*, so the Court of Appeals' decision in that case will *never* have precedential effect. *See id.* ("If the motion for review is granted, the opinion of the court finally disposing of the matter supersedes all lower court opinions arising from the appeal."). Thus, neither *Elmore* nor *Riley* may be relied on or cited as "dispositive" of Kentucky law on the state-law sovereign immunity issue, and this Court must predict how the Supreme Court of Kentucky will decide the issue without relying on the Kentucky Court of Appeals' analysis in these cases.

The Plaintiffs cite two other cases in support of their argument that the Kentucky law of sovereign immunity does not bar their subpoena. (*See* Doc. 111, Plfs. Resp., at 4, PageID# 579.) Neither commands the result they seek.

In *Parish v. Petter*, 608 S.W.3d 638 (Ky. App. 2020), the Kentucky Court of Appeals held, as relevant here, that

> a party to litigation may seek public records from a nonparty public agency through . . . a notice to take deposition and subpoena. *If the nonparty public agency objects, then the trial court must determine whether the records are discoverable or not in that case.* This evaluation is independent of whether the party seeking to compel discovery is also a requester of public records under the [Kentucky Open Records Act].

4

*Id*. at 642 (emphasis added). Thus, the Court of Appeals did not foreclose sovereign immunity as a defense to "discoverab[ility]" of documents via a third-party subpoena in a specific case. In fact, there was no immunity issue raised by the parties or decided by the court in *Parish*. In any event, the local police department at issue in *Parish* would not have been entitled to claim sovereign immunity—as the Attorney General has in this case—because sovereign immunity under Kentucky law applies only to the Commonwealth itself, state agencies, and state officials in their official capacities. *See Yanero v. Davis*, 65 S.W.3d 510, 517–18 (Ky. 2001) ("[Sovereign immunity] was recognized as applicable to the Commonwealth of Kentucky as early as 1828. . . . The absolute immunity from suit afforded to the state also extends to public officials sued in their representative (official) capacities, when the state is the real party against which relief in such cases is sought." (citations omitted)). And so, the *Parish* court did not decide how a future court must rule on any objections by a public agency to the discovery of its documents and information, and so its holding is not helpful to this Court in this case.

The Plaintiffs also cite *O'Connell v. Cowan*, 332 S.W.3d 34 (Ky. 2010), for the broad proposition that "prosecutors are subject to third-party discovery requests." (Doc. 111, Plfs. Resp., at 4, PageID# 579.) Like the Court of Appeals in *Parish*, the Supreme Court of Kentucky in *O'Connell* did not address any sovereign immunity issue at all, as it appears the prosecutor at issue never raised it. Rather, the Supreme Court held that the Court of Appeals should have granted a writ of prohibition to the prosecutor based on the attorney work product doctrine, and that any request for

5

production directed to the prosecutor must be evaluated under a "heightened 'compelling need' standard." *Id.* at 45. It is certainly not unusual for a court not to decide an issue not raised by any of the parties to a case, and the court's silence on an issue not raised should not be interpreted as dispositive of that issue.

Neither the Plaintiffs nor any of the cases they cite answers the question of why a litigant should be able to obtain more documents or information from a state government agency or official entitled to sovereign immunity via a third-party subpoena than he or she could obtain from the same agency or official in civil discovery. The burden on the immune agency or official is the same. Kentucky law is not at all clear that the otherwise immune agency or official may be required to shoulder the burden, cost, and intrusion into its governmental operations caused by a third-party subpoena. For the reasons argued in the Attorney General's motion, the Plaintiffs' subpoena should be quashed.

### III. The federal doctrine of sovereign immunity precludes the Plaintiffs' subpoena.

The Plaintiffs next respond to the Attorney General's motion to quash by arguing that the Eleventh Amendment and the federal doctrine of sovereign immunity do not bar their subpoena. (*See* Doc. 111, Plfs. Resp., at 5–6, PageID# 580–81.) The Plaintiffs dismiss *Dugan v. Rank*, 372 U.S. 609 (1963), and *EPA v. General Electric Co.*, 197 F.3d 592, 597 (2d Cir. 1999), as "factually distinct cases from other

6

circuits and districts, which have no bearing on this Court and the issue at hand."[2] (*Id.* at 5, PageID# 580; *see* Doc. 108, AG Mot. to Quash, at 4–5, PageID# 556–57.)

