UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:22-CV-00007-REW-EBA

SABRINA ADKINS, *et al.*,                                                                                PLAINTIFFS,

V.                                                          **ORDER**

BEN FIELDS, *et al.*                                                                                      DEFENDANTS.

*** *** *** ***

This matter is before the Court on Movant Russell Coleman's, Attorney General of the Commonwealth of Kentucky, Motion to Quash Subpoena. [R. 108]. Plaintiffs have filed a Response opposing the motion [R. 111] and Coleman has filed a Reply in support of his motion. [R. 112]. The matter is therefore ripe for review.

The Attorney General's office previously prosecuted Defendant Ben Fields in Kentucky state court. *See Commonwealth v. Fields*, No. 22-CR-00216 (Letcher Cir. Ct.). Fields eventually entered guilty pleas on one count of rape in the third degree, one count of sodomy in the third degree, two counts of tampering with a prisoner monitoring device, and one count of perjury in the second degree and he was sentenced to seven years' imprisonment. [R. 108 at pg. 2]. While prosecuting the criminal matter, the Commonwealth of Kentucky produced discovery materials to Defendant Fields and his counsel. Now, in the civil matter currently before this Court, Plaintiffs have subpoenaed Coleman for copies of these discovery materials, along with a copy of the transcript of the grand jury proceedings associated with the state criminal case. [*See* R. 108-1]. While Plaintiffs have received redacted versions of these materials from the Commonwealth as part of a prior Open Records Request [*see* R. 108 at pg. 2, fn. 3], Plaintiffs now seek unredacted copies of these records and have represented, along with the Defendants, that the production of

these materials is needed before the Defendants can be deposed. [R. 103 at pg. 2]. Coleman has now moved to quash this subpoena on the grounds that the federal doctrine of sovereign immunity precludes the enforcement of Plaintiffs' subpoena, that sovereign immunity caselaw from Kentucky also precludes the enforcement of the subpoena, and that, at the very least, the secrecy of the grand jury proceedings prevents the Plaintiffs from obtaining a copy of the grand jury transcript. [*See* R. 108]. The Plaintiffs have filed a Response opposing Coleman's motion [R. 111] and Coleman has filed a Reply in support of his motion. [R. 112]. The matter is therefore ripe for review.

Pursuant to FED. R. CIV. P. 26(b)(1), unless otherwise limited, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . Information within this scope of discovery need not be admissible in evidence to be discoverable." The courts have broadly construed this language "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). While this scope is not without limits, the Sixth Circuit has consistently held that "'[t]he scope of discovery is within the sound discretion of the trial court, and a ruling by the trial court limiting or denying discovery will not be cause for reversal unless an abuse of discretion is shown.'" *France v. Lucas*, 836 F.3d 612, 631 (6th Cir. 2016) (quoting *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008)).

Additionally, pursuant to FED. R. CIV. P. 45(d)(3) a subpoena may be quashed or modified if the subpoena "fails to allow a reasonable time to comply" or "subjects a person to undue burden." "'The party seeking to quash a subpoena bears the ultimate burden of proof.'" *Schnatter v. 247 Grp., LLC*, 343 F.R.D. 325, 330 (W.D. Ky. 2022) (quoting *Hendricks v. Total Quality Logistics*,

275 F.R.D. 251, 253 (S.D. Ohio 2011)). Whether a subpoena is unduly burdensome depends on the facts of the case and to make this determination, "the court must weigh the relevance of the requested material against the burden of producing the material." *Id.* (citing *E.E.O.C. v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994)). Further, non-party status is a factor the Court should consider in this analysis. *Id.* The Court is also to consider "'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). Ultimately, the Court must balance the need of discovery against the burden imposed on the subpoenaed party. *Id.* Finally, the subpoenaing party must take reasonable steps to avoid imposing an undue burden or expense on the subpoenaed entity. FED. R. CIV. P. 45(c)(1).

Here, Plaintiffs make clear in their Response that they are no longer seeking a copy of the grand jury transcript. [R. 111 at pg. 6]. Therefore, to that extent at least, Coleman's motion shall be granted. As for the other documents Plaintiffs are requesting, the main issue is to determine whether sovereign immunity shields the Attorney General from being subpoenaed in this matter.

