EXHIBIT 7

# Letcher County Sheriff's Department

| Policy # **Internal Affairs/Citizen Complaints** | Related Policies: |
|---|---|
| *This policy is for internal use only and does not enlarge an employee's civil liability in any way. The policy should not be construed as creating a higher duty of care, in an evidentiary sense, with respect to third party civil claims against employees. A violation of this policy, if proven, can only form the basis of a complaint by this department for non-judicial administrative action in accordance with the laws governing employee discipline.* ||
| Applicable State Statutes: KRS 15.520; 15.410-15.992; 78.445; 83A.130(9); 83A.080(2); and 95.765 ||
| CALEA Standard: **52.1.1, 52.1.2, 52.1.3, 52.1.4, 52.1.5, 52.1.2** ||
| Date Implemented: | Review Date: |

I. **Purpose:** It is imperative that the Police/Sheriff's Department operates in a degree of transparency and is responsive to complaints alleging employee misconduct and external concerns regarding the operation of the Department. Members of the public should be provided with a reasonable avenue for any redress of grievances they may have with the service received by police/sheriff's employees and the conduct of the Police/Sheriff's Department. This policy provide members of the Department with the procedures for the acceptance of complaints, the initiation of the administrative investigative process, the process for conducting a fair and reasonable investigation, the proper methods for adjudication of these administrative investigations, and the methods for the administration of fair, reasonable and defensible discipline. It is not required that every agency have a designated person or unit expressly for IA/OPS operations, but every agency must have someone who becomes the most knowledgeable person regarding these practices.

II. **Policy:** The Police/Sheriff's Department will accept and document all complaints alleging employee or Department misconduct for the following principle reasons:

   A. To ensure that complaints alleging employee or agency misconduct are accepted and investigated in a consistent and reasonable manner to uncover the truth of the allegations,

   B. To identify areas of misunderstanding by the complaining citizen,

   C. To identify employees whose attitude, behavior and/or performance is in need of correction and supervisory intervention,

   D. To protect agency employees and the Department from erroneous complaints, and

   E. To identify Department policies, training and/or practices in need of reevaluation, clarification and/or correction.

III. **Definitions:**

**EXHIBIT F**

A. Complaint of employee misconduct: A complaint is an allegation from any source of an act or omission by an agency employee, which if proven true, would be considered misconduct or a violation of agency policies, rules or regulations

B. Note: Complaints regarding the validity of traffic citations or parking tickets are not considered complaints for this definition and the party should be referred to the proper court for resolution.

C. Complaint of agency dissatisfaction: A complaint from an external source of dissatisfaction with an agency policy or practice

D. Public concerns regarding law enforcement operations not amounting to a complaint: A concern expressed by a member of the public which does not meet the agency's definition of a complaint, but must be documented by the agency employee receiving the information from the member of the public

## IV. Procedure:

A. Sources for complaints: A complaint can originate from any of the following sources:
   a. Individual aggrieved person,
   b. Third party,
   c. Anonymous,
   d. Agency employee,
   e. News media,
   f. Governmental agency,
   g. Of civil claim,
   h. Complaints can be made by members of the public:
      i. In person,
      ii. By telephone,
      iii. By letter,
      iv. Email

B. Informational public brochure: The agency has developed an informational public brochure to inform members of the community how to provide the Department with commendations, agency suggestions, dissatisfaction with the agency, or a complaint alleging employee misconduct. (see attachment) These brochures will be maintained in all police/sheriff's facility lobbies, police/sheriff's informational desks, shift supervisor desks, and jail/booking supervisor desks.

C. Police/sheriff's employee responsibilities: Whenever a police employee becomes aware of a citizen's complaint meeting the above complaint definition or becomes aware of misconduct of another police employee, s/he shall:
   i. Immediately notify an on-duty supervisor and ensure that follow-up to the complaining person will not be delayed
   ii. If a supervisor cannot be made available or the party making the complaint refuses to wait for the supervisor, the employee will gather all available information regarding the complaint and contact numbers

©2007 Legal & Liability Risk Management Institute.
Reprinting of this document is prohibited without license from LLRMI.
http://www.llrmi.com

iii. The employee shall ensure that this information is given to a supervisor at the earliest moment during the employee's duty shift

iv. Failure to follow these acceptance provisions will result in disciplinary action against the involved employee

D. Supervisor's responsibilities: Whenever a supervisor becomes aware of a person requesting to make a complaint or an incident which will likely result in a complaint or administrative investigation, the supervisor shall conduct an immediate preliminary investigation including:

i. Conduct a tape-recorded interview with the complaining person attempting to ascertain each and every allegation of misconduct alleged. The complaining person can refuse to be tape-recorded. In these cases the supervisor shall continue to interview the complainant and note the refusal on the completed Public Service Report. Citizen complaints alleging abuse of official authority or a violation of rules and regulations made against officers who are covered under KRS 15.520 shall be in affidavit form, signed and sworn to by the complainant. Should the citizen refuse to follow this requirement, the agency may still investigate the complaint, but any charge against the officer must be made with independent substantiation. Should the allegations not amount to a complaint consistent with the agency definition of a complaint, the supervisor will advise the party that his/her dissatisfaction will be recorded and forwarded for agency review,

ii. The supervisor accepting the complaint, or if the incident is an occurrence likely to result in a complaint or administrative investigation and no specific complaining person is present, the supervisor shall respond to the scene of the police encounter/incident and:

   (a) Determine the identity of persons involved, witnesses, other police agency's personnel and agency employees,

   (b) Ensure that proper evidence is collected and/or documented.

