*Electronically Filed*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL ACTION NO. 7:22-cv-00007-REW-EBA

| | |
|---|---|
| **SABRINA ADKINS** | ) |
| **AND** | ) |
| **ESTATE OF JENNIFER HILL** | ) |
| PLAINTIFFS | ) |
| V. | ) |
| **BEN FIELDS, Individually And in his Official capacity as a Deputy Sheriff with the Letcher County Sheriff's Department,** | ) |
| **EASTERN KENTUCKY CORRECTIONAL SERVICES INC.** | ) |
| **AND** | ) |
| **MICKEY STINES, LETCHER COUNTY SHERIFF** | ) |
| DEFENDANTS | ) |

**MOTION TO HOLD SUMMARY JUDGMENT MOTIONS IN ABEYANCE AND TO REOPEN DISCOVERY FOR LIMITED PURPOSES**

On September 19, 2024, Defendant Mickey Stines ("Sheriff Stines"), at all relevant times Letcher County Sheriff, shot and killed Letcher District Judge Kevin Mullins at point blank range in the Judge's chambers. The killing was captured on video footage from a camera installed in the Judge's chambers only after the allegations made by Plaintiffs in this civil action

1

became public. Three days before the shooting, on September 16, 2024, Plaintiffs' counsel, Bethany Baxter, deposed Sheriff Stines in a day-long deposition in this action. In a recent article appearing online, Sheriff Stines's criminal defense attorneys, for the first time, offered a motive for the killing.[1] The statements made publicly by Sheriff Stines's criminal defense attorneys justify reopening discovery in this action for one hundred eighty (180) days for the limited purpose of discovering facts related to events that occurred in the Letcher County Courthouse that are relevant to the allegations made by Plaintiffs in this action. Plaintiffs need to re-depose Sheriff Stines because he was not truthful in his prior deposition in this action. The portion of the article relevant to this motion states as follows:

> "This civil suit had drawn a lot of attention to things that were happening in the courthouse," Bartley said. "And in fact, if you look at it, it was because of this lawsuit – the reason that there had been a camera placed in the judge's chambers, which is highly unusual, highly unusual to have such concern that the administrative office of courts puts a security camera in a judge's chambers."
>
> **Bartley said that Stines was under pressure by his peers not to say too much during the proceedings in the civil lawsuit.**
>
> "I think one of the big things is that my client felt there had been pressure placed on him not to say too much during the deposition, and not to talk about things that happened within the courthouse, particularly in the judge's chambers," he said.
>
> On the day that this [shooting] happened, my client had attempted multiple times to contact his wife and daughter, and he firmly believed that they were in danger," Bartley said. **"He believed that they were in danger because of what he knew to have happened within the courthouse. And there was pressure, and there were threats made to him to sort of keep him in line, to keep them from saying more than these folks wanted him to say**.
>
> See: https://www.msn.com/en-us/news/crime/motive-revealed-in-kentucky-sheriff-s-alleged-killing-of-judge-as-body-language-expert-analyzes-new-video/ar-AA1EeC4S?ocid=BingNewsSerp. (emphasis added)

---

[1] See "Motive Revealed In Kentucky Sheriff's Alleged Killing Of Judge As Body Language Expert Analyzes New Video, " Fox News, Peter D'Abrosca, May 6, 2025. Found at https://www.msn.com/en-us/news/crime/motive-revealed-in-kentucky-sheriff-s-alleged-killing-of-judge-as-body-language-expert-analyzes-new-video/ar-AA1EeC4S?ocid=BingNewsSerp.

For the first time, Plaintiffs are hearing that things were going on in the courthouse, specifically in Judge Mullins's chambers, that could have a direct bearing on this case. Sheriff Stines was not forthcoming in his deposition when asked about these matters. The statements made by Sheriff Stines's criminal defense attorneys to the media now indicate that Sheriff Stines was not truthful in his prior deposition in this action.

Therefore, the Plaintiffs, Sabrina Adkins ("Ms. Adkins") and the Estate of Jennifer Hill ("Ms. Hill") together ("Plaintiffs") by and through counsel, respectfully move this Court to hold a decision on the pending motions for summary judgment, filed by the Defendant Letcher County Sheriff's Office and Defendant Ben Fields, in abeyance for one hundred eighty (180) days. Furthermore, Plaintiffs respectfully move the Court to reopen discovery for a period of one hundred eighty (180) days for the limited purpose of discovering evidence of events that took place in the Letcher County Courthouse, specifically the Sheriff's Office and Judge Kevin Mullins's chambers, that preceded the killing of Judge Mullins in his chambers, and that may be clearly relevant to the allegations made against the Letcher County Sheriff in this action.

Respectfully submitted,

/s/ Joe F. Childers
JOE F. CHILDERS
BETHANY N. BAXTER

CHILDERS & BAXTER, PLLC
The Lexington Building
201 West Short Street
Suite 300
Lexington, Kentucky 40507
Telephone: (859) 253-9824
Facsimile: (859) 259-1909
joe@jchilderslaw.com
bethany@jchilderslaw.com

3

                                        COUNSEL FOR SABRINA ADKINS AND
                                        THE ESTATE OF JENNIFER HILL

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2025, a copy of the foregoing was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order upon all parties in the electronic filing system in this case.

                                          /s/ Joe F. Childers
                                          COUNSEL FOR PLAINTIFF