*Electronically Filed*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL ACTION NO. 7:22-cv-00007-REW-EBA

| | |
|---|---|
| SABRINA ADKINS | ) |
| | ) |
| AND | ) |
| | ) |
| ESTATE OF JENNIFER HILL | ) |
| | ) |
| PLAINTIFFS | ) |
| V. | ) |
| | ) |
| BEN FIELDS, Individually | ) |
| And in his Official capacity as | ) |
| a Deputy Sheriff with the | ) |
| Letcher County Sheriff's Department, | ) |
| | ) |
| EASTERN KENTUCKY CORRECTIONAL | ) |
| SERVICES INC. | ) |
| | ) |
| AND | ) |
| | ) |
| MICKEY STINES, LETCHER COUNTY | ) |
| SHERIFF | ) |
| | ) |
| DEFENDANTS | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT BEN FIELDS'
MOTION FOR SUMMARY JUDGMENT**

Come the Plaintiffs, Sabrina Adkins ("Ms. Adkins") and the Estate of Jennifer Hill ("Ms. Hill") together ("Plaintiffs") by and through counsel and respectfully submit their Response to the Motion for Summary Judgment filed by Defendants Ben Fields ("Deputy Fields"), in his individual capacity.

## INTRODUCTION

There are at least three women who were violated and sexually abused by Deputy Fields between 2019 and 2022, two of whom are plaintiffs in this lawsuit.[1] Deputy Fields' sexual contact with these women was clearly coerced and nonconsensual - these vulnerable women were all participants in the Letcher County Home Incarceration Program ("HIC"), and were at the mercy of Deputy Fields, who controlled this program. After this lawsuit was filed and the matter was investigated by the Attorney General, Deputy Fields pled guilty to third degree rape and third- degree sodomy due to acting as a peace officer serving in his official capacity at the time he raped and sodomized Plaintiff Sabrina Adkins. KRS 510.060(f); KRS 510.090(f).

The claims of both Sabrina Adkins and the Estate of Jennifer Hill are supported by sufficient evidence of record, and Plaintiffs respectfully request that Defendant Fields' Motion for Summary Judgment be denied.

## COUNTER-STATEMENT OF FACTS

Plaintiffs have filed a detailed account of the facts in their Response to the motion of Mickey Stines and Ben Fields in their official capacities for summary judgment, which included citations to deposition testimony and a number of exhibit attachments. See D.E. No. 139. Plaintiffs incorporate by reference this counterstatement of facts as if fully stated herein.

In addition to the facts already of record, Plaintiffs supplement certain facts *infra* as appropriate in response to arguments put forth by Defendant Fields in his individual capacity.

## STANDARD OF REVIEW

The moving party for summary judgment bears the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a

---

[1] Tragically, Ms. Hill died after filing this suit. Her estate has been substituted as a Plaintiff.

genuine issue of material fact. C*hao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy his burden by showing that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating that there is a genuine issue in dispute. *Chao*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324). The Court then must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

## ARGUMENT

### I.  PLAINTIFF JENNIFER HILL'S CLAIMS ARE NOT TIME-BARRED

Jennifer Hill's claims are not time-barred because the abuse she complains of occurred during her home incarceration in 2021, not during any prior periods of home incarceration. As Defendant Fields well knows, he supervised Jennifer Hill on home incarceration from September 2, 2021, to October 20, 2021.[2] During this period of home incarceration, as Mr. Triplett testified by affidavit:

> Sometime during Ms. Hill's period of home incarceration, Affiant became aware that Deputy Fields parked his cruiser behind the home of Affiant and Ms. Hill, told her "if you don't do what I say, I will put you back in jail," and commanded her to perform oral sex on him in his cruiser, which she did. The Affiant further states that Deputy Fields returned several days later and commanded Ms. Hill to submit to sexual intercourse with him under the same threat.[3]

---

[2] See documentation related to the home incarceration of Jennifer Hill, filed at D.E. No. 139-15, Page ID # 1892.
[3] See Affidavit of Chris Triplett, at Paragraph 4, filed at D.E. No. 139-9, Page ID # 1875.

3

The offending conduct occurred during September and October 2021, prompting Mr. Tripplett to report abuse to the Letcher County Sheriff's Office in December 2021, to no avail.[4] Plaintiff Hill's claims are not time-barred and are well within the one year statute of limitations period applicable to § 1983 claims, as well as personal injury claims under Kentucky law. As such, Defendant Fields' Motion should be denied.

