UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CASE NO: 7:22-CV-00007-REW

*THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED*

SABRINA ADKINS, and
JENNIFER HILL

                    PLAINTIFFS

V.

BEN FIELDS, Individually
And in his official Capacity as
A Deputy Sheriff with the
Letcher County Sheriff's Department,
MICKEY STINES, Letcher County Sheriff, and
EASTERN KENTUCKY CORRECTIONAL
SERVICES, INC.                                          DEFENDANTS

---

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
---

      Comes the Defendant, Ben Fields, individually, by and through counsel, and for his Reply to plaintiffs' Response to Defendant's Motion for Summary Judgment and states as follows:

      Plaintiffs in their first argument state that Hill's claims are not time barred because the abuse she complains of occurred during her home incarceration in 2021, not during any prior periods of home incarceration. (See DN 159 Pg 3). Plaintiffs cite to Tripplet's affidavit that the offending conduct between Fields and Hill occurred between September and October 2021 leading Tripplett to report the abuse to the Letcher County Sheriff's Office in December 2021, to no avail, and thus her claims are not time barred applicable to §1983 as well as personal injury claims under Kentucky law. (See DN 159 Pg 4).

1

The appropriate statute of limitations in § 1983 actions is the state statute of limitations for personal injury actions under the law of the state in which the action arises. <u>Eidson v. State of Tennessee Department of Children's Services,</u> 510 F.3d 631 (6th Cir. 2007) (citing <u>Kuhnle Bros., Inc. v. County of Geauga</u>, 103 F.3d 516, 519 (6th Cir. 1997)). The statute of limitations for [Section] 1983 claims is the relevant state's statute of limitations for personal-injury torts." <u>Beaver St. Invs., LLC v. Summit Cnty.,</u> 65 F.4th 822, 826 (6th Cir. 2023) (citing <u>Wallace v. Kato</u>, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)). "The 'standard rule' is that the statute of limitations for [Section] 1983 claims begins to run when a 'plaintiff has a complete and present cause of action . . . .'" *Id.* (quoting Wallace, 549 U.S. at 388). Under Kentucky law there is a one-year limitations period for personal injury and malicious prosecution actions. *KRS 413.140(1)(a), (c)*.

KRS 413.140(2)… states that the cause of action shall be deemed to accrue at the time the injury is first discovered or in the exercise of reasonable care should have been discovered. "Thus, in considering a motion for summary judgment under this statute of limitations, the court must consider whether the evidence in the light most favorable to the Plaintiff indicates that he knew or should have known [he] had been injured more than one year prior to filling suit. <u>Bray v. Husted,</u> 11 F. Supp. 3d. 854, 856 (E.D. KY. 2019).

This lawsuit was initiated on or about January 31, 2022, and it is undisputed that in his affidavit, that on or around December 2019 Christopher Tripplett claims to have been made aware of Ben Fields' alleged abuse of Jennifer Hill. (See DN 139, Pg.) Clearly this is more than one year of first discovering the conduct in 2019 and filling suit in 2022, these claims are time barred and should be dismissed.

2

Plaintiffs argue that they did not consent to Deputy Fields' alleged abuse citing to <u>Hale v. Boyle County.,</u> 18 F.4th 845 (6th Cir. 2021). DN. 159 Pg. 4). In *Hale*, the inmate asserted that the court security officer provided privileges and in favors for exchange for sex. *Id* at 1025-1028. However reliance on this case is misguided and was distinguished neighboring Court in <u>Richardson v. Duncan,</u> 117 F.4th 1025, 1028 (8th Cir. 2024). The Court reasoned there, that the inmate (Richardson) failed to state valid 1983 claims, such as an Eighth amendment violation, because at a hearing, Ducan testified that she sometimes did not like the way the sexual activity made her feel, but she went along with it, and Duncan did not force her to participate. *Id.* at 1031. The court further reasoned that no violation occurred. because Richardson did not allege that she communicated her reservations or expressed any reluctance or resistance to Duncan. *Id*. Lastly, the Court stated that while Robinson initiated sexual encounters no coercive action occurred or alleged and thus no violation occurred. *Id.* Here, the evidence supports that it was Adkins who initiated the conduct with suggestive photos and emails/messages.

