UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| SABRINA ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:22-CV-7-REW |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BEN FIELDS, *individually and in his official capacity, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Per the status report filed on October 6, 2025, at DE 167, the Court **ORDERS** as follows:

1. No later than **December 19, 2025**, each party shall **file** with the Clerk and provide opposing counsel a copy of the following, each to be **filed** as a separate document:

   a. pursuant to and in compliance with Rule 26(a)(3)(A), a witness list with a brief summary of the expected testimony of each witness.[1] Pursuant to and in compliance with Rule 26(a)(3)(A)(ii), the witness list shall include the designation of those witnesses whose testimony is expected to be presented by deposition with references to the pages and the questions to be presented. If the deposition was not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be attached to the witness list;

   b. pursuant to and in compliance with Rule 26(a)(3)(A)(iii), a list of appropriately identified exhibits intended to be used or potentially used at trial. The exhibit list shall be filed separately and contain a description of each exhibit in sufficient detail to permit

---

[1] The witness list shall include counsel's good faith estimate of the duration (*e.g.*, .5 hours, 1.5 hours) of each witness's direct testimony.

adequate identification thereof and shall include a list of any demonstrative and/or summary exhibits or illustrative aids[2] expected to be used at trial (including any to be used during opening or closing statements). Counsel shall pre-mark all exhibits[3] in accord with Rule 83.10 of the Joint Local Rules for the United States District Courts of the Eastern and Western Districts of Kentucky, with numbers in the order expected to be introduced at trial, and shall provide to opposing counsel copies of all such exhibits, demonstrative and summary exhibits, and/or illustrative aids intended to be used at trial;

   c. a pretrial memorandum containing a succinct statement of the facts of the case, the questions of fact, the questions of law, expected evidentiary objections, a list of all pending motions, the status of settlement negotiations and the likelihood of settlement, and the feasibility of alternative dispute resolution. Comments regarding the feasibility of alternative dispute resolution shall include the views of the parties on the method of resolution (i.e., mediation, arbitration, settlement conference, etc.); and

   d. a copy of the agreed proposed jury instructions on the substantive law of the case, with supporting authorities. The parties shall make every effort, in diligence and good faith, to submit joint and agreed upon jury instructions. If the parties cannot agree on certain instructions, counsel shall still file a joint set of instructions and identify the areas of disagreement with supporting authorities corresponding to their respective positions. **Failure to submit jury instructions within the time provided may result in cancellation of the Final Pretrial Conference and Trial dates or any other remedy appropriate to the filing default.**

---

[2] Any illustrative aid within FED. R. EVID. 107 that counsel intends to use at trial must also be disclosed by the same date and in the same manner as demonstrative and summary exhibits under 1(b). Any illustrative aid must, if practicable, be in a form capable of being captured for the record.

[3] Counsel shall provide an electronic copy of exhibits to the Court no later than three (3) calendar days before the pretrial conference. Exhibits shall be uploaded utilizing U.S. District Judge Robert E. Wier's secure portal located on the public website: Eastern District of Kentucky | United States District Court.

e. At the time of the pretrial conference, counsel shall submit an agreed and neutral statement of the case suitable for reading to the prospective jurors during voir dire. The Court encourages the parties to work together on shared or stipulated exhibits to reduce the trial time devoted to uncontested foundational matters.

f. It is the practice of the undersigned to conduct much of voir dire, incorporating both general as well as case-specific inquiries. In conducting voir dire, the Court utilizes both its own questions and many of the proposed questions submitted by counsel. If a party wishes to submit proposed voir dire questions, counsel shall, by the pretrial, file the questions for consideration by the Court. Unless otherwise indicated, each counsel shall be given approximately 15 minutes for any follow-up questioning. A party intending to conduct independent questioning must, by the pretrial, submit proposed topics or questions to the Court for evaluation.

2. No later than **January 13, 2026**, counsel shall file with the Clerk and provide to opposing counsel a copy of any motions *in limine* and detailed objections to the use of any witness, document, or thing identified pursuant to Rule 26(a)(3), the pretrial filings, or proposed illustrative aid. A party objecting to particular evidence or material must, if salient to the objection, provide the Court with a targeted copy of the evidence or material concerned. Objections not then disclosed, other than objections based on Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the Court for good cause shown. By this date, counsel shall also file any motions for ruling by the Court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the Court is necessary prior to trial. Any objection raised within a deposition that is not specifically raised (by citation to page number and question number) for ruling by the Court shall be deemed summarily overruled. Each party shall

fully respond to motions *in limine* and objections by no later than **January 27, 2026**. The Court does not permit a reply without leave.

    3.    The Court **SCHEDULES** a Final Pretrial Conference in this matter for **February 24, 2026, at 1:30 p.m.** at the United States Courthouse in **London, Kentucky**. The attorneys that will be trying this action shall be present at the pretrial conference, along with all parties.

    4.    At the pretrial conference, counsel for the parties shall be prepared to:

    a.    display to the Court, electronically or otherwise, all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule 83.10 and numbered in the order in which they will be offered at trial (and shall have provided an electronic court copy of all documentary exhibits as stated in previous n.3);

    b.    advise the Court that they have displayed to opposing counsel all exhibits that may be used at trial, including any demonstrative exhibits, summary exhibits, or illustrative aids;

    c.    discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity, as well as discuss and make stipulations of fact or law that would expedite the trial of this action;

    d.    confirm ability to use the court's visual presentation system for any exhibit that will be discussed by a witness or utilized during opening or closing statements; and

    e.    discuss the possibility of settlement.

    5.    The Court **SCHEDULES** the jury trial in this case for **March 3, 2026, at 8:30 a.m.,** at the United States Courthouse in **London, Kentucky**.[4] Counsel of record and all parties

---

[4] The parties should proceed with scheduled briefing in preparation for this trial date. However, should any conflicts persist in the weeks leading up to the scheduled date, the Court will revert to a second setting with a trial date of May 6, 2026, at 8:30 a.m., at the United States Courthouse in London, Kentucky. In the

shall be present by 8:00 a.m. on the morning of trial.

The Court allots no more than **four days** for trial. The Court will discuss concrete expectations regarding the trial length (and possible trial clock) at the pretrial conference, but four days should be adequate, and the parties should plan their cases accordingly.

This the 27th day of October, 2025.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge

---

Court's experience, most civil conflicts resolve, so the primary assigned date will be in place, with a back-up in place if needed.