UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE
CIVIL ACTION NO. 7:22-CV-00007-REW-EBA

SABRINA ADKINS and
JENNIFER HILL                                                                      PLAINTIFFS

-vs-

BEN FIELDS, Individually and in his
Official capacity as a Deputy Sheriff with the
Letcher County Sheriff's Department;
EASTERN KENTUCKY CORRECTIONS
SERVICES INC.; and BILLY JONES,
LETCHER COUNTY SHERIFF                                                 DEFENDANTS

## PRETRIAL MEMORANDUM

Comes now the Defendant LETCHER COUNTY SHERIFF'S OFFICE[1], by and through counsel, and for his pretrial memorandum states as follows:

### STATEMENT OF THE FACTS

To save the Court's time, a full recitation of the facts in this matter is contained in Defendants memorandum in support of summary judgment (R. 136-1) and reply memorandum (R. 143). This case arises from the actions of Ben Fields who served as a court security officer. Defendant Fields, per state law and sheriff's office policies, was allowed to engage in outside employment after his duties with the sheriff's office and administrative office of the court duties were complete. Depending upon when court convened – his workday with the sheriff's office generally concluded at 4:00 p.m. After hours Mr. Fields worked for a home monitoring

---

[1] The Court has previously ruled that the official capacity claims asserted are to be construed as claims against the Letcher County Sheriff's Office (as opposed to official capacity claims against Fields and Jones). R. 165, Opinion p. 24.

1

company (Eastern Kentucky Correctional Services, Inc.).  Plaintiff Adkins was placed by the Court on home monitoring as a condition of her bond for release.  Plaintiff Adkins has testified that she was aware that EKCS was not affiliated with the Letcher County Sheriff's Department and testified that she pursued Defendant Fields after multiple motions in her criminal case were denied and within a few days of being released on bond requiring home monitoring (Page ID#: 1241-1243).  Copies of messaging were attached as Ex. 1 to the pending Motion for Summary Judgement (R. 136-2; R. 143-20).  Defendant Fields admits having a sexual relationship with Plaintiff Adkins wherein they would meet at night at the courthouse in Judge Mullins Chambers.  Reports by Plaintiff Adkins to KSP Detective / OAG investigator Matt Easter were that Defendant Fields, Judge Mullins and other "higher ups" would engage in sexual activities with individuals brough before Judge Mullins in criminal matters.  Adkins stated that she had seen videos of Judge Mullins engaging in these activities.  Defendant Stines was unaware of these allegations involving Defendant Fields until the filing of the lawsuit in this matter and his office receiving a call from a reporter.  Sheriff Stines immediately suspended, and after meeting with the county attorney terminated Defendant Fields employment.  Plaintiff Adkins testified that she was represented by her attorney in the pending civil matter when she began messaging Defendant Fields and during the time that they were engaging in a sexual relationship.  Proof in this matter clearly demonstrates that the "scheme" to avoid payment of her home monitoring fees were her idea and that she initially pursued Defendant Fields with sexually suggestive comments, messaging and photos.  The Letcher County Sheriff's Office is not vicariously liable for an employee's conduct simply because the person is an employee. Liability attaches only if a constitutional violation occurred because of Letcher County Sheriff's Office's policy or custom, including a failure to train or supervise amounting to deliberate indifference and causing the

injury.  Here, it is believed that there was adequate training and supervision for the position held by Defendant Fields (court security officer).

A review of Defendants motion for summary judgment (R. 136) would be beneficial for a more complete understanding of the defenses raised.