For their part, the Plaintiffs rely almost exclusively on an unpublished memorandum order by U.S. Magistrate Judge Wehrman in *Williams v. Sandel*, No. 2:08-cv-00004-DLB-JGW, 2010 WL 11538240 (E.D. Ky. Feb. 12, 2010).[3] (*Id.* at 5–6, PageID# 580–81.) But the entirety of Judge Wehrman's analysis of the immunity issue in *Williams* was:

> The prosecutors, through counsel, argue strenuously that to permit the depositions and discovery to proceed would be to indirectly violate their absolute entitlement to prosecutorial immunity. There is no question that "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *See Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S. Ct. 984, 990 (1976)). This absolute immunity protects a prosecutor from suit, not just from liability. *Id.* However, in this case, the prosecutors are not defendants in this litigation; therefore, absolute prosecutorial immunity is not directly implicated.

*Williams*, 2010 WL 11538240, at *3. In other words, Magistrate Judge Wehrman held that a third-party subpoena is not a "suit for damages" for absolute prosecutorial immunity purposes. His decision says nothing at all about what constitutes a suit for federal sovereign immunity purposes. Indeed, absolute prosecutorial immunity is not the same as sovereign immunity. The two doctrines have different common law sources and different underlying rationales. *Compare Imbler v. Pachtman*, 424 U.S.

---

[2] The Plaintiffs' response does not discuss *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022), on which the Attorney General relied in his motion. (*See* Doc. 108, AG Mot. to Quash, at 5–6, PageID# 557–58.)

[3] The Plaintiffs also reiterate their reliance on *Elmore*. (Doc. 111, Plfs. Resp., at 6, PageID# 581.) But *Elmore* did not discuss either the Eleventh Amendment or the federal doctrine of sovereign immunity and is therefore unhelpful to the Court in deciding this issue.

7

409, 421–25 (1976), *with Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002). Therefore, the brief analysis of the immunity issue in *Williams* has little relevance to the issues involved in this case.

Rather than relying on the unpublished decision of Magistrate Judge Wehrman in *Williams*, in the absence of any applicable Sixth Circuit precedent, this Court should instead adopt the reasoning of the Fifth Circuit in *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022). The non-parties who were subpoenaed in *Russell* were several state court judges.[4] *Id*. at 510. The Fifth Circuit held that sovereign immunity barred the third-party subpoena to the judges because the subpoena would infringe on state sovereignty, and thus implicate federalism principles. *See id*. at 513 (quoting *Ex parte Ayers*, 123 U.S. 443, 505 (1887)) (noting that sovereign immunity is designed to "prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties"); *id*. at 515 ("These interests—the sovereign's dignity and authority over its prerogatives—are no less interesting when a sovereign is served with a *subpoena duces tecum* instead of a complaint."). The Court should hold that federalism principles bar a federal court subpoena to a state officer, just as the Supremacy Clause bars a state court subpoena to a federal officer. For the reasons argued in the Attorney General's motion, the Plaintiffs' subpoena should be quashed.

---

[4] The Plaintiffs' position that the Attorney General is asking the Court to "liken his state office to the Federal Government" (Doc. 111, Plfs. Resp., at 6, PageID# 581) is therefore incorrect.

## CONCLUSION

Attorney General Russell Coleman's motion to quash the Plaintiffs' subpoena (Doc. 108) should be granted.

Respectfully submitted,

/s/ Aaron J. Silletto
Aaron J. Silletto (KBA# 89305)
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
aaron.silletto@ky.gov

*Counsel for Attorney General
Russell Coleman*

## CERTIFICATE OF SERVICE

I certify that on August 2, 2024, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

/s/ Aaron J. Silletto
*Counsel for Attorney General
Russell Coleman*