The Eleventh Amendment holds that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As the Sixth Circuit has explained, "'[A] suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief.'" *EMW Women's Surgical Ctr., P.S.C. v. Beshear*, 920 F.3d 421, 444–45 (6th Cir. 2019) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984)). Indeed, Kentucky courts

have acknowledged that sovereign immunity "is intended to act as a shield, not just from liability, but also the burdens of a suit." *Meinhart v. Louisville Metro Gov't*, 627 S.W.3d 824, 836 (Ky. 2021) The only two exceptions to this rule are when Congress abrogates state sovereign immunity through the Fourteenth Amendment and when the State consents to suit. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).

While it is not disputed that Coleman is a state official and sovereign immunity would thus apply if he or his agency were named as a party to this action, the question is whether Plaintiffs' subpoena can be considered a "suit" as contemplated by the Eleventh Amendment. "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' *Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947), or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' *Larson v. Domestic & Foreign Corp.*, *supra*, 337 U.S. at 704, 69 S.Ct. at 1468, 93 L.Ed. 1628; *Ex parte New York*, 256 U.S. 490, 502, 41 S.Ct. 588, 591, 65 L.Ed. 1057 (1921)." *Dugan v. Rank*, 372 U.S. 609, 620 (1963). The actual definition of what is considered a "suit" under this definition is not always clear and the scopes of sovereign immunity can and have varied by state and circuit. Specifically, federal courts have differed on whether a third-party subpoena served on a state or governmental agency is considered a suit under the Eleventh Amendment and barred under sovereign immunity. *See Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022) (where the Fifth Circuit held that non-party subpoenas issued to judges violated sovereign immunity); *U.S. E.P.A. v. Gen. Elec. Co.*, 197 F.3d 592, 597 (2d Cir. 1999), *opinion amended on reh'g*, 212 F.3d 689 (2d Cir. 2000) (where the Second Circuit agreed "with the district court that the enforcement of this subpoena duces tecum issued by General Electric to the EPA would compel the EPA to act and therefore is barred by sovereign immunity in the absence of a

waiver."); *Charleston Waterkeeper v. Frontier Logistics, L.P.*, 488 F. Supp. 3d 240, 248 (D.S.C. 2020) (where the Fourth Circuit held that "the doctrine of state sovereign immunity does not preclude a court from enforcing the subpoena against the Ports Authority or any of its employees."); *Barnes v. Black*, 544 F.3d 807 (7th Cir. 2008) (where the Seventh Circuit explained that order commanding a non-party state official to produce documents in a case did not violate sovereign immunity principles). However, neither party has produced any caselaw from the Sixth Circuit that is on-point and controlling in this matter. However, the parties do discuss two recent Kentucky state court cases that do touch on this issue: *Commonwealth v. Riley*, No. 2021-CA-1115-MR, 2022 WL 12129821 (Ky. App., Oct. 21, 2022), *review granted* (Mar. 15, 2023) and *Commonwealth v. Elmore*, No. 2023-CA-0845-MR, 2024 WL 3210220 (Ky. App., June 28, 2024).

In *Riley*, the Commonwealth of Kentucky appealed from an order "directing it to turn over discovery, which it had previously produced in a criminal matter, to a civil litigant suing the criminally accused" on the grounds that the trial court had no authority to issue the order due to the doctrine of sovereign immunity. *Riley*, 2022 WL 12129821 at *1. As the Kentucky Court of Appeals explained, the Commonwealth argued that "it is not just the imposition of a lawsuit against the sovereign, which is prohibited by sovereign immunity except when waived by the General Assembly, but any judicial process cannot be instituted or carried out against the Commonwealth without its consent. The Commonwealth argues that the discovery order here purports to compel it to act, which implicates its immunity." *Id.* at *3. The court, however, did not agree with this argument and held that "sovereign immunity is limited to instances where the Commonwealth or a division thereof is being named in an action." *Id.* The Court of Appeals then cited to examples of cases that analyzed whether the sovereign or its agencies had committed discovery violations and that "if entities of state government could not, because of immunity, be ordered to tender

discovery, there would be no caselaw involving allegations of discovery violations by agencies. But such exist." *Id.* at *4. While the Court of Appeals did find that the trial court abused its discretion in entering the at-issue order without first addressing the motion for a stay of said order, the court was clear that "immunity does not protect the Commonwealth from being ordered to produce discovery as a matter of course." *Id.* at *4–6.