   (c) Ensure that all reasonable documentation and physical evidence is maintained. This includes police reports, communications/dispatch information, MDT transmissions, medical documentation, and video recording of any portion of the police involvement,

   (d) Ensure that all necessary medical treatment is provided and documentation is preserved,

   (e) Prepare the Public Service Report and obtain a PSR number,

   (f) Notify all persons consistent with the specifics of the incident.

E. The complaint initiation process is not incumbent on cooperation of the complaining person. In the event that the complaining person refuses to cooperate with the investigation or there is no identifiable complainant and the information known to the supervisor satisfies the agency's definition of a complaint, the complainant will be listed as Agency.

F. Classification of complaints: Complaints and administrative investigations will be classified by the agency and assigned specific numbering (employee misconduct, internal, risk management, traffic accident, critical incident and non-complaint). The

©2007 Legal & Liability Risk Management Institute.
Reprinting of this document is prohibited without license from LLRMI.
http://www.llrmi.com

agency will maintain specific investigative and reporting protocols for each classification of complaint.

G. Processing the complaint: It is the responsibility of the IA/OPS unit/person to process the complaint for investigation.
   a. Assign the complaint the appropriate control number
   b. Log the complaint into the record management system
   c. Ensure that the complainant receives a letter notifying that the complaint has been received and will be assigned for investigation
   d. Assign the investigation to the appropriate agency employee for investigation
   e. Assign the investigation a due date for completion within 30 days. Extensions of this due date must be submitted in writing for approval by the person in charge of the IA/OPS process and made part of the final investigative report.

H. Investigative procedures:
   a. The employee assigned to conduct the administrative investigation shall:
      i. Evaluate the allegations contained in the Public Service Report, listen to the tape recording of the complainant, if available, and consult with the person accepting the complaint or learning of the allegation(s)
      ii. Obtain all police reports, communications/dispatch records, MDT transmissions, video recordings, and other police documents
      iii. Determine the specific allegations of the complainant and identify any other possible agency violations, whether alleged by the complainant or not
      iv. Conduct interview normally in the following sequence:
         (a) Complaining person
         (b) Other public witnesses
         (c) Agency witnesses
         (d) Accused employees; officers who are covered under KRS 15.520 shall be given written notice of intended interview regarding allegations and the interview shall not be conducted until 48 hours after this written notice is given to the officer.

I. Disposition:
   a. The investigating person will prepare the investigative report and submit it through the chain of command for adjudication and disposition. The investigator is a fact finder only and is not expected to make findings or recommendations.
   b. The adjudication person will make a recommendation for the disposition findings for each allegation using the following classifications using the burden of proof of a preponderance of the evidence:
      i. Sustained: there was a preponderance of evidence to prove the allegation
      ii. Not Sustained: there was not sufficient evidence to either prove or disprove the allegation

- iii. Exonerated: the actions of the employee were consistent with the law and Department policies, rules, regulations and practice
- iv. Unfounded: the allegation did not occur
- v. Policy and/or training deficiency: the allegation occurred but was the fault of deficiencies in Department policy and/or training and cannot be accountable to the employee involved
- vi. These disposition recommendations shall be forwarded through IA/OPS or the designated person for review and concurrence. The final authority for the disposition is the Chief of Police/Sheriff or his designee. Both IA/OPS and the Chief of Police/Sheriff are responsible to ensure that the investigation and the final recommendation are consistent with the investigation and the practice of the Department.
- vii. When allegations are sustained, the specific charges and processing will be conducted according to the personnel practices of the Department.

J. Role of IA/OPS or the designated person
   a. IA/OPS shall prepare the letter to the complainant following the conclusion of the investigation and the disposition of the complaint advising the person that the matter has been resolved.
   b. IA/OPS is responsible for the quality control of the complaint and administrative investigation process and shall:
      i. Review all final complaint investigations to ensure that they are consistent with the practices of the Department
      ii. Maintain records of the process
      iii. Maintain the completed investigative and adjudication files in a secure, confidential manner
      iv. Conduct an annual audit of the process
      v. Maintain statistical documentation regarding the process and prepare any overall reports consistent with the directions of the Chief of Police/Sheriff
      vi. Alert the Department to any noticeable trends requiring that may require specific supervisory direction, policy review or training evaluation.

K. When criminal allegations involving a member of the agency are identified the chief of police/sheriff and/or internal affairs shall be notified immediately:
   a. Crime within agency jurisdiction: the appropriate criminal investigation unit will investigate the criminal aspect unless the agency elects to have the investigation conducted by an outside entity. The administrative investigation will be conducted by internal affairs/chief/sheriff and is not dependent on the conclusion of the criminal investigation. Normally the initiation of a personnel complaint and the start of the administrative investigation will proceed concurrently with the criminal investigation.
   b. Crime outside agency jurisdiction: Internal Affairs/chief/sheriff will:
      i. Develop and maintain liaison with the involved agency and

ii. Conduct the administrative investigation the same as it would had the incident occurred within this agency's jurisdiction.

©2007 Legal & Liability Risk Management Institute.
Reprinting of this document is prohibited without license from LLRMI.
http://www.llrmi.com