## II.     PLAINTIFFS DID NOT CONSENT TO DEPUTY FIELDS' ABUSE

Defendant Fields erroneously claims that Plaintiff Adkins voluntarily consented to the sexual abuse in this case. In straining to draw this false conclusion, Defendant Fields ignores both the facts and controlling law. Defendant Fields' position is absurd and offensive, as the Sixth Circuit made clear in *Hale v. Boyle Cnty.,* 18 F.4th 845 (6th Cir. 2021). Citation to this controlling decision is glaringly absent from the Defendant Fields memorandum.[5]

Recognizing the power disparity between detained persons and law enforcement, the Sixth Circuit applies a rebuttable presumption framework in cases involving sexual conduct between law enforcement and incarcerated persons. Under this framework, a court presumes that "the conduct was not consensual." *See Hale*, 18 F.4th at 854 (quoting *Wood v. Beauclair*, 692 F.3d 1041, 1047 (9th Cir. 2012)). Because the court presumes non-consent, "the defendant must affirmatively show that the incarcerated person consented." *Id.* A defendant shows that the incarcerated person consented by establishing that the conduct "involved no coercive factors." *Id.*

---

[4] *Id*. at Paragraph 5, D.E. No. 139-9, Page ID # 1875.
[5] Instead, Defendant Fields cites to a number of cases which are factually distinct or have been overruled by the Sixth Circuit's more recent decision in *Hale v. Boyle County*. The case law and arguments presented by Defendant Fields in his Memorandum, D.E. No. 152-1, Page ID # 2187-89 is unpersuasive. Genuine issues of material fact foreclose summary judgment as to Counts I and II.

In *Hale*, a female pretrial detainee was transported from the detention center where she was housed to court for hearings by CSO Pennington. *Id.*, at 848. During these transports the inmate, Ms. Hale, and CSO Pennington had oral sex and sexual intercourse on a number of occasions. *Id.*, at 849-51. CSO Pennington purchased cigarettes and snacks for Ms. Hale and told her he would try to help her with her criminal case. *Id*. Ms. Hale, who ultimately gave birth to CSO Pennington's child, even testified that she believed Mr. Pennington was her boyfriend and that she enjoyed their sexual contact. The Sixth Circuit found that Hale presented genuine issues of material fact about whether her encounters with Mr. Pennington were consensual. Specifically, the Court found that the gifts, privileges, and statements made by CSO Pennington regarding assisting Ms. Hale with her criminal case were sufficient evidence of coercion to create genuine issues of material fact. *Id.*, at 854.

There is ample evidence that Deputy Fields coerced Ms. Adkins and Ms. Hill in this instance, and Deputy Fields cannot overcome the rebuttable presumption as established in *Hale*. Deputy Fields was charged with raping and sodomizing Plaintiffs and pled guilty to raping and sodomizing Ms. Adkins. Ms. Adkins testified that she was "really scared" related to her interactions with Defendant Fields, and she felt that flirting with Defendant Fields was "the only way that I thought that I would be okay on house arrest without paying."[6] Ms. Adkins testified that all of the kissing between them was "forcible," and she that she "thought it was something that I had to do."[7] This kissing escalated to oral sex and sexual intercourse, which Ms. Adkins testified to, stating: "He insinuated that I could do . . . things, and I just thought I had to that was my only option at that time."[8] When asked why she did not complain about Defendant Fields'

---

[6] See Adkins Deposition, D.E. No. 134, Page ID # 1063-64.
[7] *Id*. at Page ID # 1068.
[8] *Id*. at Page ID # 1070.

5

actions, she confirmed that she did not because "I was scared."[9] Ms. Adkins had good reason to be fearful, as Defendant Fields went on to swear out a false complaint and had Ms. Adkins arrested for escape on this bogus charge in an effort to save himself. As Defendant Fields recognizes in his memorandum, he always interacted with Plaintiffs wearing his Letcher County Sheriff's Department uniform, driving his Letcher County Sheriff's Department vehicle. The fact that this abuse occurred in the Letcher County District Court Judge's chambers was another show of authority and power. Plaintiffs' drug addiction was exploited by Defendant Fields, rather than constituting evidence that their actions were voluntary or consensual.[10] This abuse was not consensual and voluntary, and there is ample evidence of record upon which a jury could base such a finding. Defendant Fields is not entitled to summary judgment as to Counts I and II on this basis.