Furthermore, as stated in Co-Defendant's Reply Brief relating to official capacity <u>Hale</u> is easily distinguishable, as CSO Pennington was engaging in an official act of transporting a female pretrial detainee who was in custody to and from court in a neighboring county. (DN 143, Pgs. 13-14). Here, unlike in like <u>Hale</u>, Plaintiffs were not incarcerated, and was released on home monitoring. Fields was performing his duties not as prison official, but as his duties with Eastern Kentucky Correctional Services. *Id.*

The Sixth Circuit, has held that minor, isolated incidents of sexual touching coupled with offensive sexual remarks also do not rise to the level of an Eighth Amendment violation. *See, e.g.,* <u>Solomon v. Mich. Dep't of Corr.</u>, 478 F. App'x 318, 320-21 (6th Cir. 2012) (finding that two "brief" incidents of physical contact during pat-down searches, including touching and

3

squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); Jackson v. Madery, 158 F. App'x 656, 661 (6th Cir. 2005) (concluding that correctional officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); Johnson v. Ward, No. 99-1596, 2000 U.S. App. LEXIS 11463, 2000 WL 659354, (6th Cir. May 11, 2000) (holding that male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); Berryhill v. Schriro, 137 F.3d 1073, 1075 (8th Cir. 1998) (finding that, where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault).

Despite Plaintiffs claiming that it is absurd and offensive to claim that the conduct between Fields and Adkins was consensual, the evidence suggests otherwise. It has been established through Adkins own testimony that she ***prior*** to being on home incarceration, she first learned in jail, through other female inmates, that in exchange for sexual favors that supervisees would have not have to pay for their house arrest. (Adkins Deposition Pages, 72-75). Adkins subsequently sent Fields explicit sexual messages to wit: "I promise I will have a rape charge" and "damn see I need sex I will go to jail for rape next lmao" and engaging in the sexual encounters. *Id.*

She also agreed that the messages were sexual and flirtatious in nature and further agreed that she voluntarily participated, and was not held down against her will during any sexual encounters. (Adkins Deposition Pages 87-91). Here, a reasonable jury could only conclude that any sexual encounters that occurred, were consensual.

4

Plaintiffs next argue that Fields is not entitled to summary judgment under Counts One & Two of the amended complaint because his conduct offended Adkins and genuine issues of fact foreclose summary judgment on whether Plaintiffs voluntarily consented to Fields. (DN. 159 Pg. 6). In Count One, Plaintiffs allege that Fields' knowing and reckless sexual abuse of the Plaintiffs constituted a violation of Plaintiffs' right to be free from unreasonable search and seizure, secured by the United States Constitution Amendment IV, which is actionable pursuant to 42 U.S.C.§ 1983. While in Count Two of the Amended complaint Plaintiffs allege, they had a fundamental liberty right to personal security and bodily integrity extending specifically the right to be free from sexual abuse.

To support their position Plaintiffs, rely on *Kingsley v. Hendrickson*, 576 U.S. 389, 391 (2015). In *Kingsley*, the court elaborated that The Fourteenth Amendment's Due Process Clause protects a pretrial detainee—as opposed to a convicted prisoner—from the use of excessive force that amounts to punishment. See Kingsley v. Hendrickson, 576 U.S. 389, 397, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015). A pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable to demonstrate that it was excessive in violation of the Fourteenth Amendment's Due Process Clause. See id. "The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'" Coley v. Lucas Cnty., Ohio, 799 F.3d 530, 538-39 (6th Cir. 2015) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 397, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015)).

However, since the Supreme Court's 2015 decision in *Kingsley*, whether a pretrial detainee is required to satisfy the subjective intent element has been a question subject to some

5

debate. In *Kingsley*, the Supreme Court held that excessive force claims brought by pretrial detainees are governed by an objective standard. However, the Supreme Court has yet to expand the holding in *Kingsley* to other claims brought by pretrial detainees, and the Sixth Circuit has continued to apply the subjective deliberate indifference standard to detainees' medical care claims post-*Kingsley*. See Guy v. Metropolitan Gov't of Nashville & Davidson Cty., Tennessee, 687 Fed. Appx. 471, 2017 U.S. App. LEXIS 7490, 2017 WL 1476896 (6th Cir. Apr. 25, 2017); *Morabito v. Holmes*, 628 Fed.App'x 353, 358 (Oct. 7, 2015).