## QUESTIONS OF FACT

Expected questions of fact relating to this Defendant are as follows:

1. The extent of plaintiff's damages, in the event liability is established;

2. Whether Fields was acting in his capacity as an employee of Eastern Kentucky Corrections Corporation at the time of sexual contact and improper acts;

3. Whether Plaintiff initiated the sexual relationship with Defendant Fields;

4. Whether Plaintiff consented to sexual contact with Fields;

5. Whether training and supervision were reasonable under the circumstances of tis matter;

6. Whether additional training or supervision would have prevented the alleged constitutional violation;

7. Whether or not the Defendant acted upon advice or reliance upon counsel;

8. Whether or not the actions of the Defendant were reasonable under the circumstances of this matter;

## QUESTIONS OF LAW

1. All issues raised in defendant's respective motions for summary judgment to the extent not previously ruled upon by the Court;

2. Whether Plaintiff was a pretrial detainee;

3. Whether Defendant Fields is entitled to qualified immunity;

4. Whether Fields was acting in his capacity as an employee of Eastern Kentucky Corrections Corporation at the time of sexual contact

5. Whether plaintiff consented to sexual contact with Fields, precluding summary judgment on § 1983 excessive-force claim, and on Field's claim that he was entitled to qualified immunity

6. Whether Defendant Fields acted with wanton and reckless disregard for Plaintiff's pretrial detainee rights, precluding summary judgment on claim for punitive damages

7. Whether consent precluded pretrial detainee's claims against officer for negligence, gross negligence, assault, and battery

8. Whether the Sheriff's office is liable for Field's conduct towards Adkins;

9. Whether the actions complained of by Plaintiff against the Defendant states a claim under either federal law or the Kentucky common Law.

10. Whether there is a legal basis for remaining claims against the Defendant

11. Whether or not Defendant is entitled to Qualified Immunity.

12. Whether or not plaintiff is entitled to punitive damages.

13. Any other questions of law as raised in the motion for summary judgment filed or set forth in any pending motion in this matter.

## EXPECTED EVIDENTIARY OBJECTIONS

Outside of the motion in limine filed along with the pretrial memorandum, this Defendant would object to the introduction of reference to the extent of any of plaintiffs' alleged medical damages without proper expert testimony or diagnosis from a competent witness. Defendants object to the testimony of any layperson to the extent that such testimony could be considered as expert testimony concerning Plaintiff's alleged physical limitations or psychological damages.

4

This Defendant would object to any punitive damage instruction as well as any lay testimony that the Defendant did not have probable cause to arrest the Plaintiff.

### PENDING MOTIONS

A motion for reconsideration has been filed and a motion in limine will be filed for the Court's consideration and ruling.

### STATUS & LIKELIHOOD OF SETTLEMENT NEGOTIATIONS

This matter has been unsuccessfully mediated concerning these Defendants. At mediation Plaintiff resolved claims against Co-Defendant Eastern Kentucky Corrections Services, Inc. Defendant is not opposed to a settlement conference before the magistrate judge if the Plaintiff believes beneficial.

### FEASIBILITY OF ALTERNATIVE DISPUTE RESOLUTION

This defendant is not opposed to a settlement conference before the magistrate judge if the parties believe beneficial.

### OTHER MATTERS / FILINGS

A witness list and exhibit list has been filed separately.

PORTER, BANKS, BALDWIN & SHAW, PLLC
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky  41240-1767
Telephone:    (606) 789-3747
Facsimile:    (606) 789-9862

*/s/ Jonathan C. Shaw*
JONATHAN C. SHAW
jshaw@psbb-law.com
*Counsel for Defendants Ben Fields in his official capacity as Deputy Sheriff with the Letcher County Sheriff's Department and Billy Jones, Letcher County Sheriff*

CERTIFICATE OF SERVICE:

I hereby certify that on December 19, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I further certify that I mailed a true and correct copy of the foregoing to:

Joe F. Childers, Esq.
Childers & Baxter, PLLC
201 West Short Street Suite 300
Lexington, Kentucky 40507
bethany@jchilderslaw.com

Jason E. Williams, Esq.
Williams and Towe Law Group
303 S. Main Street
London, KY 40743
jason@wftlaw.com

                                            */s/ Jonathan C. Shaw*
                                            JONATHAN C. SHAW