As for the *Elmore* case, it is very similar to the fact pattern in this matter: the plaintiff in a civil matter that was related to a state criminal case subpoenaed the Commonwealth Attorney's Office for documents that were provided to the defendant in the criminal case and the Commonwealth objected to the subpoena on sovereign immunity grounds. *Elmore*, 2024 WL 3210220 at *1. The Commonwealth Attorney's Office then appealed the trial court's denial of its motion to quash. *Id.* As the Court of Appeals explained, "[t]his is an issue of first impression in Kentucky and there is no case law directly on point." *Id.* at *2. However, after examining federal and state caselaw that touched on this issue, the court held that "sovereign immunity does not apply to third-party subpoenas. Sovereign immunity protects the Commonwealth and its agencies from lawsuits and protects the government coffers, but it does not protect the Commonwealth from all acts of the judiciary." *Id.* at * 3. While the Court of Appeals did clarify that the Commonwealth can object to discovery requests on a case-by-case basis, "it cannot use sovereign immunity as a shield to protect it from all discovery requests." *Id.* at *4.

As Coleman points out, it is true that these decisions are intermediate appellate state court decisions, which are not binding on this Court. [R. 112 at pgs. 2–3]. Indeed, the Kentucky Court of Appeals itself acknowledges that *Riley* is not final and is currently pending before the Kentucky Supreme Court. *Elmore*, 2024 WL 3210220 at *1. And as Coleman explains, "[a] motion for discretionary review in the Supreme Court of Kentucky is still pending in *Elmore*, so the Court of

Appeals' decision in that case is still not final." [R. 112 at pg. 4]. Rather than merely relying on these decisions, when the state supreme court has not yet ruled on the pending issue, the Court must predict how the state supreme court may rule on the issue by looking at all data available on the topic. *Pennington v. Am. Tel. & Tel. Co.*, 202 F. App'x 880, 883 (6th Cir. 2006). However, "'[r]elevant data include decisions of the state appellate courts, and those decisions should not be disregarded unless we are presented with persuasive data that the [state supreme court] would decide otherwise.'" *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 402 (6th Cir. 2019) (quoting *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001)). Here, insufficient evidence has been presented to indicate that the Kentucky Supreme Court will rule that sovereign immunity is not a bar to issuing a third-party subpoena on a government agency.

Rather, the Court finds the Fifth Circuit's analysis in *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022) to be the most persuasive case on this issue. In that case, the Fifth Circuit explained that "[t]he doctrine of state sovereign immunity recognizes the 'residua[l] and inviolable sovereignty' retained by the states in the Constitution's wake." *Id.* at 512 (quoting *Alden v. Maine*, 527 U.S. 706, 715 (1999)). The Fifth Circuit thus found that sovereign immunity barred the enforcement of third-party subpoenas that had been issued to state-level judges who were involved in the creation and enforcement of a state county bail schedule that was at issue in the case. *Id.* As the court explained, "the indignity that sovereign immunity was designed to prevent may arise *either* when the state is a defendant *or* when its sovereign prerogatives are subjected to individuals through coercive judicial process." *Id.* at 514 (emphasis in original). Further, the Fifth Circuit emphasized that "sovereign immunity is an immunity from *suit* (including discovery), not just liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get

discovery. They don't pass go." *Id.* (emphasis in original).

Here, the same interest and issues seem to apply as they did in *Jones*. While the Attorney General is not a named party to this action, subpoenaing the Attorney General's office would infringe on its immunity from suit, including discovery, which has been established by the Supreme Court. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Further, the subpoena would appear to interfere with the public administration of the Attorney General's office given the fact that the subpoena would require the Attorney General to review approximately 25,000 pages of documents. [*See* R. 108 at pg. 2, fn. 3]. Finally, as the Attorney General explains, the Plaintiffs have other avenues available to them to obtain the requested information that would avoid the federalism concerns their subpoena now poses. [*See id.* at pgs. 11–12]. Given the interests and principles underlying the doctrine of sovereign immunity, the Court will therefore grant the Attorney General's motion to quash. Accordingly,

IT IS ORDERED that Movant Russell Coleman's, Attorney General of the Commonwealth of Kentucky, Motion to Quash Subpoena [R. 108] is GRANTED. The subpoena is hereby QUASHED and the parties are precluded from issuing subpoenas for documents in the possession, custody, or control of the Attorney General's Office of Special Prosecutions related to the criminal prosecution of Defendant Ben Fields.

Signed August 28, 2024.



Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**