### III. DEFENDANT FIELDS IS NOT ENTITLED TO SUMMARY JUDGMENT AS TO PLAINTIFFS' COUNTS I AND II

Defendant Fields argues that Plaintiffs cannot prove that his use of force was objectively unreasonable, and otherwise did not deprive Plaintiffs of a fundamental interest. These arguments fail.

Defendant Fields claims that his abusive conduct did not subjectively offend Ms. Adkins because her involvement was consensual and voluntary. First, and as noted *supra*, genuine issues of material fact foreclose summary judgment on this issue of whether Plaintiffs voluntarily consented to being abused by Defendant Fields.

---

[9] *Id*. at Page ID # 1075.
[10] See Defendant Fields' argument at D.E. 152-1, Page ID # 2188-89, describing Ms. Adkins' drug addiction during this time period, and the financial costs associated with such addiction, as evidence that she consented to abuse by Defendant Fields. This argument is nonsensical, and offensive.

6

In *Kingsley v. Hendrickson*, the U.S. Supreme Court made clear that the Eighth Amendment analytical framework applies to these types of claims for violation of a detained person's constitutional rights. 576 U.S. 389, 391 (2015). "Relevant here, a detained person 'can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.'" *Hale v. Boyle Cnty.*, 18 F.4th 845, 852 (6th Cir. 2021) (quoting *Kingsley*, *supra*, 576 U.S. at 398). Just as in *Hale*, "*Kingsley's* objective test" also applies to Plaintiffs' claims against Defendant Fields. In *Rafferty v. Trumbull County*, 915 F.3d 1087, 1095–96 (6th Cir. 2019), the Sixth Circuit held that "sexual abuse of inmates" is generally "sufficiently serious" to implicate the objective component of an Eighth Amendment claim. The fact that the prison guard there never used physical force against the incarcerated person did not matter. *Hale*, *supra,* 18 F.4th at 853 (quoting *Rafferty*, *supra*, 915 F.3d at 1091–1092, 1096). It does not matter that the incarcerated person was "never explicitly threatened." *Rafferty*, *supra*, 915 F.3d at 1091. As the Sixth Circuit recognized in *Hale*, "[c]onsent is thus the focus." *Hale*, *supra,* 18 F.4th at 853. Plaintiffs did not consent to Defendant Fields' sexual abuse in the case *sub judice*.

Defendant Fields also argues that his actions did not violate any of the fundamental interests protected by the Fourteenth Amendment. See Defendant Fields' Memorandum, D.E. 152-1, Page ID # 2190-91. Not so, as the Sixth Circuit has made clear:

> The magnitude of the liberty deprivation that sexual abuse inflicts upon the victim is an abuse of governmental power of the most fundamental sort; it is an unjustified intrusion that strips the very essence of personhood. If the "right to bodily integrity" means anything, it certainly encompasses the right not to be sexually assaulted under color of law. This conduct is so contrary to fundamental notions of liberty and so lacking of any redeeming social value, that no rational individual could believe that sexual abuse by a state actor is constitutionally permissible under the Due Process Clause.

*Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 506–507 (6th Cir. 1996). Defendant Fields violated Plaintiffs' right to bodily integrity, and summary judgment is not warranted as to Plaintiffs' constitutional claims. Defendant Fields' alternative arguments related to whether his conduct "shocks the conscious" are similarly unavailing for reasons stated *supra*. Genuine issues of material fact foreclose summary judgment as to Count I and II.

### IV.     DEFENDANT FIELDS DOES NOT ENJOY FEDERAL QUALIFIED IMMUNITY OR KENTUCKY QUALIFIED OFFICIAL IMMUNITY

Qualified immunity provides a shield from liability, but only insofar as government officials' "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (internal quotes omitted). Courts apply a two-prong test to determine if a defendant is entitled to qualified immunity: (1) whether the defendant violated the plaintiff's constitutional rights, when the allegations are considered in the light most favorable to the plaintiff; and (2), whether those rights were clearly established at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The plaintiff bears the burden of demonstrating that a defendant is not entitled to qualified immunity, though the Court still construes facts and reasonable inferences in a light most favorable to the non-movant. *See Scott v. Harris*, 550 U.S. 372, 377 (2007). Qualified immunity doctrine recognizes that "reasonable mistakes can be made as to the legal constraints on particular police conduct," and thus it shields "all but the plainly incompetent or those who knowingly violate the law" from suit. *Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008) (internal quotations omitted). Simply put, Defendant Fields knew he was violating the law and was plainly incompetent in this instance. As soon as he realized he was about to get in trouble, he swore out a false complaint and had Ms. Adkins arrested for escape.