  Here, as to Hill, there has been no evidence that Fields' conduct was unobjectively unreasonable as Fields maintains no sexual encounter occurred between himself and Hill. Furthermore, Billy Adams, the administrator of the Hill estate, offered no direct evidence and could not elaborate as to the allegations raised in the amended complaint. (Adams Deposition Pages, 14, 28-29). As for Adkins as illustrated above, she chose to engage in conduct that was not coerced.

  Plaintiffs next argue that Fields is not entitled to Federal Qualified Immunity because he knew he was violating the law and was incompetent. As for Kentucky law, Plaintiffs argue Fields is not entitled to immunity under Kentucky law because his actions were not taken in good faith. (DN 159 Pgs. 8-9).

  Qualified immunity, which "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). Qualified immunity is a question of law resolved by courts. Everson v. Leis, 556 F.3d 484, 494 (6th Cir. 2009). The qualified immunity question

turns on "(1) whether the officer violated the plaintiff's constitutional rights under the Fourth Amendment; and (2) whether that constitutional right was clearly established at the time of the incident." Est. of Hill ex. Rel. Hill v. Miracle, 853 F.3d 306, 312 (6th Cir. 2017).

If either inquiry is answered in the negative, then qualified immunity protects the officer. Goodwin v. City of Painesville, 781 F.3d 314, 321 (6th Cir. 2015). The plaintiff bears the burden of demonstrating a constitutional violation and a clearly established right at the time of the incident. Hart v. Hillsdale County., 973 F.3d 627, 635 (6th Cir. 2020). Here, despite Adkins' prior knowledge of Fields alleged behavior she still sought to send him explicit sexual photographs and messages in hopes of leniency on fees, was not coerced, not forcefully held down, and engaged in the encounters. As for Hill, there has been no reliable testimony offered by the estate that any sexual encounters occurred with Fields. Thus, Fields is protected under the federal qualified immunity. As for qualified immunity under Kentucky law, Fields actions were not taken in bad faith due to Adkins' consenting and instigating behavior.

Fields' employer EKCS had no policy or procedure manual or rules of conduct relating to his interactions with those he supervised. (Patty Stockham Deposition Page, 40).

Lastly, Plaintiffs argue that issues of material fact preclude summary judgment as to all the state law claims asserted. (DN 159 Pgs. 9-11). Plaintiffs argue that they are entitled to the claims of negligence and gross negligence due to the testimony of Chris Triplett and the circumstantial evidence of record. *Id.* As discussed in Mullins v. Commonwealth Life Ins. Co., 839 S.W.2d 245, 247 (Ky. 1992), to prevail on a negligence claim, the pleading party must prove three elements: 1) duty; 2) breach of that duty; and 3) consequent injury. The term "consequent injury" encompasses two distinct elements—actual injury and legal causation between the breach

and the injury. *Id.* The absence of proof on any one of the required elements is fatal to a negligence claim. M&T Chemicals, Inc. v. Westrick, 525 S.W.2d 740, 741 (Ky. 1974).

Here, the record is insufficient to prove that Fields caused an injury to Adkins, or Hill and as stated above, the absence of any of these elements is fatal to a negligence claim. Specifically, as to the affidavit of Triplett and he first became aware of the Fields alleged behavior in December 2019, yet no action was taken until the lawsuit was filed three years later in December 2022, and as stated in Adams deposition as administrator of the estate had no knowledge or evidence of the allegations raised in the amended complaint by Hill. (Adams Deposition Pages 14, 28-29). As for Adkins as further illustrated above, causation has not been proven as she had notice of Fields' alleged behavior prior to engaging in any sexual encounter and has acknowledged that she engaged in the acts with Fields. (Adkins Deposition Pages, 89-90).

Also See Ten Broeck Dupont, Inc. v. Brooks, 283 S. W.3d 705 (KY. 2009), (holding that that an assault and battery is not negligence, that the former or was intentional and the latter is unintentional with negligence and assault and battery claims are mutually exclusive. *Id.* at 733. "A plaintiff cannot seek to recover by 'dressing up the substance' of one claim, here assault, in the 'garments of another,' here negligence." *Id.* at 708, 733).