This evidences his incompetence and knowing violation of the law. As noted above, viewing the facts in a light most favorable to Plaintiffs, Defendant Fields plainly violated Plaintiffs' constitutional rights by forcing them into nonconsensual sexual abuse in violation of their civil rights. Summary judgment should be denied on this basis.

As for qualified official immunity on the Kentucky state law claims, "when sued in their individual capacities, public officers and employees enjoy only qualified official immunity, which affords protection from damages liability for *good faith* judgment calls made in a legally uncertain environment." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001) (emphasis added) (citation omitted). Official qualified immunity is unavailable to public officers who acted "with the malicious intention to cause a deprivation of constitutional rights or other injury." *Id*. at 523 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982)). Defendant Fields does not enjoy qualified official immunity, because his actions were not taken in good faith. He lied to the court and Eastern Kentucky Correction Services, Inc., and used his official authority as a Letcher County Sheriff's Deputy to sexually abuse at least three women. This was not a good faith judgment call in a legally uncertain environment.

V.     **GENUINE ISSUES OF MATERIAL FACT FORCLOSE SUMMARY JUDGMENT AS TO PLAINTIFFS' STATE LAW CLAIMS**

Defendant Fields presents several unavailing arguments related to Plaintiffs' state law claims, which Plaintiffs will address in turn.

As to Plaintiffs claims of negligence and gross negligence, Defendant Fields asserts that Plaintiff Adkins cannot prove causation because she consented to the rape and sodomy that Defendant Fields pled guilty to in September 2023. Plaintiff Adkins denies that she consented to this abuse, and genuine issues of material fact foreclose summary judgment. As to Plaintiff Hill, the fact that Defendant Fields denies wrongdoing is not dispositive. Based on the testimony of

Chris Triplett and circumstantial evidence of record, a jury could find by a preponderance of evidence that Jennifer Hill was abused by Defendant Fields.

As for punitive damages, there is sufficient evidence to demonstrate that Defendant Fields acted with the reckless disregard for the lives, safety, and property of Plaintiffs. Defendant Fields used his official position as a Letcher County Sheriff's Deputy to sexually exploit vulnerable women on home incarceration. He did so in exchange for removing their ankle monitor devices. When Defendant Fields realized he might be caught, he had Plaintiff Adkins arrested for escape. Defendant Fields has pled guilty to criminal rape, sodomy, and perjury. This is ample evidence of reckless disregard for Plaintiffs' lives and safety, certainly sufficient to overcome summary judgment.

As for Plaintiffs' assault and battery claims, they are not 'dressing up the substance of one claim in the garments of another' as Defendant Fields suggests. *See* Defendant Fields' Motion for Summary Judgment, D.E. 152-1, Page ID# 2196. It is confounding how Defendant Fields can assert that he did not assault or batter Plaintiffs after having pled guilty to rape and sodomy. Defendant Fields again tries to assert that Plaintiff Adkins consented to the abuse, and that his denial of any sexual abuse as to Defendant Hill is dispositive. These issues have been addressed above and Plaintiffs will not burden the Court with duplicative recitation here. Plaintiffs' state law claims are supported by sufficient evidence of record and should not be dismissed.

## **CONCLUSION**

Plaintiffs are entitled to their day in court. As demonstrated herein, summary judgment is not warranted because genuine issues of material fact exist which foreclose summary judgment

in Defendant Fields' favor. Plaintiffs respectfully request that the Court deny Defendant Fields' motion for summary judgment.

Respectfully submitted,

/s/ Bethany N. Baxter
JOE F. CHILDERS
BETHANY N. BAXTER

CHILDERS & BAXTER, PLLC
The Lexington Building
201 West Short Street
Suite 300
Lexington, Kentucky 40507
Telephone: (859) 253-9824
Facsimile: (859) 259-1909
joe@jchilderslaw.com
bethany@jchilderslaw.com


NED PILLERSDORF
PILLSERDORF LAW OFFICES
124 West Court Street
Prestonsburg, Kentucky 41653

COUNSEL FOR SABRINA ADKINS AND
THE ESTATE OF JENNIFER HILL


### CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, a copy of the foregoing was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order upon all parties in the electronic filing system in this case.

/s/ Bethany N. Baxter
COUNSEL FOR PLAINTIFF