Plaintiffs also raise similar arguments for gross negligence and punitive damages while adding that Fields plead guilty to counts of criminal rape, sodomy, and perjury, thus being sufficient for gross negligence and punitive damages. *Id.* Punitive damages may be awarded upon a finding that the plaintiff acted with gross negligence. Phelps v. Louisville Water Co., 103 S.W.3d 46, 51-52 (Ky. 2003). "In order to justify punitive damages there must be first a finding of failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by wanton or reckless disregard for the lives, safety, or property of others." Horton

8

v. Union Light, Heat & Power Co., 690 S.W.2d 382, 389-90 (Ky. 1985). KRS 411.184(2) requires that this reckless or wanton behavior be proven by the elevated standard of "clear and convincing evidence."

Here, all criminal charges related to Hill were dismissed and as such no evidence exists justifying gross negligence or Fields acted with reckless disregard towards her that would also justify an award of punitive damages. In Race v. Chappell, 304 Ky. 788, 202 S.W.2d 626 (1947), the Court held as follows:

> Ordinarily a judgment in a criminal transaction cannot be received in a civil action to establish the truth of the facts on which it was rendered, but where the defendant in the criminal case pleaded guilty, and the record showing such plea is offered in evidence in a civil action against him, growing out of the same offense, the judgment is admitted, not as a judgment establishing a fact, but as a declaration or admission against interest that the fact is so. However, the defendant may testify as to the circumstances under which the plea was made and explain the reasons for such plea. See Watson v. Kentucky & Indiana Bridge & R. Company, 137 Ky. 619, 126 S.W. 146, 129 S.W. 341.

Since Race, however, the doctrine of res judicata has evolved and now includes collateral estoppel. To apply collateral estoppel, which prevents relitigating of a criminal conviction in a later civil action, "the criminal judgment must of necessity finally dispose of the matters in controversy." Gossage v. Roberts, 904 S.W.2d 246, 42 9 Ky. L. Summary 14 (Ky. App. 1995).

Here, as relates to the allegations raised by Adkins evidence of Fields criminal guilty plea cannot be used as evidence of his negligence as the conduct that occurred was between two consenting adults and the conduct was not outrageous due to her engaging in the encounters, sending explicit text messages and photographs, and having prior knowledge of Fields alleged behavior and still engaging in such encounters.

Lastly, Plaintiffs arguments justifying their claims of assault and battery and intentional infliction of emotional distress are much of the same reasoning stated above applies to also

barring state law claims of assault, battery, and intentional infliction of emotional distress. "Where an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie." Rigazio v. Archdiocese of Louisville, 853 S.W.2d 295, 299 (Ky. App. 1993). "This means that IIED is not ordinarily a valid cause of action if the alleged conduct also gives rise to a claim for another tort through which emotional distress damages are available." Dahms v. Correct Care Sols., LLC, No. 3:18-CV-63, 2019 U.S. Dist. LEXIS 173305, at *29 (W.D. Ky. Oct. 7, 2019). Here, any claim of IIED cannot be pursued due to the assault and battery claims, and as illustrated above, the claims of assault and battery must fail due to lack of harmful contact or touching.

## CONCLUSION

Based upon the grounds stated herein and in this defendant's Memorandum in Support of Summary Judgment. (DN 152), plaintiffs' claims should be dismissed.

Respectfully submitted,

Jason E. Williams, Esq.
Williams and Towe Law Group
303 S. Main Street
London, KY 40743
Telephone (606) 877-5291
jason@wftlaw.com
brandy@wftlaw.com


By:    /s/Jason E. Williams
JASON E. WILLIAMS, Esq.
*Counsel for Defendant, Ben Fields, individually.*

/s/Jason E. Williams

10

## CERTIFICATE OF SERVICE:

 I hereby certify that on June 16, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I further certify that I mailed a true and correct copy of the foregoing to:

Jonathan Shaw
PORTER, BANKS, BALDWIN & SHAW, PLLC
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240-1767
jshaw@psbb-law.com

Ned B. Pillersdorf, Esq.
Pillersdorf, DeRossett & Lane
124 West Court Street
Prestonsburg, Kentucky 41653
pillersn@gmail.com

Bethany N. Baxter, Esq.
Childers & Baxter, PLLC
201 West Short Street Suite 300
Lexington, Kentucky 40507
bethany@jchilderslaw.com

Patty Stockham
Eastern Kentucky Corrections Services, Inc.
1319 Siloam Street
South Shore, KY 41175
pd.stockham@gmail.com

                /s/Jason E. Williams
                Jason E. Williams